UNITED STATES DISTRICT COURTS OFFICE
FOR THE DISTRICT OF MASSACHUSETS

04 - 12481 WGY

CIVIL ACTION NO.:

MAGISTRATE JUDGE *Alexander*

| | |
|---|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ROSALYN HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST, GREGG D. CAPLITZ, RUDY K. MEISELMAN, M.D., and HOPE E. MEISELMAN, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

RECEIPT # 60346
AMOUNT $150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 11/23/04

## **COMPLAINT**

### **Introduction**

This is a civil action for declaratory relief pursuant to 28 U.S.C. §2201, in which the

Plaintiff Indianapolis Life Insurance Company ("ILIC") seeks rescission of and a determination

of its rights and obligations under ILIC Policy Nos. B05020665 and B05020799 (the "Policies"),

attached hereto as Exhibits A and B respectively, both of which insure the "second to die" of Dr.

and Mrs. Meiselman and which were issued to the Financial Resources Network

27235.3

Profit Sharing Plan and Trust ("FRN Plan"). This is also an action for Breach of Contract, Conversion and Unjust Enrichment against Defendant Gregg D. Caplitz ("Caplitz") for his retention of the agency commission in breach of his Agency Contract with Indianapolis Life Insurance Company (the "Agency Contract"), attached hereto as Exhibit C, between the Plaintiff and Caplitz.

## The Parties

1.  Plaintiff, Indianapolis Life Insurance Company ("ILIC"), is an Indiana corporation with a principal place of business in Indianapolis, Indiana.

2.  Defendant, Financial Resources Network Profit Sharing Plan and Trust ("the FRN Plan") is, upon information and belief, an employer-sponsored profit sharing plan for employees of Financial Resources Network, Inc. d/b/a Insight Onsite Financial Solutions ("FRN, Inc."), a registered investment advisor corporation with a business address of 424 Washington Street, Woburn, MA.

3.  Defendant, Rosalyn Herman ("Herman") is upon information and belief an individual residing at 27 Davis Street, Woburn, Massachusetts and was at all relevant times Administrator and Trustee of the FRN Plan. Herman is President, Treasurer, Secretary and Director of FRN, Inc, and upon information and belief, the sole shareholder.

4.  Defendant Gregg Caplitz ("Caplitz") is upon information and belief, an undisclosed principal of FRN, Inc., who exercises control over its operations, including administration of the FRN Plan. Caplitz is also an insurance agent, who acted as the agent in the issuance of the Policies under the Agency Contract.

-2-

27235.3

5.    Defendant, Rudy K. Meiselman, M.D. ("Dr. Meiselman") is an individual residing at 775 Longboat Club Road #603, Longboat Key, Florida and was at all relevant times an employee of FRN, Inc. and a participant in the FRN Plan.

6.    Defendant Hope E. Meiselman ("Mrs. Meiselman") is an individual residing at 775 Longboat Club Road #603, Longboat Key, Florida, and is the spouse of Dr. Meiselman.

### Jurisdiction

7.    Jurisdiction over this matter exists pursuant to 28 U.S.C.A. §1332(a)(1), based upon the diversity of citizenship of all parties and a matter in controversy in excess of the statutory minimum.  The law of Massachusetts shall apply.

8.    Personal jurisdiction over Defendants is based upon the following:

    (a)    The FRN Plan is an employer-sponsored profit sharing plan offered to employees of FRN, Inc., a registered investment advisor corporation with a principal place of business in Massachusetts;

    (b)    Dr. Meiselman was employed by FRN, Inc. and was a participant in the FRN Plan;

    (c)    Mrs. Meiselman was also at relevant times an employee of FRN, Inc.

    (d)    Gregg Caplitz is a resident of Massachusetts and is an insurance agent doing business in the state of Massachusetts.

    (e)    Rosalyn Herman is a resident of Massachusetts.

27235.3

## Statement of Facts

9.      On or about July 30 and July 31, 2003, applications for the Policies were completed by Dr. and Mrs. Meiselman and the FRN Plan; one application pertaining to Dr. Meiselman, is attached hereto as Exhibit D, and one application pertaining to Mrs. Meiselman, is attached hereto as Exhibit E.

10.      The application on the life of Dr. Meiselman is dated July 31, 2003 and is signed both by Dr. Meiselman as the proposed insured and by Herman as Trustee for the FRN Plan.

11.      The application on the life of Mrs. Meiselman is dated July 30, 2003 and is signed both by Mrs. Meiselman as the proposed insured and by Herman as Trustee for the FRN Plan.

12.      Both of the applications for the Policies designate the FRN Plan as the owner and primary beneficiary of the Policies.

13.      The applications provide that the policy will take effect and coverage will begin only "if...the answers and statements in the application(s) and any supplements continue to be complete and true at the time of delivery of the policy." (Page 4 of Exhibits D and E).

14.      After submission of the applications, ILIC required that Dr. and Mrs. Meiselman undergo physical examinations.

15.      On information and belief, after the physical examination and prior to issuing the policies, Dr. Meiselman informed Herman and Caplitz that he did not wish to have the ILIC Policies on his life and his wife's life.

-4-

27235.3

16.    Despite Dr. Meiselman's objection, the FRN Plan continued with the application process for the policies, and paid a premium of $1,025,000.00 on November 18, 2003 for the Policies from Dr. Meiselman's 401(K) account.

17.    Prior to issuing and delivering the policies, ILIC required that an amendment to the application for the Policies on the life of Dr. Meiselman be executed by the proposed insured as a condition of the Policies' effectuation.

18.    On or about November 25, 2003, Herman as Trustee executed and delivered to ILIC the amendment which stated as follows: "I certify that all persons proposed for such insurance are in the same condition as stated in the application; and since the date of the application, no such person has (1) suffered an illness or injury nor consulted a physician or practitioner...." (A true and correct copy of the executed amendment is attached hereto as Exhibit F.)

19.    On information and belief the above statement contained in the amendment to the application was false in that Dr. Meiselman's physical health had changed, and in fact deteriorated, from the date of the initial application, July 31, 2003, and the date of the execution of the amendment to the application, November 25, 2003.

20.    On information and belief Dr. Meiselman had consulted a physician, Dr. Simon, in August of 2003 due to an unexplained weight loss. On September 24, 2003, a CT scan taken of Dr. Meiselman's chest and stomach revealed a right middle lobe pulmonary parenchymal node.

21.    On information and belief, Dr. Meiselman informed Herman and Caplitz about the deterioration in his health prior to Herman's execution of the amendment.

-5-

27235.3

22. The amendment also required that the insured list on the amendment the life insurance policies in force on the lives of Dr. and Mrs. Meiselman at the time the Amendment was executed. The amendment failed to list a $20,000,000 life insurance policy issued by ING.

23. In issuing the policies, ILIC relied upon the statement in the Amendment that there had been no change in Dr. and Mrs. Meiselman's medical condition since the initial application was submitted.

24. In issuing the policies, ILIC relied upon the statement in the Amendment that neither Dr. nor Mrs. Meiselman had consulted a physician since the initial application was submitted.

25. In issuing the policies, ILIC relied upon the representation in the Amendment that there were no other policies on the lives of Dr. and Mrs. Meiselman.

26. Had ILIC known that there had been a deterioration in Dr. Meiselman's health, ILIC would not have issued the subject policies under the terms issued, if it would have issued the policies at all.

27. Had ILIC known that Dr. Meiselman had seen a physician for a medical examination subsequent to the receipt of the initial application, ILIC would not have issued the subject policies under the terms issued, if it would have issued the policies at all.

28. Had ILIC known that there were additional life insurance policies in force on Dr. Meiselman's life, ILIC would not have issued the subject policies under the terms issued, if it would have issued the policies at all.

-6-

29. Caplitz received a commission of $650,297.01 under the Agency Contract with ILIC, and as the agent on the Policies.

30. Each Policy contains a provision captioned "Twenty Day Right To Return This Policy" which states as follows: "If the owner is not satisfied with this policy, it may be returned to our agent within twenty days after receiving it. We will refund any premiums paid and the policy will then be considered as never having been issued."

31. After each Policy was issued and delivered, ILIC was notified by Dr. and Mrs. Meiselman that they wanted the policies rescinded and that they had not authorized the FRN Plan to purchase the Policies.

32. Notwithstanding the above, ILIC was advised by Herman and the FRN Plan that the Plan did not wish to exercise its right to return the Policies within the twenty (20) day period and that it wanted the Policies to remain in force.

33. The Policies contain a provision allowing ILIC to contest the policy based upon statements made in the application for a period of two years from the effective date.

34. On or about June 15, 2004, by wire transfer to the FRN Plan's account, ILIC refunded the full premium remitted by the FRN Plan for the Policies with interest in the amount of $1,042,004.75.

35. To date neither Herman nor the FRN Plan have disputed ILIC's rescission nor have they sought to return the tender of premiums and interest.

-7-

27235.3

36. Upon information and belief, Dr. Meiselman's entire contribution and benefits in the FRN Plan, including ILIC's refunded premium plus interest, have been disbursed to Dr. Meiselman.

37. Therefore, the FRN Plan cannot dispute acceptance of the returned premium, as it disbursed the funds to Dr. Meiselman.

## COUNT I

**Rescission Based on Misrepresentation in the Application**
**v.**
**Financial Resources Network Profit Sharing Plan & Trust,**
**Rosalyn Herman, Trustee of the Financial Resources Network Profit Sharing Plan & Trust,**
**Rudy K. Meiselman, M.D., and Hope E. Meidelman**

38. ILIC repeats the allegations set forth in paragraphs 1 through 37 as if the same were fully set forth herein.

39. Herman, the Trustee, and the FRN Plan made material misrepresentations in the amendments to the applications which increased the risk of loss of ILIC.

40. Had ILIC had been aware of the true facts with respect to Dr. Meiselman's deterioration in health, it would not have issued the Policies under the same terms as issued, if at all.

41. Had ILIC been aware of Dr. Meiselman's undisclosed medical treatment, it would not have issued the Policies under the same terms as issued, if at all.

42. Had ILIC had been aware of the continued existence of the ING Policy, it would not have issued the Policies under the same terms as issued, if it all.

-8-

27235.3

WHEREFORE, Indianapolis asks this Court to declare the Policies rescinded based on material misrepresentations having been made in the applications which increased the risk of loss to Indianapolis.

## COUNT II

**Rescission Due to Mutual Mistake**
**v.**
**Financial Resources Network Profit Sharing Plan & Trust,**
**Rosalyn Herman, Trustee of the Financial Resources Network Profit Sharing Plan & Trust,**
**Rudy K. Meiselman, M.D., and Hope E. Meidelman**

43.    Indianapolis repeats the allegations set forth in paragraphs 1 through 42 as if the same were fully set forth herein.

44.    On information and belief, at the time that the FRN Plan purchased the Policies, both it and ILIC believed that Dr. and Mrs. Meiselman wished to have the Policies purchased by the FRN Plan.

45.    Following the Policies' issuance, Dr. and Mrs. Meiselman have expressly advised Caplitz, Herman, the FRN Plan and ILIC that they never authorized the FRN Plan to purchase the Policies nor wanted the Policies purchased on their lives.

WHEREFORE, ILIC asks this Court to declare the Policies rescinded based on mutual mistake.

## COUNT III

**Breach of Contract**
**v.**
**Gregg D. Caplitz**

46.    ILIC repeats the allegations set forth in paragraphs 1 through 45 as if the same were fully set forth herein.

-9-

27235.3

47.  A valid insurance agent contract entitled "Indianapolis Life Insurance Company Agency Contract" ("the Agency Contract") was entered into between Gregg Caplitz and ILIC on June 11, 1997. (See a true and accurate copy attached hereto as Exhibit C).

48.  The Agency Contract between ILIC and Caplitz sets forth that the "General Agent [Caplitz] shall not deliver or permit delivery of a policy unless the proposed insured at the time of delivery is, to the best of the General Agent's knowledge and belief, in as good a condition of health and insurability as stated in the application…" [See Exhibit "C", Para. 1, Sec. C].

49.  Prior to delivery of the Policies, Caplitz knew and/or believed the true facts with respect to Dr. Meiselman's health condition, medical treatment and/or the continued existence of the ING Policy.

50.  Caplitz delivered the ILIC policies to the insured despite this belief or knowledge.

51.  In so doing, Caplitz breached the Agency Contract.

52.  The Agency Contract further provides that the "General Agent will repay to the Company all compensation received on any premium refunded." [See Exhibit "C", Para. II. Sec. A, part 3].

53.  Caplitz received a commission of $650,297.01 on the Policies.

54.  ILIC refunded to the FRN Plan the total premium plus interest.

55.  Despite ILIC's demand that he do so, Caplitz has failed and refused to refund his commission.

27235.3

56.     Caplitz's failure to refund the commission to ILIC also constitutes a breach of the Agency Contract.

57.     As a result of Caplitz's breach of the Agency Contract, ILIC suffered damages.

WHEREFORE, ILIC asks this Court to award the Plaintiff damages in the amount of $650,297.01, together with interests and costs, and any such further relied that the this Court deems appropriate.

### COUNT IV

#### Conversion
#### v.
#### Gregg D. Caplitz

58.     ILIC repeats the allegations set forth in paragraphs 1 through 57 as if the same were fully set forth herein.

59.     ILIC has a right to the return of Caplitz's commission earned on the Policies in the amount of $650,297.01 plus interest.

60.     Caplitz has not returned the commission he received from ILIC.

61.     Caplitz's wrongful retention of the commission constitutes conversion.

62.     As a result of Caplitz's retention of the commission amount, ILIC has suffered damages.

WHEREFORE, ILIC asks this Court to award the Plaintiff damages in the amount of $650,297.01, together with interests and costs, and any such further relied that the this Court deems appropriate.

27235.3

## COUNT V

### Unjust Enrichment
### v.
### Gregg D. Caplitz

63.     ILIC repeats the allegations set forth in paragraphs 1 through 62 as if the same were fully set forth herein.

64.     ILIC conferred a benefit upon Caplitz by awarding him $650,297.01 in commission for the Policies.

65.     Caplitz knowingly retained the benefit of that sum.

66.     Caplitz's retention of the commission on the Policies is inequitable and unjust.

WHEREFORE, ILIC asks this Court to award the Plaintiff damages in the amount of $650,297.01, together with interests and costs, and any such further relied that the this Court deems appropriate.

The Plaintiff demands a jury trial on all such triable issues.

Dated: 11/23/04

INDIANAPOLIS LIFE INSURANCE COMPANY
By its attorneys,

William T. Bogaert, BBO#546321
Kathleen M. Colbert, BBO#561174
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

-12-

27235.3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.    Title of case (name of first party on each side only)    Indianapolis Life Insurance Company v. Rosalyn Herman, Trustee, Financial Resources Network, Inc. Profit Sharing Plan and Trust, et al.

2.    Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    [ ]    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ]    II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    [x]    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    [ ]    IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    [ ]    V.    150, 152, 153.

3.    Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    Meiselman v. Financial Resources Network, Inc., et al., No. 1:04-CV-12304-WGY

4.    Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES [ ]    NO [x]

5.    Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

    YES [ ]    NO [x]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES [ ]    NO [x]

6.    Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES [ ]    NO [x]

7.    Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES [x]    NO [ ]

    A.    If yes, in which division do all of the non-governmental parties reside?

    Eastern Division [x]    Central Division [ ]    Western Division [ ]

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

    Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8.    If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    William T. Bogaert
                    Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
ADDRESS    155 Federal St., Boston, MA 02110

TELEPHONE NO.    (617) 422-5300

(Coversheetlocal.wpd - 10/17/02)

℀JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Indianapolis Life Insurance Company

**DEFENDANTS** Rosalyn Herman, Trustee, Financial Resources Network, Inc. Profit Sharing Plan and Trust, Financial Resources Network, Inc. Profit Sharing Plan and Trust, Gregg D. Caplitz, Rudy K. Meiselman, M.D. and Hope E. Meiselman

**(b)** County of Residence of First Listed Plaintiff  Indianapolis, Indiana
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

William T. Bogaert
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
155 Federal St., Boston, MA  02110   (617) 422-5300

Attorneys (If Known)

## II. BASIS OF JURISDICTION     (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT     (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405 (g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | or Defendant) | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS – Third Party | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN     (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §2201.  Plaintiff seeks declaration of rescission of life insurance policies and return of agent's commission based on material misrepresentations in application.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 650,297.01

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE  William G. Young     DOCKET NUMBER  1:04-CV-12304

DATE  Nov. 23, 2004

SIGNATURE OF ATTORNEY OF RECORD
William T. Bogaert

### FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____