UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04-12481WGY

| |
|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY, <br><br> Plaintiffs <br><br> v. <br><br> ROSALYN HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST, GREGG D. CAPLITZ, RUDY K. MEISELMAN, M.D. and HOPE E. MEISELMAN, <br><br> Defendants |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR REAL ESTATE ATTACHMENT**

Plaintiff, Indianapolis Life Insurance Company ("ILIC") moves this Court pursuant to Fed. R. Civ. P. 64 and M.G.L. c. 233, § 42 for the approval of a real estate attachment, in the amount of $650,297.01, of all right, title and interest, legal or equitable, of the Defendant, Gregg D. Caplitz ("Caplitz"), in real estate located at 120 Beacon Street, Chelsea, Massachusetts, or any other real estate located in the Commonwealth of Massachusetts.

I.  FACTS

ILIC filed the above captioned civil action for declaratory relief pursuant to 28 U.S.C. §2201, seeking rescission of and a determination of its rights and obligations under ILIC Policy Nos. B05020665 and B05020799 (the "Policies", attached hereto as Exhibit "A" and "B"), both of which insure the "second to die" of Dr. and Mrs. Meiselman and which were issued to the Financial Resources Network Profit Sharing Plan and Trust ("FRN Plan"). The suit is also for

32666.1

Breach of Contract, Conversion and Unjust Enrichment against Defendant Caplitz for his retention of the agency commission in breach of his Agency Contract with ILIC (the "Agency Contract"), attached hereto as Exhibit C, between the Plaintiff and Caplitz.

Dr. Meiselman was employed by FRN, Inc. and was a participant in the FRN Plan, an employer-sponsored profit sharing plan offered to employees of FRN, Inc., a registered investment advisor corporation with a principal place of business in Massachusetts. The FRN Plan purchased life insurance policies from ILIC on the lives of Dr. and Mrs. Meiselman. However, after completing the initial application, Dr. and Mrs. Meiselman informed the FRN Plan, the Trustee of the Plan, Rosalyn Herman ("Herman") and Caplitz that they did not wish to have the policies on their lives. Despite this, Herman executed the amendments to the applications for the Meiselmans' policies. In so doing, Herman made material misrepresentations, including a statement that Dr. Meiselman had not consulted a physician nor experienced a change in his health, which Herman knew to be false. The amendment also failed to list a $20,000,000 life insurance policy on Dr. Meiselman's life issued by ING. ILIC issued the life insurance policies on the Meiselmans' life in reliance on the representations made in the amendment to the application. Had ILIC known about the ING policy and the misrepresentations regarding Dr. Meiselman's health, ILIC would not have issued the subject policies. Accordingly, ILIC advised the FRN Plan, Herman and Caplitz that it was rescinding the policies based on the misrepresentations. ILIC refunded the full premium with interest, $1,042,004.75, by wiring the funds into the FRN Plan's account on June 15, 2004. Upon information and belief, all of Dr. Meiselman's holdings in the FRN Plan, including the premium amount, were returned to Dr. Meiselman by the FRN Plan as a result of a settlement in a related civil action, entitled *Meiselman v. Financial Resources Network, Inc., et al.*, 1:04-CV-12304.

32666.1

Caplitz had received a commission of $650,297.01 under an Agency Contract with ILIC, and as the agent who sold the policies. Upon rescission, ILIC demanded that Caplitz return the commission on the refunded premium pursuant to the express terms of Caplitz's Agency Contract with ILIC. Caplitz has failed to and refuses to refund his commission on the rescinded policies. As a result of Caplitz's refusal, ILIC filed this action and now seeks an attachment of Caplitz's real estate to secure judgment in this matter.

## II.   ARGUMENT

As grounds in support of its Motion for Approval of Real Estate Attachment, the Plaintiff states that there is a reasonable likelihood that it will recover judgment, including interest, attorney's fees and costs in an amount greater than the amount requested, $650,297.01. Plaintiff does not believe that Caplitz has any liability insurance available to him which would respond to this claim. Moreover, as demonstrated by the facts as set forth above, it is reasonably likely that the Plaintiff will prevail on its claim. The Plaintiff and the Defendant had a valid and enforceable contract which Defendant breached in failing to return the commission on the rescinded life insurance policies. As a result thereof, the Plaintiff has been damaged in the amount of at least $650,297.01. Thus, it is reasonably likely that the Plaintiff will be successful in its claim to recover an amount greater than $650,297.01. The Plaintiff knows of no insurance available to the Defendant that would satisfy a potential judgment against him.

As further grounds for its Motion, Plaintiff relies on the accompanying Affidavit of William T. Bogaert, Esq. and its Complaint.

**WHEREFORE**, the Plaintiff, Indianapolis Life Insurance Company, requests that this Honorable Court grant its Motion for attachment of Defendant Gregg D. Caplitz's real estate in the amount of $650,297.01.

32666.1

- 4 -

Plaintiff, Indianapolis Life
Insurance Company
By its attorneys,

_____
William T. Bogaert, BBO #546321
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5400

## CERTIFICATE OF SERVICE

I, William T. Bogaert, hereby certify that on 6th, January 2005 I served a copy of the foregoing upon all parties by forwarding a copy of same by first class mail to:

Charles P. Kazarian
Law Office of Charles P. Kazarian, P.C.
77 North Washington Street
Boston, MA 02114

Wayne R. Murphy
Murphy & Flaherty
43 Bowdoin Street
Boston, MA 02114

_____
William T. Bogaert

32666.1