UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04-12481WGY

| |
|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY, <br><br>Plaintiffs<br><br>v.<br><br>ROSALYN HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST, GREGG D. CAPLITZ, RUDY K. MEISELMAN, M.D. and HOPE E. MEISELMAN,<br><br>Defendants |

## AFFIDAVIT OF WILLIAM T. BOGAERT, ESQ.

I, William T. Bogaert, Esq., upon my own knowledge, information or belief hereby depose and say:

1. I am a member in good standing of the Bar of the Commonwealth of Massachusetts, a partner in law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP and counsel of record for the plaintiff, Indianapolis Life Insurance Company ("ILIC"), in the above captioned matter.

2. On November 23, 2004, I filed on behalf of ILIC the above captioned civil action for declaratory relief pursuant to 28 U.S.C. §2201, seeking rescission of and a determination of its rights and obligations under ILIC Policy Nos. B05020665 and B05020799 (the "Policies", attached hereto as Exhibit "A" and "B"), both of which

33176.1

insure the "second to die" of Dr. and Mrs. Meiselman and which were issued to the Financial Resources Network Profit Sharing Plan and Trust ("FRN Plan").

3. The suit is also for Breach of Contract, Conversion and Unjust Enrichment against Defendant Gregg D. Caplitz ("Caplitz") for his retention of the agency commission in breach of his Agency Contract with ILIC (the "Agency Contract"), attached hereto as Exhibit C, between the Plaintiff and Caplitz.

4. Dr. Meiselman was employed by FRN, Inc. and was a participant in the FRN Plan, an employer-sponsored profit sharing plan offered to employees of FRN, Inc., a registered investment advisor corporation with a principal place of business in Massachusetts. The FRN Plan purchased life insurance policies from ILIC on the lives of Dr. and Mrs. Meiselman. However, after completing the initial application, Dr. and Mrs. Meiselman informed the FRN Plan, the Trustee of the Plan, Rosalyn Herman ("Herman") and Caplitz that they did not wish to have the policies on their lives. Despite this, Herman executed the amendments to the applications for the Meiselmans' policies.

5. It is ILIC's position that, in so doing, Herman made material misrepresentations, including a statement that Dr. Meiselman had not consulted a physician nor experienced a change in his health, which Herman knew to be false. The amendment also failed to list a $20,000,000 life insurance policy on Dr. Meiselman's life issued by ING. ILIC issued the life insurance policies on the Meiselmans' life in reliance on the representations made in the amendment to the application.

33176.1

6. ILIC advised the FRN Plan, Herman and Caplitz that it was rescinding the policies based on the misrepresentations. ILIC refunded the full premium with interest, $1,042,004.75, by wiring the funds into the FRN Plan's account on June 15, 2004.

7. Upon information and belief, all of Dr. Meiselman's holdings in the FRN Plan, including the premium amount, was returned to Dr. Meiselman by the FRN Plan as a result of a settlement agreement in a related civil action, entitled *Meiselman v. Financial Resources Network, Inc., et al.*, 1:04-CV-12304.

8. Caplitz received a commission of $650,297.01 under an Agency Contract with ILIC, and as the agent on the policies. Upon rescission, ILIC demanded that Caplitz return the commission on the refunded premium pursuant to the express terms of the Agency Contract. Caplitz has failed to and refuses to refund his commission on the rescinded policies.

9. As a result of Caplitz's refusal, ILIC filed this action and now seeks an attachment of Caplitz's real estate to secure judgment in this matter.

10. Given the facts of the matter, there is a reasonable likelihood that the plaintiff will recover judgment including interests and costs in an amount greater than $650,297.01, the amount of Caplitz's commission and the attachment now sought.

11. Upon information and belief, the Defendant, Gregg D. Caplitz ("Caplitz") does not have any liability insurance available to satisfy judgment in this matter.

Signed under the pains and penalties of perjury this 6th day of January, 2005.

William T. Bogaert, Esq.

33176.1