UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY<br><br>　　　　　　Plaintiff<br><br>v.<br><br>ROSALIND HERMAN, TRUSTEE,<br>FINANCIAL RESOURCES NETWORK, INC.,<br>PROFIT SHARING PLAN AND TRUST,<br>FINANCIAL RESOURCES NETWORK INC.<br>PROFIT SHARING PLAN AND TRUST,<br>GREGG D. CAPLITZ,<br>RUDY K. MEISELMAN, M.D. and<br>HOPE E. MEISELMAN<br><br>　　　　　　Defendants | Case No. 04-12481WGY |

### ANSWER AND COUNTERCLAIM OF ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC. AND GREGG D. CAPLITZ

NOW COME the defendants/plaintiffs in counterclaim, Rosalind Herman, Trustee, Financial Resources Network, Inc. Profit Sharing Plan and Trust, Financial Resources Network, Inc. Profit Sharing Plan and Trust and Gregg D. Caplitz (hereinafter "Defendants/Plaintiffs in counterclaim") and hereby answers the Complaint (hereinafter "Complaint") of the plaintiff Indianapolis Life Insurance Company (hereinafter "Indianapolis Life") as follows:

### Introduction

No answer is required by the Federal Rules of Civil Procedure. To the extent an

answer is required the Defendants/Plaintiffs in counterclaim hereby incorporate by reference its answer to the Complaint contained herein.

## The Parties

1. Admitted;

2. Admitted;

3. Defendants/Plaintiffs in counterclaim admit that Rosalind Herman is an individual with an address of 27 Davis Road, Woburn, MA but deny the remaining allegations contained in paragraph 3 of the Complaint;

4. Defendants/Plaintiffs in counterclaim admit that Caplitz is an insurance agent who acted as the agent in the issuance of the policies at issue in this matter but deny the remaining allegations contained in paragraph 4 of the Complaint;

5. Admitted;

6. Admitted;

7. Defendants/Plaintiffs in counterclaim admit that 28 U.S.C.A. sec.1332(a)(1) confers jurisdiction over such claims but denies the remaining allegations contained in Paragraph 7 of the Complaint;

8. No answer is required. To the extent an answer is required Defendants/Plaintiffs in counterclaim state that the Agency Contract between Indianapolis Life and Gregg D. Caplitz mandates that the Courts of Marion County, Indiana serve as the forum for any legal proceedings arising under this Contract [See Exhibit "C" section III K of Complaint]. All other averments in Paragraph 8 are denied;

9. Admitted;

10. Admitted;

11. Admitted;

12. Admitted;

13. No answer is required as the document referenced in Paragraph 13 of the Complaint speaks for itself;

14. Denied;

15. Denied;

16. Denied;

17. Denied;

18. Admitted;

19. Denied;

20. Denied;

21. Denied;

22. Denied;

23. Denied;

24. Denied;

25. Denied;

26. Denied;

27. Denied;

28. Denied;

29. Admitted;

30. Admitted;

31. Denied;

32. Defendants/Plaintiffs in counterclaim admit that Indianapolis Life was advised that they did not wish to exercise its right to return the policies and that they wanted the policies to remain in effect, all other allegations contained in Paragraph 32 of the Complaint are hereby denied;

33. Admitted;

34. Admitted;

35. Denied;

36. Denied;

37. Denied;

## COUNT I

38. No Answer is required. To the extent an Answer is required the Defendants/Plaintiffs in counterclaim hereby incorporate by reference its Answers to Paragraphs 1 through 37 as if the same were fully set forth herein;

39. Denied;

40. Denied;

41. Denied;

42. Denied;

## COUNT II

43. No Answer is required. To the extent an Answer is required the Defendants/Plaintiffs in counterclaim hereby incorporate by reference its Answers to Paragraphs 1 through 42 as if the same were fully set forth

herein;

44. Admitted;

45. Denied;

### COUNT III

46. No Answer is required. To the extent an Answer is required the Defendants/Plaintiffs in counterclaim hereby incorporate by reference its Answers to Paragraphs 1 through 45 as if the same were fully set forth herein;

47. Denied;

48. No Answer is required as the document, the purported Agency Contract, speaks for itself;

49. Denied;

50. Denied;

51. Denied;

52. No Answer is required as the document, the purported Agency Contract, speaks for itself;

53. Admitted;

54. Admitted;

55. Denied;

56. Denied;

57. Denied;

### COUNT IV

58. No Answer is required. To the extent an Answer is required the



Defendants/Plaintiffs in counterclaim hereby incorporate by reference its Answers to Paragraphs 1 through 57 as if the same were fully set forth herein;

59. Denied;

60. Admitted;

61. Denied;

62. Denied;

## COUNT V

63. No Answer is required. To the extent an Answer is required the Defendants/Plaintiffs in counterclaim hereby incorporate by reference its Answers to Paragraphs 1 through 62 as if the same were fully set forth herein;

64. Denied;

65. Denied;

66. Denied

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted and therefore, pursuant to F.R.Civ.P. 12(b)(6), must be dismissed.

### **Second Affirmative Defense**

The Complaint must be dismissed for improper venue, pursuant to F.R.Civ. P. 12(b)(3).

### Third Affirmative Defense

The Complaint's allegations are barred by the Statute of Frauds.

### Fourth Affirmative Defense

The Complaint's allegations are barred based on the theories of estoppel and/or waiver.

### Fifth Affirmative Defense

The Complaint's allegations are barred based on the theories of res judicata.

### Sixth Affirmative Defense

Pursuant to F.R. Civ. P. 9(b), the Complaint stands to be dismissed.

### Seventh Affirmative Defense

Any damages sustained by Indianapolis Life were caused by persons/entities other than the Defendants/Plaintiffs in Counterclaim.

### Eighth Affirmative Defense

The Complaint's allegations are barred based upon the principles of waiver.

### Ninth Affirmative Defense

The Complaint's allegations are barred based upon the principle of unclean hands.

### Tenth Affirmative Defense

The Complaint's allegations are barred by the applicable statute of limitations.

**DEFENDANTS/PLAINTIFFS IN COUNTERCLAIM DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

## COUNTERCLAIMS

### The Parties

1. Gregg D. Caplitz, ("hereinafter Caplitz") the plaintiff-in-counterclaim, is an individual currently residing in Chelsea, Suffolk County, Massachusetts. Caplitz is a self-employed independent contractor who, at all times relevant to this Counterclaim, served as a Senior Design Consultant to Financial Resources Network, Inc.

2. Financial Resources Network, Inc., ("hereinafter FRN") the plaintiff-in-counterclaim, is a Massachusetts corporation with a principle place of business located at 424 Washington Street Woburn, Middlesex County, Massachusetts. At all relevant times it maintained an employer-sponsored profit sharing plan known as Financial Resources Network Profit Sharing Plan and Trust ("hereinafter The Plan"). At all relevant times Rosalind Herman, as Clerk of FRN was the administrator of the profit sharing plan and Ms. Rosalind Herman served as the plan trustee ("hereinafter Trustee");

3. Indianapolis Life Insurance Company, the defendant-in-counterclaim is an Indianapolis Corporation with a principle place of business in Indianapolis, Indiana;

### Statement of Facts

4. Indianapolis Life is engaged in business and/or commerce as defined by M.G.L. c.93A;

5. At all times relevant, Gregg Caplitz was engaged in the business and/or

commerce as defined by M.G.L. c.93A;

6. In March, 2002, Rudy K. Meiselman, M.D. became employed as an analyst with FRN and elected to participate in The Plan.

7. Some time on or before November 25, 2003 The Plan Trustee, in accordance with her fiduciary duties, purchased Indianapolis Life policies numbered B05020799 and B05020665. The policies insured the second to die of Rudy K. Meiselman, M.D. and his wife Hope Meiselman;

8. Rudy and Hope Meiselman agreed with and participated in the insurance application process including; signing forms and applications, completing a consumer interview with Indianapolis Life confirming the application's information. They also provided medical history, including the authorized release to Indianapolis Life of private physician medical records and submitted to physical examinations. The policies were applied for and issued with the complete knowledge and approval of the Meiselmans;

9. At all relevant times to this Complaint, and since the filing of said complaint through the present day, Caplitz served as an agent of Indianapolis Life. The terms and conditions of said relationship were memorialized in a so-called "Agency Contract". As such he assisted the Meiselmans and The Plan with the implementation of the policies;

10. Said policies were put into force by Indianapolis Life on or about November 25, 2003;

11. At all relevant times, from application to issuance, The Plan was the policy owner and the Meiselmans were the insureds;

12. Said policies were so-called "second to die" policies and were underwritten on a joint life expectancy;

13. Sometime after the placement of the polices, the Meiselmans began a concerted series of actions designed to harm FRN, Rosalind Herman and Caplitz, attempting to directly interfere with The Plan Trustee's fiduciary duties;

14. The Meiselmans complained to Indianapolis Life falsely claming that he never wanted the insurance placement;

15. In early fall, 2003 Rudy Meiselman, M.D. approached The Plan Trustee and requested that certain Plan funds be transferred to Price Asset Management. Despite repeated, fruitless requests from The Plan Trustee for basic information from Price Asset Management, Meiselman insisted by written release that said funds be released;

16. The Plan Trustee relented and released certain Plan funds. However, Meiselman misrepresented the amount of the transfer, misleading The Plan Trustee that the transfer was fifty percent of its actual value;

17. The Plan Trustee, continuing the performance of her fiduciary duties under The Plan, insisted on some basic due diligence information from Price Asset Management. Said information was not forthcoming and, as a result, The Plan Trustee demanded return of the funds. These actions by The Plan Trustee upset the Meiselmans;

18. As a result of the Meiselmans' complaints, Indianapolis Life illegally rescinded the two life insurance policies. This was done despite the fact

that The Plan allowed for such insurance placements, and the placements were made with the full knowledge and consent of the Meiselmans; Further, the Meiselmans had no legal authority to request rescission of the policies. The Meiselmans were named insureds, neither was a policy owner and therefore had no contractual right to force rescission;

19. The Policies in question mandated that during the lifetime of the survivor, all rights and privileges could only be exercised by the Policy Owner;

20. Indianapolis Life knew all of this when it made the unilateral decision to rescind the policies;

## COUNT I Financial Resources Network, Inc. v. Indianapolis Life

### *Breach of Contract*

21. FRN repeats the allegations set forth in paragraphs 1 through 17 as if fully set forth herein;

22. The actions of Indianapolis Life constituted a breach of their contractual obligations;

23. As a direct and proximate result of Indianapolis Life's actions, FRN has suffered losses and sustained damages to be proven at trial;

WHEREFFORE, the defendants/plaintiffs in counterclaim respectfully pray this Honorable Court grant them the following relief:

(a) Order the reinstatement of the policies in question;

(b) Award damages, together with interest and costs in an amount to be determined;

(c) Any such further relief this Court deems appropriate

## COUNT II Gregg Caplitz v. Indianapolis Life

### *Breach of Contract*

24. Caplitz repeats the allegations set forth in paragraphs 1 through 17 as if fully set forth herein;

25. The actions of Indianapolis Life constituted a breach of their contractual obligations to Caplitz ;

26. As a direct and proximate result of Indianapolis Life's actions, Caplitz has suffered losses and sustained damages to be proven at trial;

WHEREFFORE, the defendants/plaintiffs in counterclaim respectfully pray this Honorable Court grant them the following relief:

(a) Order the reinstatement of the policies in question;

(b) Award damages, together with interest and costs in an amount to be determined;

(c) Any such further relief this Court deems appropriate

## COUNT III FRN v. Indianapolis Life

### *Intentional Interference with Fiduciary Duty*

27. FRN repeats the allegations set forth in paragraphs 1 through 20 as if fully set forth herein;

28. The intentional actions of Indianapolis Life interfered with The Plan Trustee's ability to carry out her fiduciary duties under The Plan;

29.   As a direct and proximate result of Indianapolis Life's actions, FRN has suffered losses and sustained damages to be proven at trial;

WHEREFFORE, the defendants/plaintiffs in counterclaim respectfully pray this Honorable Court grant them the following relief:

WHEREFFORE, the defendants/plaintiffs in counterclaim respectfully pray this Honorable Court grant them the following relief:

(a) Order the reinstatement of the policies in question;

(b) Award damages, together with interest and costs in an amount to be determined;

(c) Any such further relief this Court deems appropriate

## COUNT IV FRN v. Indianapolis Life

### *Negligent Interference with Fiduciary Duty*

30.   FRN repeats the allegations set forth in paragraphs 1 through 23 as if fully set forth herein;

31.   The negligent actions of Indianapolis Life interfered with The Plan Trustee's ability to carry out her fiduciary duties under The Plan;

32.   As a direct and proximate result of Indianapolis Life's actions, FRN has suffered losses and sustained damages to be proven at trial;

WHEREFFORE, the defendants/plaintiffs in counterclaim respectfully pray this Honorable Court grant them the following relief:

(a) Order the reinstatement of the policies in question;

(b) Award damages, together with interest and costs in an amount to be determined;

(c) Any such further relief this Court deems appropriate

## COUNT V FRN v. Indianapolis Life

### *Conspiracy*

33. FRN repeats the allegations set forth in paragraphs 1 through 26 as if fully set forth herein;

34. Indianapolis Life conspired with other persons, known and unknown to FRN, to interfere with The Plan Trustee's fulfillment of her fiduciary duties;

35. As a direct and proximate result of Indianapolis Life's actions, FRN has suffered losses and sustained damages to be proven at trial;

WHEREFFORE, the defendants/plaintiffs in counterclaim respectfully pray this Honorable Court grant them the following relief:

(a) Order the reinstatement of the policies in question;

(b) Award damages, together with interest and costs in an amount to be determined;

(c) Any such further relief this Court deems appropriate

## COUNT VI Caplitz v. Indianapolis Life

### *Conspiracy*

36. Caplitz repeats the allegations set forth in paragraphs 1 through 29 as if fully set forth herein;

37. Indianapolis Life conspired with other persons, known and unknown to

Caplitz, to interfere with his business relations under the contractual terms between he and Indianapolis Life;

38. As a direct and proximate result of Indianapolis Life's actions, Caplitz has suffered losses and sustained damages to be proven at trial;

WHEREFFORE, the defendants/plaintiffs in counterclaim respectfully pray this Honorable Court grant them the following relief:

    (a) Order the reinstatement of the policies in question;

    (b) Award damages, together with interest and costs in an amount to be determined;

    (c) Any such further relief this Court deems appropriate

## COUNT VII FRN v. Indianapolis Life

### *Interference With Advantageous Business Relations*

39. FRN repeats the allegations set forth in paragraphs 1 through 32 as if fully set forth herein;

40. The negligent and intentional actions of Indianapolis Life tortiously interfered with FRN's previously established advantageous business relationships;

41. As a direct and proximate result of Indianapolis Life's actions, FRN has suffered losses and sustained damages to be proven at trial;

WHEREFFORE, the defendants/plaintiffs in counterclaim respectfully pray this Honorable Court grant them the following relief:

    (a) Order the reinstatement of the policies in question;

(b) Award damages, together with interest and costs in an amount to be determined;

(c) Any such further relief this Court deems appropriate

## COUNT VIII Caplitz v. Indianapolis Life

### *Interference With Advantageous Business Relations*

42. Caplitz repeats the allegations set forth in paragraphs 1 through 35 as if fully set forth herein;

43. The negligent and intentional actions of Indianapolis Life tortiously interfered with Caplitz's established and prospective advantageous business relationships;

44. As a direct and proximate result of Indianapolis Life's actions, Caplitz has suffered losses and sustained damages to be proven at trial;

WHEREFFORE, the defendants/plaintiffs in counterclaim respectfully pray this Honorable Court grant them the following relief:

(a) Order the reinstatement of the policies in question;

(b) Award damages, together with interest and costs in an amount to be determined;

(c) Any such further relief this Court deems appropriate

## COUNT IX Caplitz v. Indianapolis Life

### *Chapter 93A*

45. Caplitz repeats the allegations set forth in paragraphs 1 through 44 as if fully set forth herein;

46. The actions of Indianapolis Life constituted unfair and/or deceptive business practices;

47. As a direct and proximate result of Indianapolis Life's actions, Caplitz has suffered losses and sustained damages to be proven at trial;

WHEREFFORE, the defendants/plaintiffs in counterclaim respectfully pray this Honorable Court grant them the following relief:

(a) Order the reinstatement of the policies in question;

(b) Award damages, including but not limited to treble damages together with interest and costs in an amount to be determined;

(c) Any such further relief this Court deems appropriate

THE DEFENDANTS/PLAINTIFFS IN COUNTERCLAIM DEMAND A JURY TRIAL ON ALL SUCH TRIABLE ISSUES.

Respectfully submitted,
Financial Resources Network, Inc.
Financial Resources Network, Inc. Profit Sharing Plan and Trust, Rosalind Herman, Trustee
Gregg Caplitz
By their attorneys,

_____
Wayne R. Murphy/BBO #557658
Murphy & Flaherty, P.A.
43 Bowdoin Street
Boston, MA 02114
(617) 227-7777

## CERTIFICATE OF SERVICE

I, Wayne R. Murphy, counsel for the defendants/plaintiffs in counteclaim hereby certify that I have previously caused a copy of the Defendants' Answer, Counterclaim and Jury Trial Demand to be served upon counsel for Indianapolis Life and have this day made arrangements for service of same upon counsel for the co-defendant Meiselman via hand delivery upon:

Charles Kazarian, Esq.
77 North Washington Street
Boston, MA 02114

Signed this __th day of March, 2005.

Wayne R. Murphy