UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST, GREGG D. CAPLITZ, RUDY K. MEISELMAN, M.D. and HOPE E. MEISELMAN,

Defendants

## ANSWER OF PLAINTIFF INDIANAPOLIS LIFE INSURANCE COMPANY TO DEFENDANTS' COUNTERCLAIM

Plaintiff/Defendant-in-Counterclaim, Indianapolis Life Insurance Company ("Indianapolis Life") hereby responds to the Answer and Counterclaim of Defendants Rosalyn Herman, Trustee, Financial Resources Network, Inc. Profit Sharing Plan and Trust, Financial Resources Network, Inc. Profit Sharing Plan and Trust, and Gregg D. Caplitz ("Counterclaim") paragraph by paragraph as follows:

### Parties

1. Indianapolis Life is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 1 of the Counterclaim.

2. Indianapolis Life admits the allegations contained in Paragraph 2 of the Counterclaim.

34225.1

3.  Indianapolis Life admits the allegations contained in Paragraph 3 of the Counterclaim.

### Statement of Facts

4.  Indianapolis Life neither admits nor denies the statements contained in Paragraph 4 of the Counterclaim as said statements are conclusions of law and not allegations of fact.

5.  Indianapolis Life admits the allegations contained in Paragraph 5 of the Counterclaim.

6.  Indianapolis Life is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 6 of the Counterclaim.

7.  Indianapolis Life admits that the Plan Trustee purchased Indianapolis Life policies numbered BO5020799 and BO502066 that insured the second to die of Rudy K. Meiselman, M.D. and his wife, Hope Meiselman. Indianapolis Life denies the remainder of the allegations contained in Paragraph 7 of the Counterclaim.

8.  Indianapolis Life admits that Rudy Meiselman, M.D. and Hope Meiselman participated in the initial application process and provided their medical history and authorizations. However, the Meiselmans did not participate in the amendment to the application. Indianapolis Life denies that the policies were applied for and issued with the complete knowledge and approval of the Meiselmans.

9.  Indianapolis Life admits that the terms and conditions of the agreement between Caplitz and Indianapolis Life were memorialized in an "Agency Contract". Indianapolis Life denies the remainder of the allegations contained in Paragraph 9 of the Counterclaim.

10. Indianapolis Life admits the allegations contained in Paragraph 10 of the Counterclaim.

34225.1

11. Indianapolis Life neither admits nor denies the allegations contained in Paragraph 11 of the Counterclaim as the applications and policies, being in writing, speak for themselves.

12. Indianapolis Life neither admits nor denies the allegations contained in Paragraph 12 of the Counterclaim as the policies, being in writing, speak for themselves.

13. Indianapolis Life is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 13 of the Counterclaim.

14. Indianapolis Life admits that the Meiselmans informed Indianapolis Life that they did not want the subject policies, and deny that such claim was false.

15. Indianapolis Life is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 15 of the Counterclaim.

16. Indianapolis Life is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 16 of the Counterclaim.

17. Indianapolis Life is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 17 of the Counterclaim.

18. Indianapolis Life admits that it rescinded the two life insurance policies, but denies that its rescission of said policies was "illegal". Indianapolis Life denies the remaining allegations contained in Paragraph 18 of the Counterclaim.

19. Indianapolis Life neither admits nor denies the allegations contained in Paragraph 19 of the Counterclaim as the policies, being in writing, speak for themselves.

20. Indianapolis Life denies the allegations contained in Paragraph 20 of the Counterclaim.

34225.1

## COUNT I Financial Resources Network, Inc. v. Indianapolis Life

### *Breach of Contract*

21.     Indianapolis Life restates and incorporates herein by reference its answers to Paragraphs 1 through 20 of the Counterclaim.

22.     Indianapolis Life denies the allegations contained in Paragraph 22 of the Counterclaim.

23.     Indianapolis Life denies the allegations contained in Paragraph 23 of the Counterclaim.

WHEREFORE, Plaintiff/Defendant-in-Counterclaim respectfully requests that this Honorable Court:

(a)     Enter judgment for the Plaintiff/Defendant-in-Counterclaim on the Counterclaim;

(b)     Award Plaintiff/Defendant-in-Counterclaim attorney's fees and costs; and

(c)     Make such other findings as justice allows.

## COUNT II Gregg Caplitz v. Indianapolis Life

### *Breach of Contract*

24.     Indianapolis Life restates and incorporates herein by reference its answers to Paragraphs 1 through 23 of the Counterclaim.

25.     Indianapolis Life denies the allegations contained in Paragraph 25 of the Counterclaim.

26.     Indianapolis Life denies the allegations contained in Paragraph 26 of the Counterclaim.

WHEREFORE, Plaintiff/Defendant-in-Counterclaim respectfully requests that this Honorable Court:

34225.1

(a) Enter judgment for the Plaintiff/Defendant-in-Counterclaim on the Counterclaim;

(b) Award Plaintiff/Defendant-in-Counterclaim attorney fees and costs; and

(c) Make such other findings as justice allows.

### COUNT III FRN v. Indianapolis Life

#### *Intentional Interference with Fiduciary Duty*

27. Indianapolis Life restates and incorporates herein by reference its answers to Paragraphs 1 through 26 of the Counterclaim.

28. Indianapolis Life denies the allegations contained in Paragraph 28 of the Counterclaim.

29. Indianapolis Life denies the allegations contained in Paragraph 29 of the Counterclaim.

WHEREFORE, Plaintiff/Defendant-in-Counterclaim respectfully requests that this Honorable Court:

(a) Enter judgment for the Plaintiff/Defendant-in-Counterclaim on the Counterclaim;

(b) Award Plaintiff/Defendant-in-Counterclaim attorney's fees and costs; and

(c) Make such other findings as justice allows.

### COUNT IV FRN v. Indianapolis Life

#### *Negligent Interference with Fiduciary Duty*

30. Indianapolis Life restates and incorporates herein by reference its answers to Paragraphs 1 through 29 of the Counterclaim.

31. Indianapolis Life denies the allegations contained in Paragraph 31 of the Counterclaim.

34225.1

32. Indianapolis Life denies the allegations contained in Paragraph 32 of the Counterclaim.

WHEREFORE, Plaintiff/Defendant-in-Counterclaim respectfully requests that this Honorable Court:

   (a)   Enter judgment for the Plaintiff/Defendant-in-Counterclaim on the Counterclaim;

   (b)   Award Plaintiff/Defendant-in-Counterclaim attorney's fees and costs; and

   (c)   Make such other findings as justice allows.

### COUNT V FRN v. Indianapolis Life

#### *Conspiracy*

33. Indianapolis Life restates and incorporates herein by reference its answers to Paragraphs 1 through 32 of the Counterclaim.

34. Indianapolis Life denies the allegations contained in Paragraph 34 of the Counterclaim.

35. Indianapolis Life denies the allegations contained in Paragraph 35 of the Counterclaim.

WHEREFORE, Plaintiff/Defendant-in-Counterclaim respectfully requests that this Honorable Court:

   (a)   Enter judgment for the Plaintiff/Defendant-in-Counterclaim on the Counterclaim;

   (b)   Award Plaintiff/Defendant-in-Counterclaim attorney's fees and costs; and

   (c)   Make such other findings as justice allows.

34225.1

## COUNT VI Caplitz v. Indianapolis Life

### *Conspiracy*

36.  Indianapolis Life restates and incorporates herein by reference its answers to Paragraphs 1 through 35 of the Counterclaim.

37.  Indianapolis Life denies the allegations contained in Paragraph 37 of the Counterclaim.

38.  Indianapolis Life denies the allegations contained in Paragraph 38 of the Counterclaim.

WHEREFORE, Plaintiff/Defendant-in-Counterclaim respectfully requests that this Honorable Court:

(a) Enter judgment for the Plaintiff/Defendant-in-Counterclaim on the Counterclaim;

(b) Award Plaintiff/Defendant-in-Counterclaim attorney's fees and costs; and

(c) Make such other findings as justice allows.

## COUNT VII FRN v. Indianapolis Life

### *Interference with Advantageous Business Relations*

39.  Indianapolis Life restates and incorporates herein by reference its answers to Paragraphs 1 through 38 of the Counterclaim.

40.  Indianapolis Life denies the allegations contained in Paragraph 40 of the Counterclaim.

41.  Indianapolis Life denies the allegations contained in Paragraph 41 of the Counterclaim.

WHEREFORE, Plaintiff/Defendant-in-Counterclaim respectfully requests that this Honorable Court:

34225.1

(a)  Enter judgment for the Plaintiff/Defendant-in-Counterclaim on the Counterclaim;

(b)  Award Plaintiff/Defendant-in-Counterclaim attorney's fees and costs; and

(c)  Make such other findings as justice allows.

### COUNT VIII Caplitz v. Indianapolis Life

#### *Interference with Advantageous Business Relations*

42.  Indianapolis Life restates and incorporates herein by reference its answers to Paragraphs 1 through 41 of the Counterclaim.

43.  Indianapolis Life denies the allegations contained in Paragraph 43 of the Counterclaim.

44.  Indianapolis Life denies the allegations contained in Paragraph 44 of the Counterclaim.

WHEREFORE, Plaintiff/Defendant-in-Counterclaim respectfully requests that this Honorable Court:

(a)  Enter judgment for the Plaintiff/Defendant-in-Counterclaim on the Counterclaim;

(b)  Award Plaintiff/Defendant-in-Counterclaim attorney fees and costs; and

(c)  Make such other findings as justice allows.

### COUNT IX Caplitz v. Indianapolis Life

#### *Chapter 93A*

45.  Indianapolis Life restates and incorporates herein by reference its answers to Paragraphs 1 through 44 of the Counterclaim.

46.  Indianapolis Life denies the allegations contained in Paragraph 46 of the Counterclaim.

34225.1

47. Indianapolis Life denies the allegations contained in Paragraph 47 of the Counterclaim.

WHEREFORE, Plaintiff/Defendant-in-Counterclaim respectfully requests that this Honorable Court:

(a) Enter judgment for the Plaintiff/Defendant-in-Counterclaim on the Counterclaim;

(b) Award Plaintiff/Defendant-in-Counterclaim attorney fees and costs; and

(c) Make such other findings as justice allows.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted, and therefore, must be dismissed pursuant to Rule 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaim is barred by estoppel and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the applicable statute of limitations.

WHEREFORE, Plaintiff/Defendant-in-Counterclaim respectfully requests that this Honorable Court:

(a) Enter judgment for the Plaintiff/Defendant-in-Counterclaim on the Counterclaim;

(b) Award Plaintiff/Defendant-in-Counterclaim attorney's fees and costs; and

(c) Make such other findings as justice allows.

34225.1

PLAINTIFF/DEFENDANT-IN-COUNTERCLAIM DEMANDS A TRIAL BY JURY ON ALL FACTS SO TRIABLE.

        Plaintiff/Defendant-in-Counterclaim,
        Indianapolis Life Insurance Company
        By its attorneys,

        */s/ William T. Bogaert*
        William T. Bogaert, BBO #546321
        Michele Carlucci, BBO #655211
        WILSON ELSER MOSKOWITZ
        EDELMAN & DICKER LLP
        155 Federal Street
        Boston, MA 02110
        (617) 422-5400

34225.1