## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12481WGY

| | |
|---|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY <br>     Plaintiff <br> vs. <br><br> ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST GREGG D. CAPLITZ, RUDY K. MEIESELMAN, M.D. AND HOPE E. MEISELMAN <br>     Defendants <br><br> _____ <br><br> RUDY K. MEISELMAN, M.D. <br><br>     Cross-Claim Plaintiff <br><br> vs. <br><br> ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST GREGG D. CAPLITZ <br>     Cross-Claim Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### MOTION FOR JUDGMENT OF DEFAULT AGAINST CROSS-CLAIM DEFENDANTS PURSUANT TO RULE 55(b)(1)

The cross-claim plaintiff, Rudy K. Meiselman, M.D., hereby moves for

judgment of default pursuant to Rule 55(b) (1) of the Federal Rules of Civil

Procedure against cross-claim defendants Rosalind Herman, Trustee, Financial

Resources Network, Inc. Profit Sharing Plan And Trust, Financial Resources

Network, Inc. Profit Sharing Plan and Trust, and Gregg D. Caplitz. As grounds therefore, cross-claim plaintiff states through counsel:

    1. Default has entered against the cross-claim defendants for their failure to answer.

    2. None of the cross-claim defendants is an infant or incompetent person.

    3. The cross-claim is for an amount certain as set forth in the attached affidavits.

    WHEREFORE, judgment of default should be entered against the cross-claim defendants jointly and severally in the amount of $ 938,640.14

Dated: August 2, 2005

        RUDY K. MEISELMAN
        CROSS-CLAIM PLAINTIFF
        By his attorney,
        LAW OFFICE OF CHARLES P. KAZARIAN, P.C.

        /s/ Charles P. Kazarian
        _____
        Charles P. Kazarian, Esquire
        77 North Washington Street
        Boston, Massachusetts 02114
        BBO#: 262660
        (617) 723-6676

**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO.  04-12481WGY

| | |
|---|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY | ) ) |
| Plaintiff | ) |
| vs. | ) ) |
| ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST GREGG D. CAPLITZ, RUDY K. MEIESELMAN, M.D. AND HOPE E. MEISELMAN | ) ) ) ) ) ) ) |
| Defendants | ) ) |
| _____ | ) ) |
| RUDY K. MEISELMAN, M.D. | ) ) |
| Cross-Claim Plaintiff | ) ) |
| vs. | ) ) |
| ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST GREGG D. CAPLITZ | ) ) ) ) ) ) |
| Cross-Claim Defendants | ) |

AFFIDAVIT OF CROSS-CLAIM PLAINTIFF RUDY K. MEISELMAN, M.D. IN SUPPORT OF MOTION FOR JUDGMENT OF DEFAULT AGAINST CROSS-CLAIM DEFENDANTS PURSUANT TO RULE 55(b)(1)

The undersigned Rudy K. Meiselman, M.D. hereby swears under the penalties of perjury that the facts asserted herein are true and accurate according to my own personal knowledge:

1. I am the cross-claim plaintiff in the above-captioned civil action.

2. The cross-claim defendants are all well known to me, and none of them are infants or incompetent persons.

3. As specifically set forth in Count II of my cross-claim, cross-claim defendants Rosalind Herman and Financial Resources Network breached my employment contract, in that they failed to pay to me $23,000.00 in salary that was due.

4. As specifically set forth in the factual recitation and Counts III-V of my cross-claim, cross-claim defendants Rosalind Herman, Financial Resources Network, Inc. and Gregg D. Caplitz wrongfully helped themselves to the following funds belonging to my profit sharing plan accounts, and have permanently deprived me of the uses of said funds:

| | |
|---|---|
| Payment to their attorneys: | $49,849.69 |
| Pre-liquidation dividend: | $ 6,000.00 |
| Unauthorized management fee: | $ 2,778.24 |

5. As generally set forth in Counts III-V of my cross-claim, cross-claim defendants Rosalind Herman, Financial Resources Network, Inc. and Gregg D. Caplitz caused portfolio losses to my profit sharing plan accounts by wrongfully liquidating the portfolio to cash on November 2, 2004. I never asked them to liquidate, and I ahd been trying for months to simply hget them to follow the law and roll over the accounts, intact, to a new IRA account. The securities wrongfully liquidated were within the Profunds family of mutual funds, and traded under the symbols **UTPIX, SLPIX, REPIX,** and **WCPIX**, and all of them were traded through the custodian TD Waterhouse Brokerage. The resulting cash liquidation amount was $12,838,760.37. This cash liquidation amount, minus amounts wrongfully withheld by cross-claim defendants (see above), was not

rolled over to me by cross-claim defendants until November 30, 2004. In the interim between the wrongful liquidation on November 2, 2004 and the rollover to me on November 30, 2004, the market value of the liquidated securities appreciated substantially, but I was deprived of the benefit of this appreciation in value by the wrongful actions of cross-claim defendants. By simple arithmetic calculation, I have determined that the exact amount of capital appreciation I lost as a result of the liquidation was **$824,467.58** .

     5. In paragraph 31 of my cross-claim I asserted entitlement to attorney's fees and costs, pursuant to 29 United States Code § 1104(g), which states in pertinent part:

(1) In any action under this title… by a participant (in a profit sharing plan), beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party. I have prosecuted two actions within the ambit of 29 United States Code § 1104(g). They are Rudy K. Meiselman v. Financial Resources Network, Inc., et al., Civil Action No. 04-12304WGYI, and the instant cross-claim. Both actions are against the same parties. In prosecuting these actions I have incurred total legal fees and expenses, as set forth in the attached affidavit of Charles P. Kazarian, Esq., in the amount of $32,544.63.

     6. Adding up the forgoing, the total liquidated amount of my damages caused by the defaulting cross-claim defendants is $938,640.14.

Dated: August 2, 2005                         /s/Rudy K. Meiselman, M.D.
                                                                                                              _____
                                                                                                              Rudy K. Meiselman, M.D.

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04-12481WGY

| | |
|---|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY | ) ) |
| Plaintiff | ) |
| vs. | ) ) |
| ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST GREGG D. CAPLITZ, RUDY K. MEIESELMAN, M.D. AND HOPE E. MEISELMAN | ) ) ) ) ) ) ) |
| Defendants | ) ) |
| _____ | ) ) |
| RUDY K. MEISELMAN, M.D. | ) ) |
| Cross-Claim Plaintiff | ) ) |
| vs. | ) ) |
| ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST GREGG D. CAPLITZ | ) ) ) ) ) ) |
| Cross-Claim Defendants | ) |

AFFIDAVIT OF CHARLES P. KAZARIAN, ESQ. IN SUPPORT OF MOTION FOR
JUDGMENT OF DEFAULT AGAINST
CROSS-CLAIM DEFENDANTS PURSUANT TO RULE 55(b)(1)

The undersigned Charles P. Kazarian, Esq. hereby swears under the penalties of perjury that the facts asserted herein are true and accurate according to my own personal knowledge:

1. I am counsel to the cross-claim plaintiff Dr. Meiselman in the above-captioned civil action and a prior related action in this Court, entitled Rudy K. Meiselman v. Financial Resources Network, Inc., et al., Civil Action No. 04-12304WGYI.

2. Both actions share a common basis in that plaintiff seeks redress of defendants' improper actions in connection with his beneficial interest in profit sharing plan accounts managed by defendants.

3. I have practiced civil litigation and trial work in Boston full time for twenty-five years. For the past fifteen years, my practiced has focused largely on complex business litigation and professional negligence cases. My customary hourly rate is $300.00.

4. I have provided 107.2 hours of service to Dr. Meiselman in these actions, and have billed him at my customary rate for the handling of both actions in the total amount of $32,160.00 in fees, and expenses of $384.60, for a total of $32,544.63.

Dated: August 2, 2005          /s/Charles P. Kazarian
                               _____
                               Charles P. Kazarian