# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY )<br><br>Plaintiff, )<br>v. )<br><br>ROSALIND HERMAN, TRUSTEE, )<br>FINANCIAL RESOURCES NETWORK, )<br>INC., PROFIT SHARING PLAN AND )<br>TRUST, FINANCIAL RESOURCES )<br>NETWORK, INC. PROFIT SHARING )<br>PLAN AND TRUST, )<br>GREGG D. CAPLITZ, )<br>RUDY K. MEISELMAN, M.D., and )<br>HOPE E. MEISELMAN, )<br><br>Defendants. ) | CIVIL ACTION NO.: 04-12481-WGY |

## PLAINTIFF'S AMENDED MEMORANDUM IN SUPPPORT OF MOTION TO EXTEND TIME TO FILE A SUMMARY JUDGMENT MOTION

NOW COMES the plaintiff, Indianapolis Life Insurance Company, and moves this Honorable Court to extend the time by which it may file a motion for summary judgment by thirty (30) days, up to and including December 30, 2005. As grounds in support thereof the plaintiff states the following:

The plaintiff needs to complete deposition of defendant Rosalind Herman, which plaintiff first noticed to take place on August 12, 2005, but through no fault of the plaintiff, has yet to be completed. The Plaintiff has noticed the deposition of the Defendant, Rosalind Herman, on several occasions to take place in Las Vegas, her place of residence. See Exhibit A. Plaintiff noticed her deposition to take place on August 12, 2005, then September 23, 2005, and then

49222.1

October 12, 2005. See Exhibit A. Defendants' counsel repeatedly sought continuations or re-scheduling of Herman's deposition. Herman's deposition was again noticed to take place November 4, 2005, which again was continued at defendants' counsel's request. See Exhibit A. Most recently, Herman's deposition, scheduled to take place on November 21, 2005, had to be postponed due to a life-threatening illness in defendant counsel's family. See Exhibit A. Herman's deposition has now been noticed to take place on December 20, 2005 in Las Vegas. See Exhibit A. Her deposition is necessary for the completion of the plaintiff's motion for summary judgment.

Furthermore, defendants have failed to respond to the plaintiff's interrogatories and requests for production of documents, which were served on August 31, 2005. See Exhibit B. On October 26, 2005 plaintiff's counsel wrote to defendants' counsel inquiring when defendants would respond to the outstanding discovery requests. See 10/26/05 Letter, attached as Exhibit C. However, plaintiff received no response from defendants. On December 7, 2005, plaintiff's counsel wrote to defendants' counsel requesting a discovery conference pursuant to Local Rule 37.1. See 12/7/05 Letter, attached as Exhibit D. To date, plaintiff has received no response and intends to move to compel the responses on December 14, 2005, if necessary. The plaintiff requires the defendant's discovery responses to prepare a motion for summary judgment.

In addition, plaintiff noticed the 30(b)(6) depositions of Financial Resources Network Inc. and Financial Resources Network Inc. Profit Sharing Plan and Trust to take place on September 19, 2005. See Exhibit E. However, defendants have not yet designated the deponents for either 30(b)(6) deposition.

It is in the interest of judicial efficiency for the Court to allow for the filing of a summary judgment motion. The plaintiff has a meritorious motion for summary judgment, which if allowed, would obviate the need for a trial, or at least narrow the issues before the Court.

WHEREFORE, the plaintiff respectfully requests that this Honorable Court extend the time

by which plaintiff may file a summary judgment motion up to and including December 30, 2005.


Dated: December 9, 2005                    Respectfully submitted,

                                           INDIANAPOLIS LIFE INSURANCE
                                           COMPANY
                                           By its attorneys,


                                           /s/ Michele Carlucci
                                           William T. Bogaert, BBO #546321
                                           Michele Carlucci, BBO #655211
                                           WILSON, ELSER, MOSKOWITZ,
                                               EDELMAN & DICKER LLP
                                           155 Federal Street
                                           Boston, MA 02110
                                           617-422-5300

                                           **ASSENTED TO BY:**

                                           RUDY K. MEISELMAN, M.D.
                                           and HOPE E. MEISELMAN,
                                           By their attorney,


                                           /s/ Charles P. Kazarian
                                           Charles P. Kazarian, BBO #262660
                                           LAW OFFICE OF CHARLES P. KAZARIAN, P.C.
                                           77 North Washington Street
                                           Boston, MA 02114


### RULE 7.1 CERTIFICATION

I, Michele Carlucci, hereby certify that counsel fro the moving party attempted to
confer with Wayne R. Murphy, Esq. of Murphy & Flaherty, 43 Bowdoin Street,
Boston, MA 02114, regarding this motion, but Attorney Murphy could not be
reached.


                                           s/ Michele Carlucci
                                           Michele Carlucci


49222.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

TO:    Charles P. Kazarian, Esq.            Wayne R. Murphy, Esq.
       Law Office of Charles P. Kazarian, P.C.   Murphy & Associates
       77 North Washington Street          43 Bowdoin Street
       Boston, MA  02114                    Boston, MA 02114

Please take notice that at 10:00 a.m. on Friday, August 12, 2005, at the office of

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 155 Federal Street, 5th Floor,

Boston, MA the plaintiff in this action by their attorney will take the deposition of the defendant,

Rosalyn Herman, upon oral examination before a Notary Public or before some other officer

authorized by law to take depositions.  The deposition will be recorded by stenotype machine or

any other method agreed to by the parties.

41389.1

Dated at Boston, Massachusetts this 27th day of July, 2005.

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

## NOTICE OF DEPOSITION

TO:     Charles P. Kazarian, Esq.            Wayne R. Murphy, Esq.
        Law Office of Charles P. Kazarian,   Murphy & Associates
        P.C.                                 43 Bowdoin Street
        77 North Washington Street           Boston, MA 02114
        Boston, MA  02114

Please take notice that at **9:00 a.m.** on **Friday, September 23, 2005**, at the offices of

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 415 South 6th Street,**

**Suite 300, Las Vegas, Nevada**, the plaintiff in this action by their attorney will take the

deposition of the defendant, **Rosalyn Herman**, upon oral examination before a Notary Public or

before some other officer authorized by law to take depositions.  The deposition will be recorded

by stenotype machine or any other method agreed to by the parties.

Dated at Boston, Massachusetts this 2nd day of September, 2005.

41389.2

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

2

41389.2

CERTIFICATE OF SERVICE

I, William T. Bogaert, attorney representing plaintiff, Indiana Life Insurance Company hereby certify that I have this 2nd day of September, 2005 served the within:

1.      Notice of Taking Deposition of Defendant, Rosalyn Herman;

upon the attorneys of record, by mailing copies of same, postage paid, as follows:

Charles P. Kazarian, Esq.
Law Office of Charles P. Kazarian, P.C.
77 North Washington Street
Boston, MA 02114

Wayne R. Murphy, Esq.
Murphy & Associates
43 Bowdoin Street
Boston, MA 02114

William T. Bogaert

41389.2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

## RE-NOTICE OF TAKING DEPOSITION

**TO:**    Charles P. Kazarian, Esq.          Wayne R. Murphy, Esq.
Law Office of Charles P. Kazarian,    Murphy & Associates
P.C.                                  43 Bowdoin Street
77 North Washington Street            Boston, MA 02114
Boston, MA  02114

Please take notice that at **10:00 a.m.** on **Monday, October 17, 2005**, at the offices of

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 415 South 6th Street,**

**Suite 300, Las Vegas, Nevada,** the plaintiff in this action by its attorney will take the deposition

of the defendant, **Rosalyn Herman**, upon oral examination before a Notary Public or before

some other officer authorized by law to take depositions.  The deposition will be recorded by

stenotype machine or any other method agreed to by the parties.

Dated at Boston, Massachusetts this 12th day of October, 2005.

45759.1

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

## CERTIFICATE OF SERVICE

I, William T. Bogaert, counsel representing plaintiff, Indiana Life Insurance Company hereby certify that I have on this 12th day of October, 2005 served the foregoing *Re-Notice of Taking Deposition of Rosalyn Herman*, upon the attorneys of record, by mailing copies of same, postage paid, as follows:

Charles P. Kazarian, Esq.
Law Office of Charles P. Kazarian, P.C.
77 North Washington Street
Boston, MA 02114

Wayne R. Murphy, Esq.
Murphy & Associates
43 Bowdoin Street
Boston, MA 02114

William T. Bogaert

45759.1

MURPHY & ASSOCIATES, P.C.
COUNSELLORS AT LAW

600 ATLANTIC AVENUE, BOSTON, MASSACHUSETTS 02210
617-227-7777 • Fax 617-227-7757

WAYNE R. MURPHY

October 12, 2005

Mr. William T. Bogaert
Wilson, Elser
155 Federal Street
Boston, MA 02210

**Via Facsimile and 1st Class Mail**

*Re: Deposition of Rosalind Herman*

Dear Mr. Bogaert,

I am presently scheduled to begin a jury trial in the Ayer District Court on Monday October 17, 2005. I have had communication with the prosecutor's office in Ayer and am making efforts to move the case (*Commonwealth v. Noble*).

I will keep you advised accordingly. Thank you for your time and attention to this matter.

Very truly yours,

Wayne R. Murphy
*Dictated Not Read*

cc. C. Kazarian, Esq. *(via fax)*
    File

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALIND HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

## RE-NOTICE OF DEPOSITION

**TO:**  Charles P. Kazarian, Esq.            Wayne R. Murphy, Esq.
Law Office of Charles P. Kazarian, P.C.      Murphy & Associates
77 North Washington Street                   600 Atlantic Avenue
Boston, MA  02114                            Boston, MA 02210

Please take notice that at **10:00 a.m.** on **Friday, November 4, 2005,** at the offices of

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 415 South 6th Street,**

**Suite 300, Las Vegas, Nevada,** the plaintiff in this action by their attorney will take the

deposition of the defendant, **Rosalind Herman,** upon oral examination before a Notary Public or

before some other officer authorized by law to take depositions.  The deposition will be recorded

by stenotype machine or any other method agreed to by the parties.

46759.1

You are invited to attend and cross-examine.

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

_William T. Bogaert, BBO#546321_
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

Dated: ___10/27/05___

2

46759.1

CERTIFICATE OF SERVICE

I, William T. Bogaert, attorney representing plaintiff, Indiana Life Insurance Company hereby certify that I have this 27th day of October, 2005 served the within:

1.    Re-Notice of Taking Deposition of Defendant, Rosalind Herman;

upon the attorneys of record, by mailing copies of same, postage paid, as follows:

Charles P. Kazarian, Esq.
Law Office of Charles P. Kazarian, P.C.
77 North Washington Street
Boston, MA 02114

Wayne R. Murphy, Esq.
Murphy & Associates
600 Atlantic Avenue
Boston, MA 02210

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

3

46759.1

11/04/2005 11:03 FAX                                                                          002/002

# MURPHY & ASSOCIATES, P.C.

### COUNSELLORS AT LAW

600 ATLANTIC AVENUE, BOSTON, MASSACHUSETTS 02210
617-227-7777 • FAX 617-227-7757

WAYNE R. MURPHY

November 4, 2005

Mr. William Bogaert, Esq.
Wilson, Elser
155 Federal Street
Boston, MA 02110

*Re: Indianapolis Life v. Herman, Trustee, et al*    ***Via facsimile only 617 423 6917***

Dear Attorney Bogaert,

This letter will confirm that the deposition of Ms. Rosalind Herman will take place in Las Vegas, Nevada on Monday November 14, 2005 at the local offices of Wilson, Elser.

Thank you for your time and attention to this matter.

Very truly yours,

Wayne R. Murphy

cc. File

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALIND HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

## RE-NOTICE OF DEPOSITION

**TO:**  Charles P. Kazarian, Esq.
    Law Office of Charles P. Kazarian, P.C.
    77 North Washington Street
    Boston, MA 02114

Wayne R. Murphy, Esq.
Murphy & Associates
600 Atlantic Avenue
Boston, MA 02210

Please take notice that at **10:00 a.m.** on **Tuesday, December 20, 2005**, at the offices of

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 415 South 6th Street,**

**Suite 300, Las Vegas, Nevada,** the plaintiff in this action by their attorney will take the

deposition of the defendant, **Rosalind Herman**, upon oral examination before a Notary Public or

before some other officer authorized by law to take depositions. The deposition will be recorded

by stenotype machine or any other method agreed to by the parties.

49187.1

You are invited to attend and cross-examine.

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

Dated: _____ 12/8/05 _____

2

CERTIFICATE OF SERVICE

I, Michele Carlucci, attorney representing plaintiff, Indiana Life Insurance Company hereby certify that I have this 8th day of  December, 2005 served the within:

1.    Re-Notice of Taking Deposition of Defendant, Rosalind Herman;

upon the attorneys of record, by mailing copies of same, postage paid, as follows:

Charles P. Kazarian, Esq.
Law Office of Charles P. Kazarian, P.C.
77 North Washington Street
Boston, MA  02114

Wayne R. Murphy, Esq.
Murphy & Associates
600 Atlantic Avenue
Boston, MA 02210

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

3

49187.1

# EXHIBIT B

## CERTIFICATE OF SERVICE

I, Michele Carlucci, Attorney representing plaintiff, Indiana Life Insurance Company hereby certify that I have this 31st day of August, 2005 served the within:

1.  Plaintiff, Indianapolis Life Insurance Company's Interrogatories to Defendant, Gregg Caplitz;

2.  Plaintiff, Indianapolis Life Insurance Company's Interrogatories to the Defendant, Rosalyn Herman;

3.  Plaintiff, Indianapolis Life Insurance Company's Interrogatories to the Defendant, Financial Resources Network, Inc. Profit Sharing Plan and Trust.

4.  Plaintiff, Indianapolis Life Insurance Company's Request for Production of Documents to the Defendant, Gregg Caplitz;

5.  Plaintiff, Indianapolis Life Insurance Company's Request for Production of Documents to the Defendant, Rosalyn Herman;

6.  Plaintiff, Indianapolis Life Insurance Company's Request for Production of Documents to the Defendant, Financial Resources Network, Inc. Profit Sharing Plan and Trust.

upon the attorneys of record, by mailing copies of same, postage paid, as follows:

Charles P. Kazarian, Esq.
Law Office of Charles P. Kazarian, P.C.
77 North Washington Street
Boston, MA  02114

Wayne R. Murphy, Esq.
Murphy & Associates
600 Atlantic Avenue
Boston, MA 02210

_Michele Carlucci_
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

43028.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

## PLAINTIFF, INDIANAPOLIS LIFE INSURANCE COMPANY'S REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST

### DEFINITIONS

1. When the term "policies" or "life insurance policies" is used in this request, it shall refer to policies numbered B05020665 and B05020799 and issued by Indianapolis Life Insurance Company, which are the subject of the Plaintiff, Indianapolis Life Insurance Company's Complaint.

2. When the term "experts" is used it shall mean all persons whom you expect to call as expert witnesses at trial.

3. "Relating to, concerning and referring to" shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or concerning.

4. When the term "documents" is used it shall mean all written, typewritten, computer generated, printed and photocopied, drawn, graphic, photographic, recorded, filmed and microfilmed materials of varied description. It includes, by way of illustration, but not of limitation, the following:

   a. Books, logs, diaries, journals, ledgers, notebooks and reports;

42621.1

b.   Notes, narrative reports, medical records, medical bills, medical test results, MRI results, CT-Scan results, X-ray results, memoranda, letters, correspondence, telegrams and notations and records of telephone conversations;

c.   Photographs, films, microfilms, tapes, computer information of every nature and description, E-mails, discs, software, programs, videotapes and recordings;

d.   Mathematical and scientific formulae, testing data, computations and data; and

e.   Preliminary and/or final drafts and amended or modified versions or copies of any of the foregoing.

5.   The terms "the plaintiff" and "Indianapolis Life" shall mean and refer to Indianapolis Life Insurance Company.

6.   The term "FRN" shall mean and refer to Financial Resources Network, Inc.

7.   The term "FRN Plan" shall refer to the defendant Financial Resources Network, Inc. Profit Sharing Plan and Trust.

8.   The term "Caplitz" shall mean and refer to the defendant Gregg D. Caplitz.

9.   The term "Herman" shall mean and refer to the defendant Rosalind Herman.

10.  The term "the Meiselmans" shall mean and refer to the defendants Dr. Rudy and Hope Meiselmans.

REQUEST NO. 1:

A copy of any fidelity bonds, certificates or documents evidencing a fidelity bond issued to the following:

a.   FRN ;
b.   Rosalyn Herman;
c.   Gregg Caplitz; and
d.   the FRN Plan.

REQUEST NO. 2:

Any and all documents related to or concerning correspondence between Gregg Caplitz and Indianapolis Life regarding the subject life insurance policies, which are the subject of the Plaintiff's Complaint, and the Meiselmans.

REQUEST NO. 3:

Any and all documents related to or concerning correspondence between Rosalyn Herman and Gregg Caplitz regarding the subject policies and Dr. Meiselman's holdings in the Financial Resources Network, Inc. Profit Sharing Plan and Trust ("FRN Plan").

42621.1

REQUEST NO. 4:

Any and all documents related to or concerning correspondence between Financial Resources Network Inc. ("FRN"), including Rosalyn Herman, and Indianapolis Life Insurance Company ("Indianapolis Life") regarding the subject policies and the Meiselmans.

REQUEST NO. 5:

Any and all documents related to or concerning correspondence between Rosalyn Herman and/or Gregg Caplitz and Dr. Meiselman regarding the FRN Plan and the subject life insurance policies.

REQUEST NO. 6:

Any and all documents related to or concerning correspondence between Gregg D. Caplitz and/or Rosalyn Herman and ING regarding a life insurance policy on Dr. Meiselman's life.

REQUEST NO. 7:

Any and all documents related to the application for Indianapolis Life Insurance policies on Hope and Rudy Meiselman's lives.

REQUEST NO. 8:

Any and all documents related to the rescission or cancellations of the subject life insurance policies.

REQUEST NO. 9:

Any and all documents related to the health or medical condition of Dr. Rudy and Hope Meiselman.

REQUEST NO. 10:

Any and all documents related to the administration of the FRN Plan.

REQUEST NO. 11:

Any and all documents related to the participants in the FRN Plan, including but not limited to the participants' holdings in the FRN Plan.

REQUEST NO. 12:

Any and all documents related to the creation and maintenance of the FRN Plan.

REQUEST NO. 13:

Any and all documents related to Dr. Rudy Meiselman's employment with FRN.

REQUEST NO. 14:

Any and all documents related to Gregg Caplitz's employment, association and/or relationship with FRN.

REQUEST NO. 15:

Any and all documents related to Dr. Meiselman's compensation, salary, wages or commission for employment with or consultation for FRN.

REQUEST NO. 16:

All documents reviewed, produced, or otherwise held by each expert witness you have retained to testify or otherwise give evidence in this action concerning your claims, such documents include, but are not limited to:

      (a)     reports, findings, examinations, tests, and opinions;

      (b)     all documents, and other materials, which relate to their activities, finding, or opinions in this action, including but not limited to, all reports, inquiries, internal memorandums, and correspondence in this action;

      (c)     all documents concerning the scope of matters each expert was retained or otherwise asked to perform for this action, including, but not limited to, any retained agreements, letters of understanding, correspondence, and other memoranda;

      (d)     all documents reviewed by each expert;

      (e)     all documents and other materials, specifically including exhibits, each expert intends to use in support of his/her testimony;

      (f)     invoices and statements of payment concerning their activities in this action; and

      (g)     each expert's curriculum vitae.

REQUEST NO. 17:

All documents prepared or reviewed by any fact witness you may call at trial, including, but not limited to, all statements prepared by, or taken from, fact witnesses.

42621.1

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

Dated: August 31, 2005.

42621.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

---

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

---

## PLAINTIFF, INDIANAPOLIS LIFE INSURANCE COMPANY'S REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT, ROSALYN HERMAN

### DEFINITIONS

1.  When the term "policies" or "life insurance policies" is used in this request, it shall refer to policies numbered B05020665 and B05020799 and issued by Indianapolis Life Insurance Company, which are the subject of the Plaintiff, Indianapolis Life Insurance Company's Complaint.

2.  When the term "experts" is used it shall mean all persons whom you expect to call as expert witnesses at trial.

3.  "Relating to, concerning and referring to" shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or concerning.

4.  When the term "documents" is used it shall mean all written, typewritten, computer generated, printed and photocopied, drawn, graphic, photographic, recorded, filmed and microfilmed materials of varied description. It includes, by way of illustration, but not of limitation, the following:

    a.    Books, logs, diaries, journals, ledgers, notebooks and reports;

42619.1

b.  Notes, narrative reports, medical records, medical bills, medical test results, MRI results, CT-Scan results, X-ray results, memoranda, letters, correspondence, telegrams and notations and records of telephone conversations;

c.  Photographs, films, microfilms, tapes, computer information of every nature and description, E-mails, discs, software, programs, videotapes and recordings;

d.  Mathematical and scientific formulae, testing data, computations and data; and

e.  Preliminary and/or final drafts and amended or modified versions or copies of any of the foregoing.

5.  The terms "the plaintiff" and "Indianapolis Life" shall mean and refer to Indianapolis Life Insurance Company.

6.  The term "FRN" shall mean and refer to Financial Resources Network, Inc.

7.  The term "FRN Plan" shall refer to the defendant Financial Resources Network, Inc. Profit Sharing Plan and Trust.

8.  The term "Caplitz" shall mean and refer to the defendant Gregg D. Caplitz.

9.  The term "Herman" shall mean and refer to the defendant Rosalind Herman.

10. The term "the Meiselmans" shall mean and refer to the defendants Dr. Rudy and Hope Meiselmans.


REQUEST NO. 1:

A copy of any fidelity bonds, certificates or documents evidencing a fidelity bond issued to the following:
a.  FRN ;
b.  Rosalyn Herman;
c.  Gregg Caplitz; and
d.  the FRN Plan.

REQUEST NO. 2:

Any and all documents related to or concerning correspondence between Gregg Caplitz and Indianapolis Life regarding the subject life insurance policies, which are the subject of the Plaintiff's Complaint, and the Meiselmans.

REQUEST NO. 3:

Any and all documents related to or concerning correspondence between Rosalyn Herman and Gregg Caplitz regarding the subject policies and Dr. Meiselman's holdings in the Financial Resources Network, Inc. Profit Sharing Plan and Trust ("FRN Plan").

REQUEST NO. 4:

Any and all documents related to or concerning correspondence between Financial Resources Network Inc. ("FRN"), including Rosalyn Herman, and Indianapolis Life Insurance Company ("Indianapolis Life") regarding the subject policies and the Meiselmans.

REQUEST NO. 5:

Any and all documents related to or concerning correspondence between Rosalyn Herman and/or Gregg Caplitz and Dr. Meiselman regarding the FRN Plan and the subject life insurance policies.

REQUEST NO. 6:

Any and all documents related to or concerning correspondence between Gregg D. Caplitz and/or Rosalyn Herman and ING regarding a life insurance policy on Dr. Meiselman's life.

REQUEST NO. 7:

Any and all documents related to the application for Indianapolis Life Insurance policies on Hope and Rudy Meiselman's lives.

REQUEST NO. 8:

Any and all documents related to the rescission or cancellations of the subject life insurance policies.

REQUEST NO. 9:

Any and all documents related to the health or medical condition of Dr. Rudy and Hope Meiselman.

REQUEST NO. 10:

Any and all documents related to the administration of the FRN Plan.

REQUEST NO. 11:

Any and all documents related to the participants in the FRN Plan, including but not limited to the participants' holdings in the FRN Plan.

REQUEST NO. 12:

Any and all documents related to the creation and maintenance of the FRN Plan.

42619.1

REQUEST NO. 13:

Any and all documents related to Dr. Rudy Meiselman's employment with FRN.

REQUEST NO. 14:

Any and all documents related to Gregg Caplitz's employment, association and/or relationship with FRN.

REQUEST NO. 15:

Any and all documents related to Dr. Meiselman's compensation, salary, wages or commission for employment with or consultation for FRN.

REQUEST NO. 16:

All documents reviewed, produced, or otherwise held by each expert witness you have retained to testify or otherwise give evidence in this action concerning your claims, such documents include, but are not limited to:

    (a)    reports, findings, examinations, tests, and opinions;

    (b)    all documents, and other materials, which relate to their activities, finding, or opinions in this action, including but not limited to, all reports, inquiries, internal memorandums, and correspondence in this action;

    (c)    all documents concerning the scope of matters each expert was retained or otherwise asked to perform for this action, including, but not limited to, any retained agreements, letters of understanding, correspondence, and other memoranda;

    (d)    all documents reviewed by each expert;

    (e)    all documents and other materials, specifically including exhibits, each expert intends to use in support of his/her testimony;

    (f)    invoices and statements of payment concerning their activities in this action; and

    (g)    each expert's curriculum vitae.

REQUEST NO. 17:

All documents prepared or reviewed by any fact witness you may call at trial, including, but not limited to, all statements prepared by, or taken from, fact witnesses.

42619.1

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

_William T. Bogaert, BBO#546321_
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

Dated: August 31, 2005.

42619.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

---

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

---

## PLAINTIFF, INDIANAPOLIS LIFE INSURANCE COMPANY'S REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT, GREGG D. CAPLITZ

### DEFINITIONS

1.  When the term "policies" or "life insurance policies" is used in this request, it shall refer to policies numbered B05020665 and B05020799 and issued by Indianapolis Life Insurance Company, which are the subject of the Plaintiff, Indianapolis Life Insurance Company's Complaint.

2.  When the term "experts" is used it shall mean all persons whom you expect to call as expert witnesses at trial.

3.  "Relating to, concerning and referring to" shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or concerning.

4.  When the term "documents" is used it shall mean all written, typewritten, computer generated, printed and photocopied, drawn, graphic, photographic, recorded, filmed and microfilmed materials of varied description. It includes, by way of illustration, but not of limitation, the following:

    a.  Books, logs, diaries, journals, ledgers, notebooks and reports;

42617.1

b.   Notes, narrative reports, medical records, medical bills, medical test results, MRI results, CT-Scan results, X-ray results, memoranda, letters, correspondence, telegrams and notations and records of telephone conversations;

c.   Photographs, films, microfilms, tapes, computer information of every nature and description, E-mails, discs, software, programs, videotapes and recordings;

d.   Mathematical and scientific formulae, testing data, computations and data; and

e.   Preliminary and/or final drafts and amended or modified versions or copies of any of the foregoing.

5.   The terms "the plaintiff" and "Indianapolis Life" shall mean and refer to Indianapolis Life Insurance Company.

6.   The term "FRN" shall mean and refer to Financial Resources Network, Inc.

7.   The term "FRN Plan" shall refer to the defendant Financial Resources Network, Inc. Profit Sharing Plan and Trust.

8.   The term "Caplitz" shall mean and refer to the defendant Gregg D. Caplitz.

9.   The term "Herman" shall mean and refer to the defendant Rosalind Herman.

10.  The term "the Meiselmans" shall mean and refer to the defendants Dr. Rudy and Hope Meiselmans.

REQUEST NO. 1:

A copy of any fidelity bonds, certificates or documents evidencing a fidelity bond issued to the following:

a.   FRN ;
b.   Rosalyn Herman;
c.   Gregg Caplitz; and
d.   the FRN Plan.

REQUEST NO. 2:

Any and all documents related to or concerning correspondence between Gregg Caplitz and Indianapolis Life regarding the subject life insurance policies, which are the subject of the Plaintiff's Complaint, and the Meiselmans.

REQUEST NO. 3:

Any and all documents related to or concerning correspondence between Rosalyn Herman and Gregg Caplitz regarding the subject policies and Dr. Meiselman's holdings in the Financial Resources Network, Inc. Profit Sharing Plan and Trust ("FRN Plan").

REQUEST NO. 4:

Any and all documents related to or concerning correspondence between Financial Resources Network Inc. ("FRN"), including Rosalyn Herman, and Indianapolis Life Insurance Company ("Indianapolis Life") regarding the subject policies and the Meiselmans.

REQUEST NO. 5:

Any and all documents related to or concerning correspondence between Rosalyn Herman and/or Gregg Caplitz and Dr. Meiselman regarding the FRN Plan and the subject life insurance policies.

REQUEST NO. 6:

Any and all documents related to or concerning correspondence between Gregg D. Caplitz and/or Rosalyn Herman and ING regarding a life insurance policy on Dr. Meiselman's life.

REQUEST NO. 7:

Any and all documents related to the application for Indianapolis Life Insurance policies on Hope and Rudy Meiselman's lives.

REQUEST NO. 8:

Any and all documents related to the rescission or cancellations of the subject life insurance policies.

REQUEST NO. 9:

Any and all documents related to the health or medical condition of Dr. Rudy and Hope Meiselman.

REQUEST NO. 10:

Any and all documents related to the administration of the FRN Plan.

REQUEST NO. 11:

Any and all documents related to the participants in the FRN Plan, including but not limited to the participants' holdings in the FRN Plan.

REQUEST NO. 12:

Any and all documents related to the creation and maintenance of the FRN Plan.

REQUEST NO. 13:

Any and all documents related to Dr. Rudy Meiselman's employment with FRN.

REQUEST NO. 14:

Any and all documents related to Gregg Caplitz's employment, association and/or relationship with FRN.

REQUEST NO. 15:

Any and all documents related to Dr. Meiselman's compensation, salary, wages or commission for employment with or consultation for FRN.

REQUEST NO. 16:

All documents reviewed, produced, or otherwise held by each expert witness you have retained to testify or otherwise give evidence in this action concerning your claims, such documents include, but are not limited to:

    (a)    reports, findings, examinations, tests, and opinions;

    (b)    all documents, and other materials, which relate to their activities, finding, or opinions in this action, including but not limited to, all reports, inquiries, internal memorandums, and correspondence in this action;

    (c)    all documents concerning the scope of matters each expert was retained or otherwise asked to perform for this action, including, but not limited to, any retained agreements, letters of understanding, correspondence, and other memoranda;

    (d)    all documents reviewed by each expert;

    (e)    all documents and other materials, specifically including exhibits, each expert intends to use in support of his/her testimony;

    (f)    invoices and statements of payment concerning their activities in this action; and

    (g)    each expert's curriculum vitae.

REQUEST NO. 17:

All documents prepared or reviewed by any fact witness you may call at trial, including, but not limited to, all statements prepared by, or taken from, fact witnesses.

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

Dated: August 31, 2005.

42617.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

| |
|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY<br><br>Plaintiff<br><br>v.<br><br>ROSALYN HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST, GREGG D. CAPLITZ, RUDY K. MEISELMAN, M.D. and HOPE E. MEISELMAN,<br><br>Defendants |

## PLAINTIFF, INDIANAPOLIS LIFE INSURANCE COMPANY'S INTERROGATORIES TO FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST

### DEFINITIONS

1.  When the term "policies" or "life insurance policies" is used in this request, it shall refer to policies numbered B05020665 and B05020799 and issued by Indianapolis Life Insurance Company, which are the subject of the Plaintiff, Indianapolis Life Insurance Company's Complaint.

2.  When the term "experts" is used it shall mean all persons whom you expect to call as expert witnesses at trial.

3.  "Relating to, concerning and referring to" shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or concerning.

4.  The terms "the plaintiff" and "Indianapolis Life" shall mean and refer to Indianapolis Life Insurance Company.

5.  The term "FRN" shall mean and refer to Financial Resources Network, Inc.

6.  The term "FRN Plan" shall refer to the defendant Financial Resources Network, Inc. Profit Sharing Plan and Trust.

7.    The term "Caplitz" shall mean and refer to the defendant Gregg D. Caplitz.

8.    The term "Herman" shall mean and refer to the defendant Rosalind Herman.

9.    The term "the Meiselmans" shall mean and refer to the defendants Dr. Rudy and Hope Meiselmans.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify yourself fully, giving your full name, social security number and address.

### INTERROGATORY NO. 2:

Please provide the name and address of each employee of FRN, including in your answer the start and end date of each employee.

### INTERROGATORY NO. 3:

Please identify all custodians and/or administrators of the FRN Plan by name and address.

### INTERROGATORY NO. 4:

Please identify all licenses or bonds held by each custodian or administrator of the FRN Plan related to its administration and/or investments.

### INTERROGATORY NO. 5:

Please describe in full and in complete detail the facts which you contend support your claim that the Indianapolis Life Insurance policies on the second to die of the Meiselmans should be reinstated.

### INTERROGATORY NO. 6:

Please describe fully and in complete and itemized detail all injuries or damages that you claim you suffered as a result of the rescission of the life insurance policies which are the subject of the Plaintiff's Complaint.

### INTERROGATORY NO. 7:

Have you ever discussed the application for the subject life insurance policies with any agent or representative of Indianapolis Life?  If yes, please provide the date and time of the discussion,

the name and address of individuals present during the discussion and the substance of the discussion.

**INTERROGATORY NO. 8:**

Have you ever discussed the rescission of the subject life insurance policies with any agent or representative of Indianapolis Life? If yes, please provide the date and time of the discussion, the name and address of individuals present during the discussion and the substance of the discussion.

**INTERROGATORY NO. 9:**

Have you ever discussed the application for the subject life insurance policies with the Meiselmans? If yes, please provide the date and time of the discussion, the name and address of individuals present during the discussion and the substance of the discussion.

**INTERROGATORY NO. 10:**

Have you ever discussed the rescission of the subject life insurance policies with the Meiselmans? If yes, please provide the date and time of the discussion, the name and address of individuals present during the discussion and the substance of the discussion.

**INTERROGATORY NO. 11:**

Please state the full name and last known address, giving the street, number, city and state of every witness known to you or to your attorneys, who has any knowledge regarding the facts and circumstances surrounding the application, issuance and/or rescission of the subject life insurance policies.

**INTERROGATORY NO. 12:**

Identify any recorded or written statement in your possession taken from any witness or persons with knowledge of the application, issuance and/or rescission of the subject life insurance policies or from any other witness with knowledge of discoverable information relevant to the matters alleged in the Complaint and the Defendants' Counterclaim.

**INTERROGATORY NO. 13:**

Please state and describe in full detail the FRN Plan's reasons for applying for life insurance policies on the lives of the Meiselmans.

**INTERROGATORY NO. 14**

Is it your contention that Dr. Meiselman did not have a change in health status after the initial application but prior to the execution to the Amendment to Application for the subject life insurance policies?

## INTERROGATORY NO. 15

Please identify all participants in the FRN Plan by name and address.

## INTERROGATORY NO. 16

Please identify each person you expect to call as an expert witness (including any witness that will offer opinion testimony) at the trial of this action, including as to each, their address, the nature of their specialization, qualifications, and the issue on which each expert will be called to testify.

## INTERROGATORY NO. 17

With respect to each such expert witness, please state specifying separately as to each expert, the substance of the facts and opinions to which each such expert is expected to testify, the summary of the grounds for each opinion of each such expert, including any observations or tests conducted by each such expert, and all documents upon which each such expert relies or makes reference to in their opinion.

Respectfully submitted,

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

Dated: August 31, 2005.

42972.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

## PLAINTIFF, INDIANAPOLIS LIFE INSURANCE COMPANY'S INTERROGATORIES TO ROSALYN HERMAN, TRUSTEE

### DEFINITIONS

1.  When the term "policies" or "life insurance policies" is used in this request, it shall refer to policies numbered B05020665 and B05020799 and issued by Indianapolis Life Insurance Company, which are the subject of the Plaintiff, Indianapolis Life Insurance Company's Complaint.

2.  When the term "experts" is used it shall mean all persons whom you expect to call as expert witnesses at trial.

3.  "Relating to, concerning and referring to" shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or concerning.

4.  The terms "the plaintiff" and "Indianapolis Life" shall mean and refer to Indianapolis Life Insurance Company.

5.  The term "FRN" shall mean and refer to Financial Resources Network, Inc.

6.  The term "FRN Plan" shall refer to the defendant Financial Resources Network, Inc. Profit Sharing Plan and Trust.

43022.1

7.    The term "Caplitz" shall mean and refer to the defendant Gregg D. Caplitz.

8.    The term "Herman" shall mean and refer to the defendant Rosalind Herman.

9.    The term "the Meiselmans" shall mean and refer to the defendants Dr. Rudy and Hope Meiselmans.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify yourself fully, giving your full name, social security number and address.

### INTERROGATORY NO. 2:

Please provide the name and address of each employee of FRN, including in your answer the start and end date of each employee.

### INTERROGATORY NO. 3:

Please identify all custodians and/or administrators of the FRN Plan by name and address.

### INTERROGATORY NO. 4:

Please identify all licenses or bonds held by each custodian or administrator of the FRN Plan related to its administration and/or investments.

### INTERROGATORY NO. 5:

Please describe in full and in complete detail the facts which you contend support your claim that the Indianapolis Life Insurance policies on the second to die of the Meiselmans should be reinstated.

### INTERROGATORY NO. 6:

Please describe fully and in complete and itemized detail all injuries or damages that you claim you suffered as a result of the rescission of the life insurance policies which are the subject of the Plaintiff's Complaint.

### INTERROGATORY NO. 7:

Have you ever discussed the application for the subject life insurance policies with any agent or representative of Indianapolis Life? If yes, please provide the date and time of the discussion,

43022.1

the name and address of individuals present during the discussion and the substance of the discussion.

## INTERROGATORY NO. 8:

Have you ever discussed the rescission of the subject life insurance policies with any agent or representative of Indianapolis Life? If yes, please provide the date and time of the discussion, the name and address of individuals present during the discussion and the substance of the discussion.

## INTERROGATORY NO. 9:

Have you ever discussed the application for the subject life insurance policies with the Meiselmans? If yes, please provide the date and time of the discussion, the name and address of individuals present during the discussion and the substance of the discussion.

## INTERROGATORY NO. 10:

Have you ever discussed the rescission of the subject life insurance policies with the Meiselmans? If yes, please provide the date and time of the discussion, the name and address of individuals present during the discussion and the substance of the discussion.

## INTERROGATORY NO. 11:

Please state the full name and last known address, giving the street, number, city and state of every witness known to you or to your attorneys, who has any knowledge regarding the facts and circumstances surrounding the application, issuance and/or rescission of the subject life insurance policies.

## INTERROGATORY NO. 12:

Identify any recorded or written statement in your possession taken from any witness or persons with knowledge of the application, issuance and/or rescission of the subject life insurance policies or from any other witness with knowledge of discoverable information relevant to the matters alleged in the Complaint and the Defendants' Counterclaim.

## INTERROGATORY NO. 13:

Please state and describe in full detail the FRN Plan's reasons for applying for life insurance policies on the lives of the Meiselmans.

## INTERROGATORY NO. 14

Is it your contention that Dr. Meiselman did not have a change in health status after the initial application but prior to the execution to the Amendment to Application for the subject life insurance policies?

## INTERROGATORY NO. 15

Please identify all participants in the FRN Plan by name and address.

## INTERROGATORY NO. 16

Please identify each person you expect to call as an expert witness (including any witness that will offer opinion testimony) at the trial of this action, including as to each, their address, the nature of their specialization, qualifications, and the issue on which each expert will be called to testify.

## INTERROGATORY NO. 17

With respect to each such expert witness, please state specifying separately as to each expert, the substance of the facts and opinions to which each such expert is expected to testify, the summary of the grounds for each opinion of each such expert, including any observations or tests conducted by each such expert, and all documents upon which each such expert relies or makes reference to in their opinion.

Respectfully submitted,

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

*Michele Calucci*

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

Dated: August 31, 2005.

43022.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

| |
|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY<br><br>Plaintiff<br><br>v.<br><br>ROSALYN HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST, GREGG D. CAPLITZ, RUDY K. MEISELMAN, M.D. and HOPE E. MEISELMAN,<br><br>Defendants |

## PLAINTIFF, INDIANAPOLIS LIFE INSURANCE COMPANY'S INTERROGATORIES TO GREGG CAPLITZ

## DEFINITIONS

1.  When the term "policies" or "life insurance policies" is used in this request, it shall refer to policies numbered B05020665 and B05020799 and issued by Indianapolis Life Insurance Company, which are the subject of the Plaintiff, Indianapolis Life Insurance Company's Complaint.

2.  When the term "experts" is used it shall mean all persons whom you expect to call as expert witnesses at trial.

3.  "Relating to, concerning and referring to" shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or concerning.

4.  The terms "the plaintiff" and "Indianapolis Life" shall mean and refer to Indianapolis Life Insurance Company.

5.  The term "FRN" shall mean and refer to Financial Resources Network, Inc.

6.  The term "FRN Plan" shall refer to the defendant Financial Resources Network, Inc. Profit Sharing Plan and Trust.

43023.1

7.    The term "Caplitz" shall mean and refer to the defendant Gregg D. Caplitz.

8.    The term "Herman" shall mean and refer to the defendant Rosalind Herman.

9.    The term "the Meiselmans" shall mean and refer to the defendants Dr. Rudy and Hope Meiselmans.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify yourself fully, giving your full name, social security number and address.

**INTERROGATORY NO. 2:**

Please provide the name and address of each employee of FRN, including in your answer the start and end date of each employee.

**INTERROGATORY NO. 3:**

Please identify all custodians and/or administrators of the FRN Plan by name and address.

**INTERROGATORY NO. 4:**

Please identify all licenses or bonds held by each custodian or administrator of the FRN Plan related to its administration and/or investments.

**INTERROGATORY NO. 5:**

Please describe in full and in complete detail the facts which you contend support your claim that the Indianapolis Life Insurance policies on the second to die of the Meiselmans should be reinstated.

**INTERROGATORY NO. 6:**

Please describe fully and in complete and itemized detail all injuries or damages that you claim you suffered as a result of the rescission of the life insurance policies which are the subject of the Plaintiff's Complaint.

**INTERROGATORY NO. 7:**

Have you ever discussed the application for the subject life insurance policies with any agent or representative of Indianapolis Life? If yes, please provide the date and time of the discussion,

43023.1

the name and address of individuals present during the discussion and the substance of the discussion.

## INTERROGATORY NO. 8:

Have you ever discussed the rescission of the subject life insurance policies with any agent or representative of Indianapolis Life? If yes, please provide the date and time of the discussion, the name and address of individuals present during the discussion and the substance of the discussion.

## INTERROGATORY NO. 9:

Have you ever discussed the application for the subject life insurance policies with the Meiselmans? If yes, please provide the date and time of the discussion, the name and address of individuals present during the discussion and the substance of the discussion.

## INTERROGATORY NO. 10:

Have you ever discussed the rescission of the subject life insurance policies with the Meiselmans? If yes, please provide the date and time of the discussion, the name and address of individuals present during the discussion and the substance of the discussion.

## INTERROGATORY NO. 11:

Please state the full name and last known address, giving the street, number, city and state of every witness known to you or to your attorneys, who has any knowledge regarding the facts and circumstances surrounding the application, issuance and/or rescission of the subject life insurance policies.

## INTERROGATORY NO. 12:

Identify any recorded or written statement in your possession taken from any witness or persons with knowledge of the application, issuance and/or rescission of the subject life insurance policies or from any other witness with knowledge of discoverable information relevant to the matters alleged in the Complaint and the Defendants' Counterclaim.

## INTERROGATORY NO. 13:

Please state and describe in full detail the FRN Plan's reasons for applying for life insurance policies on the lives of the Meiselmans.

## INTERROGATORY NO. 14

# EXHIBIT C

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

155 Federal Street, Boston, Massachusetts 02110-1727
Tel: (617) 422-5300   Fax: (617) 423-6917

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris*

———

www.wemed.com

**Michele Carlucci**
Writer's Ext.: 5416
CarlucciM@wemed.com

October 26, 2005

Wayne R. Murphy, Esq.
Murphy & Associates, P.C.
600 Atlantic Avenue
Boston, MA 02210

     Re:   Indianapolis Life Insurance Trust v. Roslyn Herman, et al
          Our File No.         :    04650.00003

Dear Attorney Murphy:

    As you are aware, the defendants' responses to Indianapolis Life's Request for Production of Documents and Answers to Interrogatories are overdue. Please advise us as to when we may expect them.

    Thank you for your anticipated prompt response.

Very truly yours,

William T. Bogaert
Michele Carlucci

WTB/dab

cc:   Charles Kazarian, Esq.

46614.1

# EXHIBIT D

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

155 Federal Street, Boston, Massachusetts 02110   Tel: (617) 422-5300   Fax: (617) 423-6917

*New York• Los Angeles •San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago • White Plains, NY*
*Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • McLean, VA • Stamford • London*
*Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich*

—

www.wemed.com

**William T. Bogaert**
Writer's Ext.: 5491
BogaertW@wemed.com

**Michele Carlucci**
Writer's Ext.: 5416
CarlucciM@wemed.com

December 7, 2005

**VIA FACSIMILE**

Wayne R. Murphy, Esq.
Murphy & Associates, P.C.
600 Atlantic Avenue
Boston, MA 02210
Facsimile No.: 617-227-7757

Re:   Indianapolis Life Insurance Company v. Rosalyn Herman, et al.
      Civil Action No.: 04-12481WGY
      Our File No.: 04650.00003

Dear Mr. Murphy:

As you are aware, we have previously written you regarding your overdue discovery responses. To date we have received no response from you as to when we may expect your clients' answers to interrogatories and response to request for production of documents. Pursuant to Local Rule 37.1, consider this a request for a discovery conference. Please call us so that we may arrange a convenient time for a telephone conference. If we do not here from you in this regard within seven (7) days, we will file a motion to compel.

Thank you for you attention to this matter.

Very truly yours,

*Michele Carlucci*

William T. Bogaert
Michele Carlucci

MC/dab

49065.1

Confirmation Report — Memory Send

Page        : 001
Date & Time: Dec-07-05  12:22
Line 1      : 617-423-6917
Line 2      :
Machine ID : WILSON ELSER MOSKOWITZ EDELMAN DICKER LP

| | | |
|---|---|---|
| Job number | : | 859 |
| Date | : | Dec-07 12:21 |
| To | : | ☎16172277757 |
| Number of pages | : | 002 |
| Start time | : | Dec-07 12:21 |
| End time | : | Dec-07 12:22 |
| Pages sent | : | 002 |
| Status | : | OK |
| Job number | : 859 | *** SEND SUCCESSFUL *** |

## WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
### FACSIMILE

155 Federal Street
Boston, Massachusetts 02110

From: Michele Carlucci, X-5416
CarlucciM@wemed.com

Date: December 7, 2005

Telephone #:    (617) 422-5300
Facsimile  #:    (617) 423-6917

Our File No.: 04650.00003

Re:    Indianapolis Life v. Rosalyn Herman, et al

The following facsimile has 2 page(s) including this cover page. If you have any difficulty, or if the transmission was incomplete, please advise:

| Name | Company | Fax Phone | Voice Phone |
|---|---|---|---|
| Wayne Murphy, Esq. | MURPHY & ASSOCIATES | 617-227-7757 | |
| | | | |
| | | | |
| | | | |

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us via postal service. Thank you.

New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago
White Plains, NY • Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • London
Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich • Wiesbaden

45768.1

# EXHIBIT E

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

155 Federal Street, Boston, Massachusetts 02110-1727
Tel: (617) 422-5300  Fax: (617) 423-6917

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris*

—

www.wemed.com

**William T. Bogaert**
Writer's Ext.: 5491
BogaertW@wemed.com

September 2, 2005

Wayne R. Murphy, Esq.
Murphy & Associates
600 Atlantic Avenue
Boston, MA 02210

Charles P. Kazarian, Esq.
Law Offices of Charles P. Kazarian, P.C.
77 North Washington Street
Boston, MA 02114

Re:    Indianapolis Life Insurance Co. v. Rosalyn Herman, et al.
       Civil Action No.: 04-12481-WGY
       <u>Our File No.: 04650.00003</u>

Gentlemen:

This will confirm that we have agreed to the following depositions:

1.    Friday, September 9, 2005 at 10:00 a.m. – Deposition of Dr. Rudy Meiselman, Wilson, Elser, Moskowitz, Edelman & Dicker, 155 Federal Street, Boston, MA ;

2.    Monday, September 19, 2005 at 9:00 a.m. – Deposition of Gregg Caplitz, Wilson, Elser, Moskowitz, Edelman & Dicker, 155 Federal Street, Boston, MA;

3.    Friday, September 23, 2005 at 9:00 a.m. – Deposition of Roslyn Herman, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 415 South Street, Suite 300, Las Vegas, Nevada; and

4.    Monday, September 26, 2005 through Wednesday, September 28, 2005 – Depositions of Indianapolis Life Insurance representatives.

43046.1

Wayne R. Murphy, Esq.
Charles P. Kazarian, Esq.
September 2, 2005
Page 2

We have enclosed with this correspondence deposition notices for Dr. Meiselman, Mr. Caplitz and Ms. Herman. It is my current intention to travel to Las Vegas to take Ms. Herman's deposition. I do not intend to have it video taped bit if either of you think it should be please give me a call.

I have also enclosed the Rule 30(b)(6) Notices of Deposition to Financial Resources Network, Inc. and Financial Resources Network, Inc. Profit Sharing Plan and Trust. Wayne, would you kindly advise as to whether Mr. Caplitz or Ms. Herman will be testifying in response to these 30(b)(6) Notices of Deposition. You will be receiving under separate cover our clients' supplementation of its Initial Voluntary Disclosure. Lastly, I would appreciate learning from Wayne who you intend to depose from our client. I have spoken with Mr. Pedigo who is available for deposition in Indianapolis on Monday, September 26, 2005.

I thank you in advance for your courtesy and cooperation. Should you have any questions, please do not hesitate to telephone me.

Very truly yours,

William T. Bogaert

Enclosures

43046.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

## NOTICE TO TAKE 30(b)(6) DEPOSITION OF
## FINANCIAL RESOURCES NETWORK, INC.

TO:    Charles P. Kazarian, Esq.                 Wayne R. Murphy, Esq.
       Law Office of Charles P. Kazarian, P.C.   Murphy & Associates
       77 North Washington Street                600 Atlantic Avenue
       Boston, MA 02114                          Boston, MA 02210

Please take notice that at 10:30 a.m. on Monday, September 19, 2005, at the offices of

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 155 Federal Street, Boston, Massachusetts,

the plaintiff will take the deposition of defendant, **Financial Resources Network, Inc.** upon oral

examination before a Notary Public or before some other officer authorized by law to take

depositions. The deposition will be recorded by stenotype machine or any other method agreed

to by the parties. The deponent is requested to bring with him or her all documents listed in

Attachment A.

42491.1

You are invited to attend and cross-examine.

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

*William T. Bogaert*

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the
foregoing pleading on all parties by mailing same,
postage prepaid, to all counsel of record.
Signed under the pains and penalties of perjury

Dated   *William T. Bogaert*
        9/2/05

42491.1

## ATTACHMENT A

1. The history of Financial Resources Network, Inc. ("FRN Plan") including its employees, principals and agents and its purpose and function.

2. Dr. Rudy Meiselman's employment, including his start date, end date and job description.

3. The relationship of Gregg Caplitz to Financial Resources, Inc.

4. The relationship of Rosalyn Herman to Financial Resources, Inc.

5. Any communications with Indianapolis Life Insurance Company, its agents and/or employees relevant to the FRN Plan and its participants.

6. Any communications with Gregg Caplitz related to Dr. Rudy Meiselman, his participation in the Plan, the FRN Plan and Indianapolis Life Insurance Company.

7. The FRN Plan.

8. Number of employees of Financial Network, Inc. participating in the Financial Resources Network, Inc. Profit Sharing Plan and Trust and the details of their participation, including the dates and extent of participation.

9. The qualifications and criteria for participation in the FRN Plan.

10. Dr. Rudy Meiselman's participation in the FRN Plan.

11. Rosalyn Herman's participation in the FRN Plan.

12. The Trustee of the Plan.

13. The Trustee's qualifications as fiduciary of the plan.

14. The identity of Administrator of the Plan.

15. The Trustee's investment licenses.

16. The history of FRN Plan, including its inception.

42491.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

## NOTICE TO TAKE 30(b)(6) DEPOSITION OF FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST

TO:    Charles P. Kazarian, Esq.          Wayne R. Murphy, Esq.
       Law Office of Charles P. Kazarian, P.C.    Murphy & Associates
       77 North Washington Street         600 Atlantic Avenue
       Boston, MA  02114                   Boston, MA 02210

Please take notice that at 10:00 a.m. on Monday, September 19, 2005, at the offices of

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 155 Federal Street, Boston, Massachusetts,

the plaintiff will take the deposition of defendant, **Financial Resources Network, Inc. Profit**

**Sharing Plan and Trust**, upon oral examination before a Notary Public or before some other

officer authorized by law to take depositions.  The deposition will be recorded by stenotype

machine or any other method agreed to by the parties.  The deponent is requested to bring with

him or her all documents listed in Attachment A.

42488.1

You are invited to attend and cross-examine.

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing pleading on all parties by mailing same, postage prepaid, to all counsel of record. Signed under the pains and penalties of perjury

Dated _____

42488.1

## ATTACHMENT A

1. Number of employees of Financial Network, Inc. participating in the Financial Resources Network, Inc. Profit Sharing Plan and Trust ("FRN Plan") and the details of their participation, including the dates and extent of participation.

2. The qualifications and criteria for participation in the FRN Plan.

3. Any and all communications with Indianapolis Life Insurance and its agents and/or representatives.

4. Dr. Rudy Meiselman's participation in the FRN Plan.

5. Rosalyn Herman's participation in the FRN Plan.

6. Any and all communication with Gregg Caplitz regarding Dr. Meiselman and the FRN Plan.

7. Gregg Caplitz's relationship to the FRN Plan.

8. The Trustee of the Plan.

9. The Trustee's qualifications as fiduciary of the plan.

10. The identity of Administrator of the Plan.

11. The Trustee's investment licenses.

12. The history of FRN Plan, including its inception.

42488.1