## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

No. 04-12481WGY

| |
|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY, |
| Plaintiffs |
| v. |
| ROSALYN HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST, GREGG D. CAPLITZ, RUDY K. MEISELMAN, M.D. and HOPE E. MEISELMAN, |
| Defendants |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS OF DEFENDANTS, ROSALYN HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC. PROFIT PLAN AND TRUST AND GREGG D. CAPLITZ**

Plaintiff, Indianapolis Life Insurance Company ("ILIC"), moves this Court pursuant to

Fed. R. Civ. P. 37(a)(2)(B) to compel the Defendants, Rosalyn Herman, Trustee, Financial

Resources Network, Inc. Profit Sharing Plan and Trust, Financial Resources Network, Inc. Profit

Sharing Plan and Trust and Gregg D. Caplitz ("Defendants"), to provide answers to

Interrogatories and responses to Request for Production of Documents.  As grounds in support of

this motion, the Plaintiff states the following:

## I.    BACKGROUND

On November 23, 2004, ILIC filed the above captioned civil action for declaratory relief pursuant to 28 U.S.C. §2201, seeking rescission of and a determination of its rights and obligations under ILIC Policy Nos. B05020665 and B05020799 both of which insure the "second to die" of Rudy K. Meiselman, M.D. and Hope Meiselman ("the Meiselman Defendants") and which were issued to the Financial Resources Network Inc. Profit Sharing Plan and Trust. The suit is also for Breach of Contract, Conversion and Unjust Enrichment against Defendant Gregg D. Caplitz for his retention of the agency commission in breach of his Agency Contract with ILIC between the Plaintiff and Caplitz.

The Defendants, Rosalyn Herman, Trustee, Financial Resources Network, Inc. Profit Sharing Plan and Trust, Financial Resources Network, Inc. Profit Sharing Plan and Trust and Gregg D. Caplitz, counter-claimed against the Plaintiff for Breach of Contract, Intentional and Negligent Interference with Fiduciary Duty, Conspiracy, Interference with Advantageous Business Relations and Violation of M.G.L. c. 93A.

The Meiselman Defendants cross-claimed against the Defendants, Rosalyn Herman, Trustee, Financial Resources Network, Inc. Profit Sharing Plan and Trust, Financial Resources Network, Inc. Profit Sharing Plan and Trust and Gregg D. Caplitz, for Declaratory Judgment, Breach of Employment Contract, Breach of Fiduciary Duty, Breach of Contract and Conversion. The Meiselmans have recently moved for a default judgment on their cross-claim, due to the Defendants' failure to respond.

## II.    ARGUMENT

The Plaintiff served Interrogatories and Requests for Production of Documents on the Defendants on August 31, 2005. [See attached Exhibits A-C].  On December 7, 2005, the Plaintiff wrote to the Defendants requesting a discovery conference pursuant to Local Rule 37.1. [See attached Exhibit D].  After repeated attempts to confer with Defendants' counsel regarding the overdue responses, Defendants' counsel finally agreed to provide discovery responses by December 30, 2005.  However, Defendants have not provided responses to date.  The Plaintiff is entitled to the Defendants' discovery responses.

The Plaintiff has moved this Honorable Court for an extension of time by which to file a motion for summary judgment up to and including January 30, 2006.  The Plaintiff requests that the Court compel the Defendants to provide discovery responses by January 20, 2006 so that the Plaintiff may have the responses prior to filing a summary judgment motion.

**WHEREFORE**, the Plaintiff, Indianapolis Life Insurance Company, requests that this Honorable Court order the Defendants to respond to Plaintiff's discovery requests by January 20, 2006.

Dated: January 5, 2006

Plaintiff, Indianapolis Life
Insurance Company
By its attorneys,

_____*/s Michele Carlucci*_____
William T. Bogaert, BBO #546321
Michele Carlucci, BBO #655211
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER  LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

49594.1

<u>Local Rule 37.1(B) Certification</u>

I, Michele Carlucci, certify that on December 7, 2005, I sent a letter via facsimile to Wayne Murphy, Esq., counsel for the Defendants, requesting a discovery conference. On December 22, 2005, Attorney Murphy requested an extension to respond to discovery until December 30, 2005. No responses have been received as of the filing of this motion.

<i>s/ Michele Carlucci</i>
Michele Carlucci

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

## PLAINTIFF, INDIANAPOLIS LIFE INSURANCE COMPANY'S REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST

### DEFINITIONS

1.  When the term "policies" or "life insurance policies" is used in this request, it shall refer to policies numbered B05020665 and B05020799 and issued by Indianapolis Life Insurance Company, which are the subject of the Plaintiff, Indianapolis Life Insurance Company's Complaint.

2.  When the term "experts" is used it shall mean all persons whom you expect to call as expert witnesses at trial.

3.  "Relating to, concerning and referring to" shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or concerning.

4.  When the term "documents" is used it shall mean all written, typewritten, computer generated, printed and photocopied, drawn, graphic, photographic, recorded, filmed and microfilmed materials of varied description. It includes, by way of illustration, but not of limitation, the following:

    a.  Books, logs, diaries, journals, ledgers, notebooks and reports;

42621.1

b.  Notes, narrative reports, medical records, medical bills, medical test results, MRI results, CT-Scan results, X-ray results, memoranda, letters, correspondence, telegrams and notations and records of telephone conversations;

c.  Photographs, films, microfilms, tapes, computer information of every nature and description, E-mails, discs, software, programs, videotapes and recordings;

d.  Mathematical and scientific formulae, testing data, computations and data; and

e.  Preliminary and/or final drafts and amended or modified versions or copies of any of the foregoing.

5.  The terms "the plaintiff" and "Indianapolis Life" shall mean and refer to Indianapolis Life Insurance Company.

6.  The term "FRN" shall mean and refer to Financial Resources Network, Inc.

7.  The term "FRN Plan" shall refer to the defendant Financial Resources Network, Inc. Profit Sharing Plan and Trust.

8.  The term "Caplitz" shall mean and refer to the defendant Gregg D. Caplitz.

9.  The term "Herman" shall mean and refer to the defendant Rosalind Herman.

10. The term "the Meiselmans" shall mean and refer to the defendants Dr. Rudy and Hope Meiselmans.

## REQUEST NO. 1:

A copy of any fidelity bonds, certificates or documents evidencing a fidelity bond issued to the following:

a.  FRN ;
b.  Rosalyn Herman;
c.  Gregg Caplitz; and
d.  the FRN Plan.

## REQUEST NO. 2:

Any and all documents related to or concerning correspondence between Gregg Caplitz and Indianapolis Life regarding the subject life insurance policies, which are the subject of the Plaintiff's Complaint, and the Meiselmans.

## REQUEST NO. 3:

Any and all documents related to or concerning correspondence between Rosalyn Herman and Gregg Caplitz regarding the subject policies and Dr. Meiselman's holdings in the Financial Resources Network, Inc. Profit Sharing Plan and Trust ("FRN Plan").

42621.1

REQUEST NO. 4:

Any and all documents related to or concerning correspondence between Financial Resources Network Inc. ("FRN"), including Rosalyn Herman, and Indianapolis Life Insurance Company ("Indianapolis Life") regarding the subject policies and the Meiselmans.

REQUEST NO. 5:

Any and all documents related to or concerning correspondence between Rosalyn Herman and/or Gregg Caplitz and Dr. Meiselman regarding the FRN Plan and the subject life insurance policies.

REQUEST NO. 6:

Any and all documents related to or concerning correspondence between Gregg D. Caplitz and/or Rosalyn Herman and ING regarding a life insurance policy on Dr. Meiselman's life.

REQUEST NO. 7:

Any and all documents related to the application for Indianapolis Life Insurance policies on Hope and Rudy Meiselman's lives.

REQUEST NO. 8:

Any and all documents related to the rescission or cancellations of the subject life insurance policies.

REQUEST NO. 9:

Any and all documents related to the health or medical condition of Dr. Rudy and Hope Meiselman.

REQUEST NO. 10:

Any and all documents related to the administration of the FRN Plan.

REQUEST NO. 11:

Any and all documents related to the participants in the FRN Plan, including but not limited to the participants' holdings in the FRN Plan.

REQUEST NO. 12:

Any and all documents related to the creation and maintenance of the FRN Plan.

42621.1

REQUEST NO. 13:

Any and all documents related to Dr. Rudy Meiselman's employment with FRN.

REQUEST NO. 14:

Any and all documents related to Gregg Caplitz's employment, association and/or relationship with FRN.

REQUEST NO. 15:

Any and all documents related to Dr. Meiselman's compensation, salary, wages or commission for employment with or consultation for FRN.

REQUEST NO. 16:

All documents reviewed, produced, or otherwise held by each expert witness you have retained to testify or otherwise give evidence in this action concerning your claims, such documents include, but are not limited to:

   (a)    reports, findings, examinations, tests, and opinions;

   (b)    all documents, and other materials, which relate to their activities, finding, or opinions in this action, including but not limited to, all reports, inquiries, internal memorandums, and correspondence in this action;

   (c)    all documents concerning the scope of matters each expert was retained or otherwise asked to perform for this action, including, but not limited to, any retained agreements, letters of understanding, correspondence, and other memoranda;

   (d)    all documents reviewed by each expert;

   (e)    all documents and other materials, specifically including exhibits, each expert intends to use in support of his/her testimony;

   (f)    invoices and statements of payment concerning their activities in this action; and

   (g)    each expert's curriculum vitae.

REQUEST NO. 17:

All documents prepared or reviewed by any fact witness you may call at trial, including, but not limited to, all statements prepared by, or taken from, fact witnesses.

42621.1

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

*Michele Carlucci*

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

Dated: August 31, 2005.

42621.1

## CERTIFICATE OF SERVICE

I, Michele Carlucci, Attorney representing plaintiff, Indiana Life Insurance Company hereby certify that I have this 31st day of August, 2005 served the within:

1. Plaintiff, Indianapolis Life Insurance Company's Interrogatories to Defendant, Gregg Caplitz;

2. Plaintiff, Indianapolis Life Insurance Company's Interrogatories to the Defendant, Rosalyn Herman;

3. Plaintiff, Indianapolis Life Insurance Company's Interrogatories to the Defendant, Financial Resources Network, Inc. Profit Sharing Plan and Trust.

4. Plaintiff, Indianapolis Life Insurance Company's Request for Production of Documents to the Defendant, Gregg Caplitz;

5. Plaintiff, Indianapolis Life Insurance Company's Request for Production of Documents to the Defendant, Rosalyn Herman;

6. Plaintiff, Indianapolis Life Insurance Company's Request for Production of Documents to the Defendant, Financial Resources Network, Inc. Profit Sharing Plan and Trust.

upon the attorneys of record, by mailing copies of same, postage paid, as follows:

Charles P. Kazarian, Esq.
Law Office of Charles P. Kazarian, P.C.
77 North Washington Street
Boston, MA  02114

Wayne R. Murphy, Esq.
Murphy & Associates
600 Atlantic Avenue
Boston, MA 02210

_Michele Carlucci_
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

43028.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

## PLAINTIFF, INDIANAPOLIS LIFE INSURANCE COMPANY'S INTERROGATORIES TO FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST

### DEFINITIONS

1.    When the term "policies" or "life insurance policies" is used in this request, it shall refer to policies numbered B05020665 and B05020799 and issued by Indianapolis Life Insurance Company, which are the subject of the Plaintiff, Indianapolis Life Insurance Company's Complaint.

2.    When the term "experts" is used it shall mean all persons whom you expect to call as expert witnesses at trial.

3.    "Relating to, concerning and referring to" shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or concerning.

4.    The terms "the plaintiff" and "Indianapolis Life" shall mean and refer to Indianapolis Life Insurance Company.

5.    The term "FRN" shall mean and refer to Financial Resources Network, Inc.

6.    The term "FRN Plan" shall refer to the defendant Financial Resources Network, Inc. Profit Sharing Plan and Trust.

7.     The term "Caplitz" shall mean and refer to the defendant Gregg D. Caplitz.

8.     The term "Herman" shall mean and refer to the defendant Rosalind Herman.

9.     The term "the Meiselmans" shall mean and refer to the defendants Dr. Rudy and Hope Meiselmans.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify yourself fully, giving your full name, social security number and address.

### INTERROGATORY NO. 2:

Please provide the name and address of each employee of FRN, including in your answer the start and end date of each employee.

### INTERROGATORY NO. 3:

Please identify all custodians and/or administrators of the FRN Plan by name and address.

### INTERROGATORY NO. 4:

Please identify all licenses or bonds held by each custodian or administrator of the FRN Plan related to its administration and/or investments.

### INTERROGATORY NO. 5:

Please describe in full and in complete detail the facts which you contend support your claim that the Indianapolis Life Insurance policies on the second to die of the Meiselmans should be reinstated.

### INTERROGATORY NO. 6:

Please describe fully and in complete and itemized detail all injuries or damages that you claim you suffered as a result of the rescission of the life insurance policies which are the subject of the Plaintiff's Complaint.

### INTERROGATORY NO. 7:

Have you ever discussed the application for the subject life insurance policies with any agent or representative of Indianapolis Life? If yes, please provide the date and time of the discussion,

42972.1

the name and address of individuals present during the discussion and the substance of the discussion.

**INTERROGATORY NO. 8:**

Have you ever discussed the rescission of the subject life insurance policies with any agent or representative of Indianapolis Life? If yes, please provide the date and time of the discussion, the name and address of individuals present during the discussion and the substance of the discussion.

**INTERROGATORY NO. 9:**

Have you ever discussed the application for the subject life insurance policies with the Meiselmans? If yes, please provide the date and time of the discussion, the name and address of individuals present during the discussion and the substance of the discussion.

**INTERROGATORY NO. 10:**

Have you ever discussed the rescission of the subject life insurance policies with the Meiselmans? If yes, please provide the date and time of the discussion, the name and address of individuals present during the discussion and the substance of the discussion.

**INTERROGATORY NO. 11:**

Please state the full name and last known address, giving the street, number, city and state of every witness known to you or to your attorneys, who has any knowledge regarding the facts and circumstances surrounding the application, issuance and/or rescission of the subject life insurance policies.

**INTERROGATORY NO. 12:**

Identify any recorded or written statement in your possession taken from any witness or persons with knowledge of the application, issuance and/or rescission of the subject life insurance policies or from any other witness with knowledge of discoverable information relevant to the matters alleged in the Complaint and the Defendants' Counterclaim.

**INTERROGATORY NO. 13:**

Please state and describe in full detail the FRN Plan's reasons for applying for life insurance policies on the lives of the Meiselmans.

**INTERROGATORY NO. 14**

42972.1

Is it your contention that Dr. Meiselman did not have a change in health status after the initial application but prior to the execution to the Amendment to Application for the subject life insurance policies?

## INTERROGATORY NO. 15

Please identify all participants in the FRN Plan by name and address.

## INTERROGATORY NO. 16

Please identify each person you expect to call as an expert witness (including any witness that will offer opinion testimony) at the trial of this action, including as to each, their address, the nature of their specialization, qualifications, and the issue on which each expert will be called to testify.

## INTERROGATORY NO. 17

With respect to each such expert witness, please state specifying separately as to each expert, the substance of the facts and opinions to which each such expert is expected to testify, the summary of the grounds for each opinion of each such expert, including any observations or tests conducted by each such expert, and all documents upon which each such expert relies or makes reference to in their opinion.

Respectfully submitted,

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

_Michele Carlucci_

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

Dated: August 31, 2005.

42972.1

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

**PLAINTIFF, INDIANAPOLIS LIFE INSURANCE COMPANY'S REQUEST FOR
PRODUCTION OF DOCUMENTS TO THE DEFENDANT, ROSALYN HERMAN**

### DEFINITIONS

1.  When the term "policies" or "life insurance policies" is used in this request, it shall refer
    to policies numbered B05020665 and B05020799 and issued by Indianapolis Life
    Insurance Company, which are the subject of the Plaintiff, Indianapolis Life Insurance
    Company's Complaint.

2.  When the term "experts" is used it shall mean all persons whom you expect to call as
    expert witnesses at trial.

3.  "Relating to, concerning and referring to" shall mean constituting, comprising,
    containing, setting forth, showing, disclosing, describing, explaining, summarizing,
    mentioning and/or concerning.

4.  When the term "documents" is used it shall mean all written, typewritten, computer
    generated, printed and photocopied, drawn, graphic, photographic, recorded, filmed and
    microfilmed materials of varied description. It includes, by way of illustration, but not of
    limitation, the following:

    a.  Books, logs, diaries, journals, ledgers, notebooks and reports;

42619.1

b. Notes, narrative reports, medical records, medical bills, medical test results, MRI results, CT-Scan results, X-ray results, memoranda, letters, correspondence, telegrams and notations and records of telephone conversations;

c. Photographs, films, microfilms, tapes, computer information of every nature and description, E-mails, discs, software, programs, videotapes and recordings;

d. Mathematical and scientific formulae, testing data, computations and data; and

e. Preliminary and/or final drafts and amended or modified versions or copies of any of the foregoing.

5. The terms "the plaintiff" and "Indianapolis Life" shall mean and refer to Indianapolis Life Insurance Company.

6. The term "FRN" shall mean and refer to Financial Resources Network, Inc.

7. The term "FRN Plan" shall refer to the defendant Financial Resources Network, Inc. Profit Sharing Plan and Trust.

8. The term "Caplitz" shall mean and refer to the defendant Gregg D. Caplitz.

9. The term "Herman" shall mean and refer to the defendant Rosalind Herman.

10. The term "the Meiselmans" shall mean and refer to the defendants Dr. Rudy and Hope Meiselmans.


REQUEST NO. 1:

A copy of any fidelity bonds, certificates or documents evidencing a fidelity bond issued to the following:
a. FRN ;
b. Rosalyn Herman;
c. Gregg Caplitz; and
d. the FRN Plan.

REQUEST NO. 2:

Any and all documents related to or concerning correspondence between Gregg Caplitz and Indianapolis Life regarding the subject life insurance policies, which are the subject of the Plaintiff's Complaint, and the Meiselmans.

REQUEST NO. 3:

Any and all documents related to or concerning correspondence between Rosalyn Herman and Gregg Caplitz regarding the subject policies and Dr. Meiselman's holdings in the Financial Resources Network, Inc. Profit Sharing Plan and Trust ("FRN Plan").

42619.1

REQUEST NO. 4:

Any and all documents related to or concerning correspondence between Financial Resources Network Inc. ("FRN"), including Rosalyn Herman, and Indianapolis Life Insurance Company ("Indianapolis Life") regarding the subject policies and the Meiselmans.

REQUEST NO. 5:

Any and all documents related to or concerning correspondence between Rosalyn Herman and/or Gregg Caplitz and Dr. Meiselman regarding the FRN Plan and the subject life insurance policies.

REQUEST NO. 6:

Any and all documents related to or concerning correspondence between Gregg D. Caplitz and/or Rosalyn Herman and ING regarding a life insurance policy on Dr. Meiselman's life.

REQUEST NO. 7:

Any and all documents related to the application for Indianapolis Life Insurance policies on Hope and Rudy Meiselman's lives.

REQUEST NO. 8:

Any and all documents related to the rescission or cancellations of the subject life insurance policies.

REQUEST NO. 9:

Any and all documents related to the health or medical condition of Dr. Rudy and Hope Meiselman.

REQUEST NO. 10:

Any and all documents related to the administration of the FRN Plan.

REQUEST NO. 11:

Any and all documents related to the participants in the FRN Plan, including but not limited to the participants' holdings in the FRN Plan.

REQUEST NO. 12:

Any and all documents related to the creation and maintenance of the FRN Plan.

REQUEST NO. 13:

Any and all documents related to Dr. Rudy Meiselman's employment with FRN.

REQUEST NO. 14:

Any and all documents related to Gregg Caplitz's employment, association and/or relationship with FRN.

REQUEST NO. 15:

Any and all documents related to Dr. Meiselman's compensation, salary, wages or commission for employment with or consultation for FRN.

REQUEST NO. 16:

All documents reviewed, produced, or otherwise held by each expert witness you have retained to testify or otherwise give evidence in this action concerning your claims, such documents include, but are not limited to:

    (a)    reports, findings, examinations, tests, and opinions;

    (b)    all documents, and other materials, which relate to their activities, finding, or opinions in this action, including but not limited to, all reports, inquiries, internal memorandums, and correspondence in this action;

    (c)    all documents concerning the scope of matters each expert was retained or otherwise asked to perform for this action, including, but not limited to, any retained agreements, letters of understanding, correspondence, and other memoranda;

    (d)    all documents reviewed by each expert;

    (e)    all documents and other materials, specifically including exhibits, each expert intends to use in support of his/her testimony;

    (f)    invoices and statements of payment concerning their activities in this action; and

    (g)    each expert's curriculum vitae.

REQUEST NO. 17:

All documents prepared or reviewed by any fact witness you may call at trial, including, but not limited to, all statements prepared by, or taken from, fact witnesses.

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

*Michele Calen*

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

Dated: August 31, 2005.

42619.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

---

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

---

## PLAINTIFF, INDIANAPOLIS LIFE INSURANCE COMPANY'S INTERROGATORIES TO ROSALYN HERMAN, TRUSTEE

### DEFINITIONS

1.   When the term "policies" or "life insurance policies" is used in this request, it shall refer to policies numbered B05020665 and B05020799 and issued by Indianapolis Life Insurance Company, which are the subject of the Plaintiff, Indianapolis Life Insurance Company's Complaint.

2.   When the term "experts" is used it shall mean all persons whom you expect to call as expert witnesses at trial.

3.   "Relating to, concerning and referring to" shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or concerning.

4.   The terms "the plaintiff" and "Indianapolis Life" shall mean and refer to Indianapolis Life Insurance Company.

5.   The term "FRN" shall mean and refer to Financial Resources Network, Inc.

6.   The term "FRN Plan" shall refer to the defendant Financial Resources Network, Inc. Profit Sharing Plan and Trust.

43022.1

7.    The term "Caplitz" shall mean and refer to the defendant Gregg D. Caplitz.

8.    The term "Herman" shall mean and refer to the defendant Rosalind Herman.

9.    The term "the Meiselmans" shall mean and refer to the defendants Dr. Rudy and Hope Meiselmans.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify yourself fully, giving your full name, social security number and address.

### INTERROGATORY NO. 2:

Please provide the name and address of each employee of FRN, including in your answer the start and end date of each employee.

### INTERROGATORY NO. 3:

Please identify all custodians and/or administrators of the FRN Plan by name and address.

### INTERROGATORY NO. 4:

Please identify all licenses or bonds held by each custodian or administrator of the FRN Plan related to its administration and/or investments.

### INTERROGATORY NO. 5:

Please describe in full and in complete detail the facts which you contend support your claim that the Indianapolis Life Insurance policies on the second to die of the Meiselmans should be reinstated.

### INTERROGATORY NO. 6:

Please describe fully and in complete and itemized detail all injuries or damages that you claim you suffered as a result of the rescission of the life insurance policies which are the subject of the Plaintiff's Complaint.

### INTERROGATORY NO. 7:

Have you ever discussed the application for the subject life insurance policies with any agent or representative of Indianapolis Life? If yes, please provide the date and time of the discussion,

43022.1

the name and address of individuals present during the discussion and the substance of the discussion.

**INTERROGATORY NO. 8:**

Have you ever discussed the rescission of the subject life insurance policies with any agent or representative of Indianapolis Life? If yes, please provide the date and time of the discussion, the name and address of individuals present during the discussion and the substance of the discussion.

**INTERROGATORY NO. 9:**

Have you ever discussed the application for the subject life insurance policies with the Meiselmans? If yes, please provide the date and time of the discussion, the name and address of individuals present during the discussion and the substance of the discussion.

**INTERROGATORY NO. 10:**

Have you ever discussed the rescission of the subject life insurance policies with the Meiselmans? If yes, please provide the date and time of the discussion, the name and address of individuals present during the discussion and the substance of the discussion.

**INTERROGATORY NO. 11:**

Please state the full name and last known address, giving the street, number, city and state of every witness known to you or to your attorneys, who has any knowledge regarding the facts and circumstances surrounding the application, issuance and/or rescission of the subject life insurance policies.

**INTERROGATORY NO. 12:**

Identify any recorded or written statement in your possession taken from any witness or persons with knowledge of the application, issuance and/or rescission of the subject life insurance policies or from any other witness with knowledge of discoverable information relevant to the matters alleged in the Complaint and the Defendants' Counterclaim.

**INTERROGATORY NO. 13:**

Please state and describe in full detail the FRN Plan's reasons for applying for life insurance policies on the lives of the Meiselmans.

**INTERROGATORY NO. 14**

Is it your contention that Dr. Meiselman did not have a change in health status after the initial application but prior to the execution to the Amendment to Application for the subject life insurance policies?

## INTERROGATORY NO. 15

Please identify all participants in the FRN Plan by name and address.

## INTERROGATORY NO. 16

Please identify each person you expect to call as an expert witness (including any witness that will offer opinion testimony) at the trial of this action, including as to each, their address, the nature of their specialization, qualifications, and the issue on which each expert will be called to testify.

## INTERROGATORY NO. 17

With respect to each such expert witness, please state specifying separately as to each expert, the substance of the facts and opinions to which each such expert is expected to testify, the summary of the grounds for each opinion of each such expert, including any observations or tests conducted by each such expert, and all documents upon which each such expert relies or makes reference to in their opinion.

Respectfully submitted,

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

*Michele Calucci*

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

Dated: August 31, 2005.

43022.1

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

## PLAINTIFF, INDIANAPOLIS LIFE INSURANCE COMPANY'S REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT, GREGG D. CAPLITZ

### DEFINITIONS

1.   When the term "policies" or "life insurance policies" is used in this request, it shall refer to policies numbered B05020665 and B05020799 and issued by Indianapolis Life Insurance Company, which are the subject of the Plaintiff, Indianapolis Life Insurance Company's Complaint.

2.   When the term "experts" is used it shall mean all persons whom you expect to call as expert witnesses at trial.

3.   "Relating to, concerning and referring to" shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or concerning.

4.   When the term "documents" is used it shall mean all written, typewritten, computer generated, printed and photocopied, drawn, graphic, photographic, recorded, filmed and microfilmed materials of varied description. It includes, by way of illustration, but not of limitation, the following:

    a.   Books, logs, diaries, journals, ledgers, notebooks and reports;

42617.1

b.   Notes, narrative reports, medical records, medical bills, medical test results, MRI results, CT-Scan results, X-ray results, memoranda, letters, correspondence, telegrams and notations and records of telephone conversations;

c.   Photographs, films, microfilms, tapes, computer information of every nature and description, E-mails, discs, software, programs, videotapes and recordings;

d.   Mathematical and scientific formulae, testing data, computations and data; and

e.   Preliminary and/or final drafts and amended or modified versions or copies of any of the foregoing.

5.   The terms "the plaintiff" and "Indianapolis Life" shall mean and refer to Indianapolis Life Insurance Company.

6.   The term "FRN" shall mean and refer to Financial Resources Network, Inc.

7.   The term "FRN Plan" shall refer to the defendant Financial Resources Network, Inc. Profit Sharing Plan and Trust.

8.   The term "Caplitz" shall mean and refer to the defendant Gregg D. Caplitz.

9.   The term "Herman" shall mean and refer to the defendant Rosalind Herman.

10.  The term "the Meiselmans" shall mean and refer to the defendants Dr. Rudy and Hope Meiselmans.


REQUEST NO. 1:

A copy of any fidelity bonds, certificates or documents evidencing a fidelity bond issued to the following:
a.   FRN ;
b.   Rosalyn Herman;
c.   Gregg Caplitz; and
d.   the FRN Plan.

REQUEST NO. 2:

Any and all documents related to or concerning correspondence between Gregg Caplitz and Indianapolis Life regarding the subject life insurance policies, which are the subject of the Plaintiff's Complaint, and the Meiselmans.

REQUEST NO. 3:

Any and all documents related to or concerning correspondence between Rosalyn Herman and Gregg Caplitz regarding the subject policies and Dr. Meiselman's holdings in the Financial Resources Network, Inc. Profit Sharing Plan and Trust ("FRN Plan").

42617.1

REQUEST NO. 4:

Any and all documents related to or concerning correspondence between Financial Resources Network Inc. ("FRN"), including Rosalyn Herman, and Indianapolis Life Insurance Company ("Indianapolis Life") regarding the subject policies and the Meiselmans.

REQUEST NO. 5:

Any and all documents related to or concerning correspondence between Rosalyn Herman and/or Gregg Caplitz and Dr. Meiselman regarding the FRN Plan and the subject life insurance policies.

REQUEST NO. 6:

Any and all documents related to or concerning correspondence between Gregg D. Caplitz and/or Rosalyn Herman and ING regarding a life insurance policy on Dr. Meiselman's life.

REQUEST NO. 7:

Any and all documents related to the application for Indianapolis Life Insurance policies on Hope and Rudy Meiselman's lives.

REQUEST NO. 8:

Any and all documents related to the rescission or cancellations of the subject life insurance policies.

REQUEST NO. 9:

Any and all documents related to the health or medical condition of Dr. Rudy and Hope Meiselman.

REQUEST NO. 10:

Any and all documents related to the administration of the FRN Plan.

REQUEST NO. 11:

Any and all documents related to the participants in the FRN Plan, including but not limited to the participants' holdings in the FRN Plan.

REQUEST NO. 12:

Any and all documents related to the creation and maintenance of the FRN Plan.

REQUEST NO. 13:

Any and all documents related to Dr. Rudy Meiselman's employment with FRN.

REQUEST NO. 14:

Any and all documents related to Gregg Caplitz's employment, association and/or relationship with FRN.

REQUEST NO. 15:

Any and all documents related to Dr. Meiselman's compensation, salary, wages or commission for employment with or consultation for FRN.

REQUEST NO. 16:

All documents reviewed, produced, or otherwise held by each expert witness you have retained to testify or otherwise give evidence in this action concerning your claims, such documents include, but are not limited to:

(a) reports, findings, examinations, tests, and opinions;

(b) all documents, and other materials, which relate to their activities, finding, or opinions in this action, including but not limited to, all reports, inquiries, internal memorandums, and correspondence in this action;

(c) all documents concerning the scope of matters each expert was retained or otherwise asked to perform for this action, including, but not limited to, any retained agreements, letters of understanding, correspondence, and other memoranda;

(d) all documents reviewed by each expert;

(e) all documents and other materials, specifically including exhibits, each expert intends to use in support of his/her testimony;

(f) invoices and statements of payment concerning their activities in this action; and

(g) each expert's curriculum vitae.

REQUEST NO. 17:

All documents prepared or reviewed by any fact witness you may call at trial, including, but not limited to, all statements prepared by, or taken from, fact witnesses.

42617.1

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

Dated: August 31, 2005.

42617.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

## PLAINTIFF, INDIANAPOLIS LIFE INSURANCE COMPANY'S INTERROGATORIES TO GREGG CAPLITZ

## DEFINITIONS

1.   When the term "policies" or "life insurance policies" is used in this request, it shall refer to policies numbered B05020665 and B05020799 and issued by Indianapolis Life Insurance Company, which are the subject of the Plaintiff, Indianapolis Life Insurance Company's Complaint.

2.   When the term "experts" is used it shall mean all persons whom you expect to call as expert witnesses at trial.

3.   "Relating to, concerning and referring to" shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or concerning.

4.   The terms "the plaintiff" and "Indianapolis Life" shall mean and refer to Indianapolis Life Insurance Company.

5.   The term "FRN" shall mean and refer to Financial Resources Network, Inc.

6.   The term "FRN Plan" shall refer to the defendant Financial Resources Network, Inc. Profit Sharing Plan and Trust.

7.  The term "Caplitz" shall mean and refer to the defendant Gregg D. Caplitz.

8.  The term "Herman" shall mean and refer to the defendant Rosalind Herman.

9.  The term "the Meiselmans" shall mean and refer to the defendants Dr. Rudy and Hope Meiselmans.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify yourself fully, giving your full name, social security number and address.

### INTERROGATORY NO. 2:

Please provide the name and address of each employee of FRN, including in your answer the start and end date of each employee.

### INTERROGATORY NO. 3:

Please identify all custodians and/or administrators of the FRN Plan by name and address.

### INTERROGATORY NO. 4:

Please identify all licenses or bonds held by each custodian or administrator of the FRN Plan related to its administration and/or investments.

### INTERROGATORY NO. 5:

Please describe in full and in complete detail the facts which you contend support your claim that the Indianapolis Life Insurance policies on the second to die of the Meiselmans should be reinstated.

### INTERROGATORY NO. 6:

Please describe fully and in complete and itemized detail all injuries or damages that you claim you suffered as a result of the rescission of the life insurance policies which are the subject of the Plaintiff's Complaint.

### INTERROGATORY NO. 7:

Have you ever discussed the application for the subject life insurance policies with any agent or representative of Indianapolis Life?  If yes, please provide the date and time of the discussion,

43023.1

the name and address of individuals present during the discussion and the substance of the discussion.

**INTERROGATORY NO. 8:**

Have you ever discussed the rescission of the subject life insurance policies with any agent or representative of Indianapolis Life? If yes, please provide the date and time of the discussion, the name and address of individuals present during the discussion and the substance of the discussion.

**INTERROGATORY NO. 9:**

Have you ever discussed the application for the subject life insurance policies with the Meiselmans? If yes, please provide the date and time of the discussion, the name and address of individuals present during the discussion and the substance of the discussion.

**INTERROGATORY NO. 10:**

Have you ever discussed the rescission of the subject life insurance policies with the Meiselmans? If yes, please provide the date and time of the discussion, the name and address of individuals present during the discussion and the substance of the discussion.

**INTERROGATORY NO. 11:**

Please state the full name and last known address, giving the street, number, city and state of every witness known to you or to your attorneys, who has any knowledge regarding the facts and circumstances surrounding the application, issuance and/or rescission of the subject life insurance policies.

**INTERROGATORY NO. 12:**

Identify any recorded or written statement in your possession taken from any witness or persons with knowledge of the application, issuance and/or rescission of the subject life insurance policies or from any other witness with knowledge of discoverable information relevant to the matters alleged in the Complaint and the Defendants' Counterclaim.

**INTERROGATORY NO. 13:**

Please state and describe in full detail the FRN Plan's reasons for applying for life insurance policies on the lives of the Meiselmans.

**INTERROGATORY NO. 14**

Is it your contention that Dr. Meiselman did not have a change in health status after the initial application but prior to the execution to the Amendment to Application for the subject life insurance policies?

## INTERROGATORY NO. 15

Please identify all participants in the FRN Plan by name and address.

## INTERROGATORY NO. 16

Please identify each person you expect to call as an expert witness (including any witness that will offer opinion testimony) at the trial of this action, including as to each, their address, the nature of their specialization, qualifications, and the issue on which each expert will be called to testify.

## INTERROGATORY NO. 17

With respect to each such expert witness, please state specifying separately as to each expert, the substance of the facts and opinions to which each such expert is expected to testify, the summary of the grounds for each opinion of each such expert, including any observations or tests conducted by each such expert, and all documents upon which each such expert relies or makes reference to in their opinion.

Respectfully submitted,

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

Dated: August 31, 2005.

43023.1

# EXHIBIT D

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

155 Federal Street, Boston, Massachusetts 02110   Tel: (617) 422-5300   Fax: (617) 423-6917

*New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago • White Plains, NY*
*Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • McLean, VA • Stamford • London*
*Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich*

—

www.wemed.com

**William T. Bogaert**
Writer's Ext.: 5491
BogaertW@wemed.com

**Michele Carlucci**
Writer's Ext.: 5416
CarlucciM@wemed.com

December 7, 2005

**VIA FACSIMILE**

Wayne R. Murphy, Esq.
Murphy & Associates, P.C.
600 Atlantic Avenue
Boston, MA 02210
Facsimile No.: 617-227-7757

Re:   Indianapolis Life Insurance Company v. Rosalyn Herman, et al.
      Civil Action No.: 04-12481WGY
      Our File No.: 04650.00003

Dear Mr. Murphy:

As you are aware, we have previously written you regarding your overdue discovery responses. To date we have received no response from you as to when we may expect your clients' answers to interrogatories and response to request for production of documents. Pursuant to Local Rule 37.1, consider this a request for a discovery conference. Please call us so that we may arrange a convenient time for a telephone conference. If we do not here from you in this regard within seven (7) days, we will file a motion to compel.

Thank you for you attention to this matter.

Very truly yours,

*Michele Carlucci*

William T. Bogaert
Michele Carlucci

MC/dab

49065.1