UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12481WGY

| | |
|---|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY | ) )  |
| Plaintiff | ) |
| vs. | ) ) |
| ROSALIND HERMAN, TRUSTEE, et al | ) ) |
| Defendants | ) |
| _____ | ) ) |
| RUDY K. MEISELMAN, M.D. | ) ) |
| Cross-Claim Plaintiff | ) ) |
| vs. | ) ) |
| ROSALIND HERMAN, TRUSTEE, et al | ) ) |
| Cross-Claim Defendants | ) ) |
| _____ | ) |

**MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT OF DEFAULT AGAINST CROSS-CLAIM DEFENDANTS PURSUANT TO RULE 54(b)**

**I. Procedural Posture**

This court has allowed a motion for default judgment in favor of defendant/cross-clamant Rudy Meiselman (Meiselman) in the sum of $938,640.14. Meiselman has requested issuance of an execution in this amount, even though less than all of the claims in this action have been adjudicated by the judgment issued to him. This court has expressed reluctance to issue the requested execution, ostensibly based upon the long-settled and prudential policy against the scattershot disposition of litigation as discussed in Spiegel v. Trustees of Tufts College, 843 F.2d 38, 44 (1st Cir. 1988), and Quinn v.

City of Boston, 325 F.3d 18 (1st Cir. 2003). Meiselman now respectfully moves the Court to make specific, detailed findings that there is no just reason for delay in entering separate and final judgment in his favor, which will in turn permit the Court to issue the requested execution, and states as grounds therefore the following.

**II. Summary of Argument**

In this circuit Rule 54(b) of the Federal Rules of Civil Procedure allows the immediate entry of a partial final judgment as to fewer than all of the claims in a multi-claim action "upon an express determination that there is no just reason for delay". Quinn, supra, 325 F.3d at 26. The underlying policy adopted in this circuit has been expressed as follows:

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.

Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42 (1st Cir. 1988), quoting Judge (now Justice) Kennedy in Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

Application of the test enunciated by Justice Kennedy to the facts of this case will demonstrate that there are no risks of multiplying the proceedings or enlarging appellate dockets, because there will be no basis for a non-frivolous appeal. Nothing has been adjudicated except the total failure of the plaintiff/cross-claim defendants to file or serve answers to the cross-claims asserted against them, which is an undisputed matter of record. The damages awarded by the court were properly based upon affidavits, with electronic notice to the plaintiffs/crossclaim defendants, who again simply failed to respond. Against all of that there is a simultaneously pressing need for Meiselman, who is

79 years of age, to put his financial affairs in order, and proceed to collection of his judgment. Moreover, as will be discussed below, the remaining claims involve Meiselman only as a percipient witness, with no overlap whatsoever between the remaining claims and those for which Meiselman now seeks separate and final judgment.

### III. Nature of The Findings Required To Support The Determination That There Is No Just Reason For Delay in Entering Partial Judgment

The law is firmly established in this circuit that a rote recital of Rule 54(b)'s talismanic phrase is not enough, in and of itself, to trump the wonted application of the final judgment rule. Spiegel, supra, 843 F.2d at 42. If a district court wishes to enter a partial final judgment on the ground that there is no just reason for delay, it should not only make that explicit determination but should also make specific findings and set forth its reasoning.

The party seeking the special dispensation which Rule 54(b) envisions has an obligation, at the very least, to point out the requirement and to ask that the court, should it grant the request, make a brief but particularized statement of its reasons. Spiegel, supra, 843 F.2d at 44 (fn 5).

Before proposing the subsidiary findings the Court should adopt in making the ultimate finding requested, Meiselman invites the Court's attention to the scope of Rule 54(b)'s exception to the final judgment rule. For example, in Quinn v. City of Boston, 325 F.3d 18 (1st Cir. 2003) the Court (even on a fact pattern lacking any express "no just reason for delay" findings by the District Judge) approved the finality of a less than full judgment, holding that due to the "discrete nature of the two sets of claims, the summary judgment decision appears to be "final in the sense that it is an ultimate disposition of . . . individual claims entered in the course of a multiple claims action." (citation omitted).

3

The court found that differences in the necessary proof between the resolved and ongoing claims are important to the determination, as are the separateness and distinctness of the legal issues. Where there will be no significant duplication of effort in litigating one set of claims to a conclusion and then addressing the remaining set of claims, the view held in the First Circuit is that this "strongly supports the finding of no just reason for delay (and, thus, the entry of a partial final judgment under Rule 54(b))." Quinn, supra 325 F.3d at 27.

**IV. Allowance of This Motion Will Cause No Duplication of Effort, As There Is No Overlap At All With The Remaining Claims**

The claims of ILIC against the defendants are completely different, both factually and legally, from Meiselman's crossclaims against them, as clearly shown by the pleadings on file. Meiselman prevails in his crossclaims based upon the continuing failure of the defendants to answer the crossclaims, but even if the crossclaims had been litigated on the merits, they are distinct factually and legally from the remaining claims, i.e., those brought against Indianapolis Life Insurance company (ILIC) against the defendants (all of whom are also the crossclaim defendants).

Meiselman's crossclaims essentially assert that the crossclaim defendants, who are or were related to his employer (FRN) and FRN profit sharing plan trustee, violated his rights under ERISA law by mishandling or otherwise causing the loss of monies in said profit sharing plan. He makes no allegation whatsoever against plaintiff ILIC.

The remaining claims, i.e, those of ILIC against the defendants, are for judicial confirmation of ILIC's rescission of a life insurance policy it had issued to the FRN profit sharing plan on the lives of Meiselman and his wife; and for refund of the commission it paid to defendant Caplitz for placing that life insurance policy. Meiselman makes no

4

mention whatsoever of the ILIC insurance policy in his crossclaims against defendants, and makes no claim against them that in the slightest way turns upon the outcome of the ILIC claims. ILIC has named Meiselman as a defendant in its claims, but this is obviously only a formality, and in any event Meiselman responded by admitting that ILIC is entitled to rescission. There is no fair reading of the ILIC claims that would suggest the existence of any material overlap between those claims and Meiselman's crossclaims.

**Proposed Findings**

Meiselman respectfully proposes the following findings for the Court's consideration:

1. There is no just reason for delay in entering separate and final judgment for defendant/crossclaimant Meisleman on the allowance of his motion for entry of default judgment.

2. A careful review of the pleadings on file with this Court demonstrates that there is no material factual or legal overlap between Meiselman's claims and the remaining claims, i.e, those of ILIC against the defendants. The defendants/crossclaim defendants were or are related to Meiselman's employer and the trustee of a profit sharing plan established for Meiselman's benefit under ERISA by his employer. ILIC claims only that these defendants improperly procured a life insurance policy on the lives of Meiselman and his wife, and seeks the remedies of rescission and refund of the commission paid to one of the defendants for placement of same. ILIC names Meiselman as a defendant, and Meiselman has admitted that rescission is warranted.

5

3. For his part, Meiselman, does not in his crossclaim address the insurance policy or the commission paid thereupon. He seeks damages against the defendants only for their wrongful handling/misappropriation of certain funds in his profit sharing plan account.

4. Allowance of the motion for separate and final judgment in this default situation carries no significant risk of multiplying the number of proceedings or overcrowding the appellate docket.

**Conclusion**

For all of the forgoing reasons, Meiselman respectfully requests that this Court make the required findings and enter separate and final judgment for him on his crossclaims in the amount of $938,640.14.

Dated: January 6, 2006

>RUDY K. MEISELMAN
>CROSS-CLAIM PLAINTIFF
>By his attorney,
>LAW OFFICE OF CHARLES P. KAZARIAN, P.C.
>
>/s/ Charles P. Kazarian
>_____
>Charles P. Kazarian, Esquire
>77 North Washington Street
>Boston, Massachusetts 02114
>BBO#: 262660
>(617) 723-6676