# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY<br><br>Plaintiff,<br>v.<br><br>ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST, GREGG D. CAPLITZ, RUDY K. MEISELMAN, M.D., and HOPE E. MEISELMAN,<br><br>Defendants. | )<br>)<br>)CIVIL ACTION NO.: 04-12481-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND FOR DEFAULT JUDGMENT FOR DEFENDANTS' FAILURE TO PROVIDE WRITTEN DISCOVERY RESPONSES AND DEFENDANT HERMAN'S FAILURE TO GIVE DEPOSITION TESTIMONY

NOW COMES the plaintiff, Indianapolis Life Insurance Company, and moves this Honorable Court pursuant to Fed. R. Civ. P. 37(d) and specifically request that this Honorable Court grant the following:

a)    dismiss the Defendants, Financial Resources Network Inc, Profit Sharing Plan and Trust ("the FRN Plan") and Gregg Caplitz's ("Caplitz") counterclaims, with prejudice;

b)    enter a default judgment against the Defendants, Caplitz, Rosalind Herman ("Herman"), and the FRN Plan; or in the alternative

1

c)    preclude Herman from offering any evidence in this matter by way of affidavit or testimony.

In support of this motion, the Plaintiff states that the Defendants, the FRN Plan, Herman and Caplitz have all failed to provide responses to written discovery requests, and Herman has repeatedly failed to appear for her validly scheduled deposition.  As further grounds, the Plaintiff states:

Fed. R. Civ. P. Rule 37 allows for the dismissal or default of the party who has failed to cooperate in discovery.  Fed. R. Civ. P. 37(d) & 37(b)(2)(C) & (C); See also Guex v. Allmerica Fin. Life Ins. & Annuity Co., 146 F.3d 40, 41 (1st Cir. 1998)  In the alternative, the Rule allows for an order precluding the disobedient party from introducing designated matters in evidence.  Fed. R. Civ. P. 37(d) & 37(b)(2)(B).  Dismissal or a default judgment is appropriate when the disobedient party has failed to cooperate in discovery, without excuse.  "The most severe in the spectrum of sanctions provided by sanction or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976); see also Roadway  [*42]  Express, Inc. v. Piper, 447 U.S. 752, 763-64, 65 L. Ed. 2d 488, 100 S. Ct. 2455 (1980).  There is also "nothing in the rule that states or suggests that the sanction of dismissal can be used only after all the other sanctions [available under Rule 37] have been considered or tried." Damiani v. Rhode Island Hosp., 704 F.2d 12, 15 (1st Cir. 1988).   See also Guex v. Allmerica Fin. Life Ins. & Annuity Co., 146 F.3d 40, 41-42 (1st Cir. 1998)

2

The defendant Herman has repeatedly failed to appear for her deposition. The plaintiff first noticed her deposition to take place on August 12, 2005, but through no fault of the plaintiff, her deposition has yet to be completed. See Notices of Deposition, Exhibit A. The Plaintiff has noticed the deposition of the Herman **eight (8)** times to take place in Las Vegas, her place of residence, for her own convenience. See Exhibit A. Plaintiff noticed her deposition to take place on August 12, 2005, then September 23, 2005, and then October 17, 2005. See Exhibit A. On the first notice Defendant's counsel did not receive the notice as it was sent to his firm's former address. Defendant's counsel then confirmed the second notice, but later requested a continuance. On the third notice, Defendant's counsel simply refused to respond to counsel for the Plaintiff to confirm that the deposition scheduled for October 17, 2005 would go forward as noticed, despite Plaintiff's counsel repeated attempts to contact counsel. Defendants' counsel has repeatedly sought continuations or re-scheduling of Herman's deposition. Herman's deposition was again noticed to take place November 4, 2005 and subsequently November 14, 2005, which again were continued at defendants' counsel's request. See Exhibit A. Herman's deposition, scheduled to take place on November 21, 2005, had to be postponed due to a life-threatening illness in Defendant counsel's family. See Exhibit A. Herman's deposition was then noticed to take place on December 20, 2005 in Las Vegas by agreement with counsel. See Exhibit A. Yet again Defendant's counsel cancelled the deposition due to the illness in his family. Finally, Defendant's counsel agreed to December 28, 2005, but at 4:30 p.m. the day before the deposition cancelled, stating that no one from his office had made him the necessary travel arrangements or notified the deponent of her deposition. Plaintiff's counsel made one last attempt

scheduling Herman's deposition by writing to Defendants' counsel and proposing that she appear on either January 9th, 10th, 12th or 13th, this time to take place in Boston, but Defendant's counsel has failed to respond in any manner.  See 1/4/06 letter from Attorney Bogaert to Attorney Murphy, attached as Exhibit B.

The Defendants' repeated stalling has completely frustrated the efficient administration of justice and has wasted the Court's time by compelling the Plaintiff to resort to repeated motions in order to obtain the necessary discovery and extensions of time.  Plaintiff's repeatedly extended professional courtesy to counsel, each time with the agreement from counsel that the new date was confirmed.  Plaintiff's counsel has repeatedly sought to work cooperatively in the scheduling and confirming Herman's deposition in large measure to avoid the Plaintiff's incurring the time and expense of travel to Las Vegas for a deposition.  Plaintiff should not be prejudiced by Defendants' scheduling difficulties, if not stalling tactics.

The Plaintiff served Interrogatories and Requests for Production of Documents on the Defendants on August 31, 2005. [See Exhibit C].  On December 7, 2005, the Plaintiff wrote to the Defendants requesting a discovery conference pursuant to Local Rule 37.1. [See attached Exhibit D].  After repeated attempts to confer with Defendants' counsel regarding the overdue responses, Defendants' counsel finally agreed to provide discovery responses by December 30, 2005.  However, Defendants have not provided responses to date and the Plaintiff was forced to file a Motion to Compel on January 5, 2006 (Document #42).  The Court had not yet moved on the pending motion, and in the meantime, as a courtesy, Plaintiff's counsel provided defendants' counsel at his request with another copy of the discovery requests on January 9, 2006.

4

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion and order and enter an order of default against the Defendants, FRN, Inc., the FRN Plan, Herman and Caplitz and dismiss the Defendants' counterclaims. In the alternative, the Plaintiff request that the Court preclude Herman from submitting affidavits in response to Plaintiff's pending motion for summary judgment and from testifying at trial.

Dated: January 20, 2006

Plaintiff, Indianapolis Life
Insurance Company
By its attorneys,


_____/s Michele Carlucci___
William T. Bogaert, BBO #546321
Michele Carlucci, BBO #655211
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER  LLP
155 Federal Street
Boston, MA 02110

5

51326.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

| TO: | Charles P. Kazarian, Esq. | Wayne R. Murphy, Esq. |
|---|---|---|
|  | Law Office of Charles P. Kazarian, P.C. | Murphy & Associates |
|  | 77 North Washington Street | 43 Bowdoin Street |
|  | Boston, MA 02114 | Boston, MA 02114 |

Please take notice that at 10:00 a.m. on Friday, August 12, 2005, at the office of

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 155 Federal Street, 5th Floor,

Boston, MA the plaintiff in this action by their attorney will take the deposition of the defendant,

Rosalyn Herman, upon oral examination before a Notary Public or before some other officer

authorized by law to take depositions. The deposition will be recorded by stenotype machine or

any other method agreed to by the parties.

41389.1

Dated at Boston, Massachusetts this 27th day of July, 2005.

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

2

41389.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

---

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

---

## NOTICE OF DEPOSITION

TO:    Charles P. Kazarian, Esq.              Wayne R. Murphy, Esq.
       Law Office of Charles P. Kazarian,     Murphy & Associates
       P.C.                                   43 Bowdoin Street
       77 North Washington Street             Boston, MA 02114
       Boston, MA  02114

Please take notice that at **9:00 a.m.** on **Friday, September 23, 2005**, at the offices of

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 415 South 6th Street,**

**Suite 300, Las Vegas, Nevada**, the plaintiff in this action by their attorney will take the

deposition of the defendant, **Rosalyn Herman**, upon oral examination before a Notary Public or

before some other officer authorized by law to take depositions. The deposition will be recorded

by stenotype machine or any other method agreed to by the parties.

Dated at Boston, Massachusetts this 2nd day of September, 2005.

41389.2

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

_William T. Bogaert_

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

2

41389.2

## CERTIFICATE OF SERVICE

I, William T. Bogaert, attorney representing plaintiff, Indiana Life Insurance Company hereby certify that I have this 2nd day of September, 2005 served the within:

1.    Notice of Taking Deposition of Defendant, Rosalyn Herman;

upon the attorneys of record, by mailing copies of same, postage paid, as follows:

Charles P. Kazarian, Esq.
Law Office of Charles P. Kazarian, P.C.
77 North Washington Street
Boston, MA  02114

Wayne R. Murphy, Esq.
Murphy & Associates
43 Bowdoin Street
Boston, MA 02114

_____
William T. Bogaert

3

41389.2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALYN HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

## RE-NOTICE OF TAKING DEPOSITION

TO:    Charles P. Kazarian, Esq.               Wayne R. Murphy, Esq.
       Law Office of Charles P. Kazarian,      Murphy & Associates
       P.C.                                    43 Bowdoin Street
       77 North Washington Street              Boston, MA 02114
       Boston, MA  02114

Please take notice that at **10:00 a.m.** on **Monday, October 17, 2005**, at the offices of

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 415 South 6th Street,**

**Suite 300, Las Vegas, Nevada**, the plaintiff in this action by its attorney will take the deposition

of the defendant, **Rosalyn Herman**, upon oral examination before a Notary Public or before

some other officer authorized by law to take depositions. The deposition will be recorded by

stenotype machine or any other method agreed to by the parties.

Dated at Boston, Massachusetts this 12th  day of October, 2005.

45759.1

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

## CERTIFICATE OF SERVICE

I, William T. Bogaert, counsel representing plaintiff, Indiana Life Insurance Company hereby certify that I have on this 12th day of October, 2005 served the foregoing *Re-Notice of Taking Deposition of Rosalyn Herman*, upon the attorneys of record, by mailing copies of same, postage paid, as follows:

Charles P. Kazarian, Esq.
Law Office of Charles P. Kazarian, P.C.
77 North Washington Street
Boston, MA 02114

Wayne R. Murphy, Esq.
Murphy & Associates
43 Bowdoin Street
Boston, MA 02114

William T. Bogaert

45759.1

MURPHY & ASSOCIATES, P.C.
COUNSELLORS AT LAW

600 ATLANTIC AVENUE, BOSTON, MASSACHUSETTS 02210
617-227-7777 • Fax 617-227-7757

WAYNE R. MURPHY

October 12, 2005

Mr. William T. Bogaert
Wilson, Elser
155 Federal Street
Boston, MA 02210

**Via Facsimile and 1st Class Mail**

*Re: Deposition of Rosalind Herman*

Dear Mr. Bogaert,

I am presently scheduled to begin a jury trial in the Ayer District Court on Monday October 17, 2005. I have had communication with the prosecutor's office in Ayer and am making efforts to move the case (*Commonwealth v. Noble*).

I will keep you advised accordingly. Thank you for your time and attention to this matter.

Very truly yours,

Wayne R. Murphy
*Dictated Not Read*

cc. C. Kazarian, Esq. *(via fax)*
    File

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALIND HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

## RE-NOTICE OF DEPOSITION

**TO:**  Charles P. Kazarian, Esq.          Wayne R. Murphy, Esq.
Law Office of Charles P. Kazarian, P.C.   Murphy & Associates
77 North Washington Street               600 Atlantic Avenue
Boston, MA  02114                        Boston, MA 02210

Please take notice that at **10:00 a.m.** on **Friday, November 4, 2005**, at the offices of

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 415 South 6th Street,**

**Suite 300, Las Vegas, Nevada**, the plaintiff in this action by their attorney will take the

deposition of the defendant, **Rosalind Herman**, upon oral examination before a Notary Public or

before some other officer authorized by law to take depositions.  The deposition will be recorded

by stenotype machine or any other method agreed to by the parties.

46759.1

You are invited to attend and cross-examine.

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

Dated:    10/27/05

2

46759.1

<u>CERTIFICATE OF SERVICE</u>

I, William T. Bogaert, attorney representing plaintiff, Indiana Life Insurance Company hereby certify that I have this 27th day of October, 2005 served the within:

1.    Re-Notice of Taking Deposition of Defendant, Rosalind Herman;

upon the attorneys of record, by mailing copies of same, postage paid, as follows:

Charles P. Kazarian, Esq.
Law Office of Charles P. Kazarian, P.C.
77 North Washington Street
Boston, MA 02114

Wayne R. Murphy, Esq.
Murphy & Associates
600 Atlantic Avenue
Boston, MA 02210

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

3

46759.1

11/04/2005 11:03 FAX                                                   002/002

## MURPHY & ASSOCIATES, P.C.
### COUNSELLORS AT LAW

600 ATLANTIC AVENUE, BOSTON, MASSACHUSETTS 02210
617-227-7777 • FAX 617-227-7757

WAYNE R. MURPHY

November 4, 2005

Mr. William Bogaert, Esq.
Wilson, Elser
155 Federal Street
Boston, MA 02110

*Re: Indianapolis Life v. Herman, Trustee, et al*    *Via facsimile only 617 423 6917*

Dear Attorney Bogaert,

    This letter will confirm that the deposition of Ms. Rosalind Herman will take place in Las Vegas, Nevada on Monday November 14, 2005 at the local offices of Wilson, Elser.

    Thank you for your time and attention to this matter.

Very truly yours,

Wayne R. Murphy

cc. File

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-12481 WGY

---

INDIANAPOLIS LIFE INSURANCE COMPANY

Plaintiff

v.

ROSALIND HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC. PROFIT
SHARING PLAN AND TRUST, GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN,

Defendants

---

## RE-NOTICE OF DEPOSITION

TO:  Charles P. Kazarian, Esq.            Wayne R. Murphy, Esq.
     Law Office of Charles P. Kazarian, P.C.     Murphy & Associates
     77 North Washington Street            600 Atlantic Avenue
     Boston, MA 02114                Boston, MA 02210

Please take notice that at **10:00 a.m.** on **Tuesday, December 20, 2005**, at the offices of

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 415 South 6th Street,**

**Suite 300, Las Vegas, Nevada,** the plaintiff in this action by their attorney will take the

deposition of the defendant, **Rosalind Herman,** upon oral examination before a Notary Public or

before some other officer authorized by law to take depositions.  The deposition will be recorded

by stenotype machine or any other method agreed to by the parties.

49187.1

You are invited to attend and cross-examine.

INDIANAPOLIS LIFE INSURANCE COMPANY

By its attorneys,

William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

Dated: _____12/8/05_____

2

49187.1

<u>CERTIFICATE OF SERVICE</u>

I, Michele Carlucci, attorney representing plaintiff, Indiana Life Insurance Company hereby certify that I have this 8th day of December, 2005 served the within:

1.      Re-Notice of Taking Deposition of Defendant, Rosalind Herman;

upon the attorneys of record, by mailing copies of same, postage paid, as follows:

Charles P. Kazarian, Esq.
Law Office of Charles P. Kazarian, P.C.
77 North Washington Street
Boston, MA  02114

Wayne R. Murphy, Esq.
Murphy & Associates
600 Atlantic Avenue
Boston, MA 02210

_____
William T. Bogaert, BBO#546321
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

3

49187.1

# EXHIBIT B

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

155 Federal Street, Boston, Massachusetts 02110-1727
Tel: (617) 422-5300  Fax: (617) 423-6917

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris*

—

www.wemed.com

**William T. Bogaert**
Writer's Ext.: 5491
BogaertW@wemed.com

January 4, 2006

**VIA FACSIMILE**

Wayne R. Murphy, Esq.
Murphy & Associates, P.C.
600 Atlantic Avenue
Boston, MA 02210
Facsimile No.: 617-227-7757

Re:    Indianapolis Life Insurance Trust v. Roslyn Herman, et al
       <u>Our File No.</u>        :      04650.00003

Dear Wayne:

Despite my best efforts over the last six months to take the deposition of your client Rosalind Herman, I have been prevented from doing so. Most recently, you and I agreed that Ms. Herman's deposition would be taken on <u>Wednesday, December 28, 2005</u> in our Las Vegas office. This deposition was rescheduled from a proposed December 20, 2005 date which was rescheduled from an agreed to date of November 21, 2005. The December 28th deposition was cancelled by you at 4:30 p.m. just before I was to leave for my flight.   Today, I have sought to complete this necessary discovery without the Court's intervention. However, at this time, it appears that either you or your client are unwilling to have Ms. Herman appear for her deposition. Accordingly, unless I receive your commitment that Ms. Herman will appear at a deposition in our offices in Boston on either Monday, January 9th; Tuesday, January 10th; Thursday, January 12th or Friday, January 13th, I will file a motion with the Court to compel her appearance and to obtain other sanctions. I trust that this will not be necessary and look forward to your immediate response.

Further, despite your agreement to the contrary, we did not receive your client's answers to our interrogatories on Friday, December 30th. Accordingly, we are filing a motion to compel those discovery responses. While it is my sincere desire to cooperate with your office in completing discovery in this matter, I cannot let my client's interests be jeopardized by your office or your client's unwillingness timely address these outstanding discovery issues.

50472.1

File No.: ·04650.00003
January 4, 2006
Page 2

     Please feel free to telephone me if you have any questions.

                                           Very truly yours,

                                           William T. Bogaert

WTB/mdk

cc:    Charles Kazarian, Esq.
       Rich Cohan, Esq.

# EXHIBIT C

## CERTIFICATE OF SERVICE

I, Michele Carlucci, Attorney representing plaintiff, Indiana Life Insurance Company hereby certify that I have this 31st day of August, 2005 served the within:

1.  Plaintiff, Indianapolis Life Insurance Company's Interrogatories to Defendant, Gregg Caplitz;

2.  Plaintiff, Indianapolis Life Insurance Company's Interrogatories to the Defendant, Rosalyn Herman;

3.  Plaintiff, Indianapolis Life Insurance Company's Interrogatories to the Defendant, Financial Resources Network, Inc. Profit Sharing Plan and Trust.

4.  Plaintiff, Indianapolis Life Insurance Company's Request for Production of Documents to the Defendant, Gregg Caplitz;

5.  Plaintiff, Indianapolis Life Insurance Company's Request for Production of Documents to the Defendant, Rosalyn Herman;

6.  Plaintiff, Indianapolis Life Insurance Company's Request for Production of Documents to the Defendant, Financial Resources Network, Inc. Profit Sharing Plan and Trust.

upon the attorneys of record, by mailing copies of same, postage paid, as follows:

Charles P. Kazarian, Esq.
Law Office of Charles P. Kazarian, P.C.
77 North Washington Street
Boston, MA 02114

Wayne R. Murphy, Esq.
Murphy & Associates
600 Atlantic Avenue
Boston, MA 02210

Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
617-422-5300

43028.1

# EXHIBIT D

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

155 Federal Street, Boston, Massachusetts 02110   Tel: (617) 422-5300   Fax: (617) 423-6917

New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago • White Plains, NY
Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • McLean, VA • Stamford • London
Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich

www.wemed.com

**William T. Bogaert**
Writer's Ext.: 5491
BogaertW@wemed.com

**Michele Carlucci**
Writer's Ext.: 5416
CarlucciM@wemed.com

December 7, 2005

**VIA FACSIMILE**

Wayne R. Murphy, Esq.
Murphy & Associates, P.C.
600 Atlantic Avenue
Boston, MA 02210
Facsimile No.: 617-227-7757

     Re:   Indianapolis Life Insurance Company v. Rosalyn Herman, et al.
           Civil Action No.: 04-12481WGY
           <u>Our File No.: 04650.00003</u>

Dear Mr. Murphy:

    As you are aware, we have previously written you regarding your overdue discovery responses. To date we have received no response from you as to when we may expect your clients' answers to interrogatories and response to request for production of documents. Pursuant to Local Rule 37.1, consider this a request for a discovery conference. Please call us so that we may arrange a convenient time for a telephone conference. If we do not here from you in this regard within seven (7) days, we will file a motion to compel.

    Thank you for you attention to this matter.

                          Very truly yours,

                          *Michele Carlucci*

                          William T. Bogaert
                          Michele Carlucci

MC/dab

49065.1

Confirmation Report — Memory Send

Page       : 001
Date & Time: Dec-07-05  12:22
Line 1     : 617-423-6917
Line 2     :
Machine ID : WILSON ELSER MOSKOWITZ EDELMAN DICKER LP

| | | |
|---|---|---|
| Job number | : | 859 |
| Date | : | Dec-07 12:21 |
| To | : | ☎16172277757 |
| Number of pages | : | 002 |
| Start time | : | Dec-07 12:21 |
| End time | : | Dec-07 12:22 |
| Pages sent | : | 002 |
| Status | : | OK |

Job number    : 859                    *** SEND SUCCESSFUL ***

## WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
### FACSIMILE

155 Federal Street
Boston, Massachusetts 02110                    Telephone #:    (617) 422-5300
                                               Facsimile  #:    (617) 423-6917
From: Michele Carlucci, X-5416
      CarlucciM@wemed.com                      Our File No.: 04650.00003

Date: December 7, 2005          Re:          Indimapolis Life v. Rosalyn Herman, et al

The following facsimile has 2 page(s) including this cover page.  If you have any difficulty, or if the transmission was incomplete, please advise:

| Name | Company | Fax Phone | Voice Phone |
|---|---|---|---|
| Wayne Murphy, Esq. | MURPHY & ASSOCIATES | 617-227-7757 | |
| | | | |
| | | | |
| | | | |

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone, and return the original message to us via postal service. Thank you.

New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago
White Plains, NY • Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • London
Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich • Wiesbaden

45768.1

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

155 Federal Street, Boston, Massachusetts 02110-1727
Tel: (617) 422-5300   Fax: (617) 423-6917

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris*

www.wemed.com

Michele Carlucci
Writer's Ext.: 5416
CarlucciM@wemed.com

October 26, 2005

Wayne R. Murphy, Esq.
Murphy & Associates, P.C.
600 Atlantic Avenue
Boston, MA 02210

Re:    Indianapolis Life Insurance Trust v. Roslyn Herman, et al
       Our File No.          :       04650.00003

Dear Attorney Murphy:

As you are aware, the defendants' responses to Indianapolis Life's Request for Production of Documents and Answers to Interrogatories are overdue. Please advise us as to when we may expect them.

Thank you for your anticipated prompt response.

Very truly yours,

*[signature]*

William T. Bogaert
Michele Carlucci

WTB/dab

cc:    Charles Kazarian, Esq.

46614.1