**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL NO. 04-12481-WGY
_____
)
INDIANAPOLIS LIFE INSURANCE COMPANY )
    Plaintiff )
 v. )
)
ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC. )
PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, )
INC. PROFIT SHARING PLAN TRUST, GREGG D. CAPLITZ, )
RUDY K. MEISELMAN, M.D. and HOPE MEISELMAN )
    Defendants )
_____

### MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO CROSS-CLAIM DEFENDANTS MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT AND MOTION FOR RELIEF FROM JUDGEMENT

Fed.R.Civ.P. 60(b) conveys the power to this Honorable Court to grant relief from judgment. The decision is left to the sound discretion of the District Judge and each case must be decided on its own unique circumstances. KPS & Associates, Inc. v. Designs By FMC, Inc., 318 F.3d 1 (1st cir. 2003). The defendants suggest that "exceptional circumstances" exist, as outlined in the Affidavit of Counsel and that justice dictates that the judgment should be vacated.

Admittedly, motions such s the instant one should be granted only after an equitable balancing in which the prejudice to the opponent,; length of delay and impact on the proceedings; reason for the delay and the moving party's good faith are all taken into consideration. Our Supreme Court has held that "the determination is at bottom an equitable one, taking into account of all relevant circumstances surrounding the party's omission." Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993).

-1-    MURPHY & ASSOCIATES, P.C.
600 ATLANTIC AVENUE
BOSTON, MA 02210
(617) 227-7777

A review of the history of this matter establishes the exceptional circumstances needed to establish a basis for a Rule 60(b) motion and the balancing of the equities falls in favor of the defendants being able to seek a resolution of the cross-claim on its merits.

All of the claims contained within Meiselman's cross-claim were finally and completely resolved in the 2004 matter of *Meiselman v. Financial Resources Network (No. 04-12304 WGY)*. That matter was resolved of and disposed of before this Honorable Court by way of a Dismissal with Prejudice filed on behalf of Meiselman. This fact alone places this matter, and the motion to vacate, within the "exceptional" circumstances envisioned in Rule 60(b). The defendants suggest that the claims embodied within the cross-claim are actually prohibited as a result of the Dismissal with Prejudice in the earlier case.

The Affidavit of Counsel sets forth the unique circumstances that fall into the category of excusable neglect, mistake and inadvertence. It is not as if counsel has done nothing during the pendency of this action. There have been multiple days of depositions conducted in this matter, including necessary travel to Indiana and Iowa, as well as several depositions held in this Commonwealth. *Compare*, Stonkus v. City of Brockton School Department, 322 F.3d 97. Further, Meiselman has participated in the deposition of Gregg Caplitz, questioning him, through counsel, on the substance of the allegations contained within the cross-claim. This deposition occurred over the course of two days in September 2005.

Counsel's recent circumstances, as set forth in the Affidavit, demonstrate the excusable neglect beyond "the ordinarily busy lawyer". Pinero Schroeder v. FNMA, 574 F.2d 1117, 1118 (1st Cir. 1978).

On balance, the defendants should not be precluded from litigating these issues on the merits and they should not be punished for the inadvertence and/or excusable neglect of counsel.

MURPHY & ASSOCIATES, P.C.
600 ATLANTIC AVENUE
BOSTON, MA 02210
(617) 227-7777

The defendants have met the demanding standard required by the rule.  <u>United States v. $23,000.00 in U.S. Currency</u>, 356 F.3d 157 (1st Cir. 2004)

## Conclusion

For all of the foregoing reasons, the defendants respectfully pray this Honorable Court deny the Cross-Claim Plaintiff's Motion for Separate and Final Judgment and enter an Order vacating the Default Judgment.

        Respectfully submitted
        Rosalind Herman, Trustee, Financial Resources Network, Inc. Profit Sharing Plan and Trust, Financial Resources Network, Inc. Profit Sharing Plan and Trust
        And Gregg D. Caplitz
        By their attorney

        _____
        Wayne R. Murphy/BBO#557658
        Murphy & Associates, P.C.
        600 Atlantic Avenue
        Boston, MA 02210
        (617) 227-7777

| | |
|---|---|
| Filename: | FRN 60(b) Memo |
| Directory: | C:\Documents and Settings\Wayne\Desktop |
| Template: | C:\documents and settings\wayne murphy\application data\microsoft\templates\Legal Pleadings\COMMONWEALTH OF MASSACHUSETTS.dot |
| Title: | Pleading Wizard |
| Subject: | |
| Author: | wayne murphy |
| Keywords: | |
| Comments: | |
| Creation Date: | 1/25/2006 12:57:00 PM |
| Change Number: | 4 |
| Last Saved On: | 1/25/2006 1:02:00 PM |
| Last Saved By: | Wayne Murphy |
| Total Editing Time: | 24 Minutes |
| Last Printed On: | 1/25/2006 1:32:00 PM |
| As of Last Complete Printing | |
|    Number of Pages: | 3 |
|    Number of Words: | 677 (approx.) |
|    Number of Characters: | 3,845 (approx.) |