UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL NO. 04-12481-WGY

_____

|  |  |
|---|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY | ) |
| Plaintiff | ) |
| v. | ) |
| ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC. PROFIT SHARING PLAN TRUST, GREGG D. CAPLITZ, RUDY K. MEISELMAN, M.D. and HOPE MEISELMAN | ) |
| Defendants | ) |

_____

SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO CROSS-CLAIM DEFENDANTS MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT AND MOTION FOR RELIEF FROM JUDGEMENT

**Introduction**

This supplemental Memorandum of Law is written in further support of the Cross-Claim Defendants' Opposition to the Cross-Claim Plaintiff's Motion for Entry of Separate and Final Judgment in Support of Motion for Relief From Judgment.

**Discussion**

In balancing the equities to determine if the Cross-Claim Defendants should be granted relief from judgment, it is respectfully suggested that this Honorable Court consider the following:

1. On or about October 28, 2004 Rudy Meiselman initiated a civil action in this court, captioned *Rudy Meiselman v. Financial Resources Network Inc., et al (No. 04-12304-WGY)*;

-1-    MURPHY & ASSOCIATES, P.C.
600 ATLANTIC AVENUE
BOSTON, MA 02210
(617) 227-7777

2. On or about December 10, 2004 Meiselman filed his Notice of Dismissal With Prejudice pursuant to Fed.R.Civ.P. 41(a)(1)(i) effectively terminating the action;

3. The filing of the Notice of Dismissal With Prejudice was made pursuant to the execution of a Release and Settlement Agreement by Meiselman and the defendants;

4. A review of the Complaint in 04-12304 reveals that is was an action brought by Meiselman to remedy alleged improprieties by the defendants in the administration of his funds which were held and managed with the Profit Sharing Plan of Financial Resources Network;

5. Meisleman's Complaint alleged monetary losses as a result of his claimed inability to direct his funds and to use them within the plan as he saw fit;

6. The Cross- Claim filed by Meiselman in the instant matter, in effect, seeks the exact same remedy that was sought in the first lawsuit;

7. The first lawsuit sought relief based upon claims of Breach of Contract and Breach of Fiduciary Duty arising from the employment relationship between the parties and the management and use of the Meiselman funds held within the company profit sharing plan;

8. The Cross-Claims in the instant matter seek relief based upon claims of Breach of Contract, Breach of Fiduciary Duty and Conversion arising from the employment relationship between the parties and the management and use of the Meiselman funds held within the company profit sharing plan.

A stipulation of dismissal with prejudice is given the same *res judicata* effect as any other judgment. Norfolk Southern Corp. v. Chevron,U.S.A.,Inc., 371 F.3d 1285. As

such the first lawsuit was an adjudication on the merits. Such a Stipulation of Dismissal With Prejudice was filed in the first lawsuit. Meiselman is precluded, by his own actions, from pursuing the allegations in his Cross-Claim.

Massachusetts State Courts would make the same finding. *See* Marcy v. Whalen, 2005 WL 3549465, (Rule 41(b)(3) dismissal operates "as an adjudication on the merits…" The *Marcy* case is similar to the present case in that a litigant attempted, by counterclaim, to advance claims that has been the subject of a dismissal with prejudice. The Court thus found that the voluntary dismissal, in effect, made it impossible for the claimed wrongs to be addressed in the second action.

So too should this Honorable Court decide, in balancing the equities as it relates to removal of the default, that the cross-claims advanced by Meiselman are precluded by his own actions in the first lawsuit. While this Honorable Court may not retain jurisdiction over an action to enforce settlement agreement, *See* Municipality of San Juan v. Rullan, 318 F.3d 26 (1st Cir. 2003), it is instructive to note that the *res judicata* effect of a voluntary dismissal, while the same as any other judgment, are applied differently insofar as the appropriate analysis is, as specified in the Settlement Agreement which was the driving force behind the filing of the Rule 41 Dismissal. Norfolk Southern Corporation v. Chevron, U.S.A., Inc., (11th Cir. 2004).

-3-    MURPHY & ASSOCIATES, P.C.
600 ATLANTIC AVENUE
BOSTON, MA 02210
(617) 227-7777

**CONCLUSION**

For all of the foregoing reasons, the cross-claim defendants respectfully pray this Honorable Court deny the cross-claim plaintiff's Motion for Entry of Separate and Final Judgment and allow cross-claim defendants' Motion for Relief from Judgment.

        Respectfully submitted
        Rosalind Herman, Trustee, Financial Resources Network, Inc. Profit Sharing Plan and Trust, Financial Resources Network, Inc. Profit Sharing Plan and Trust
        And Gregg D. Caplitz
        By their attorney

        /s/ Wayne R. Murphy
        Wayne R. Murphy/BBO#557658
        Murphy & Associates, P.C.
        600 Atlantic Avenue
        Boston, MA 02210
        (617) 227-7777