**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 04-12481WGY

| | |
|---|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY | ) ) |
| Plaintiff | ) |
| vs. | ) ) |
| ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST GREGG D. CAPLITZ, RUDY K. MEIESELMAN, M.D. AND HOPE E. MEISELMAN | ) ) ) ) ) ) ) |
| Defendants | ) ) |
| RUDY K. MEISELMAN, M.D. | ) ) |
| Cross-Claim Plaintiff | ) |
| vs. | ) ) ) |
| ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, and GREGG D. CAPLITZ | ) ) ) ) ) ) |
| Cross-Claim Defendants | ) |

**EMERGENCY MOTION UNDER RULE 60(a) OF CROSSCLAIM PLAINTIFF TO AMEND JUDGMENT AGAINST ROSALIND HERMAN, TRUSTEE, AND OPPOSITION TO EMERGENCY MOTION OF CROSSCLAIM DEFENDANTS TO CORRECT EXECUTION**

Crossclaim plaintiff Rudy K. Meiselman hereby moves to amend the Judgment entered in his behalf (Doc. 61) at Paragraph 4, so as to add crossclaim defendant Rosalind Herman to its scope. Currently the Judgment states that it is against Rosalind Herman, Trustee, Financial Resources Network Inc. The purpose of this motion is to harmonize the pleadings, all of which assert claims against Rosalind Herman, with the Execution

(Doc. 63) on the said Judgment, which is also against Rosalind Herman. All of the crossclaim allegations were made against Rosalind Herman, and did not state that such were made against her in any particular capacity. Meiselman seeks amendment to the Judgment so as to add Rosalind Herman, which will harmonize the Judgment with what actually was litigated. Once the Judgment is so amended, the motion of crossclaim defendants to "correct" the execution will be moot.

## DISCUSSION

In Paragraph 3 of Meiselman's Answer and Crossclaim ( Doc. 12), in the extended caption Meiselman names as a crossclaim defendant "Rosalind Herman, Trustee, Financial Resources Network Profit Sharing Plan and Trust". However, in the text of the crossclaim, Meiselman asserts:

> Defendant in Cross-Claim Rosalind Herman, (Herman) is a natural person with a last known address of 27 Davis Street, Woburn, Massachusetts. Herman is President, Treasurer, Secretary and a Director of FRNI, as well as, upon information and belief, sole shareholder. Herman is also Trustee of the FRNI PSP. Herman in her business capacity acts as the PSP Administrator and sole trustee of the 401(k) profit sharing plan on behalf of FRNI.

Even the most cursory review of the crossclaim reveals that all counts naming Herman therein are directed at her, individually. Count II, which alleges breach of contract, addresses conduct on the part of Herman as well as Financial Resources Network, Inc. Count III clearly alleges a breach of fiduciary duty on the part of Herman. Count IV again alleges breach of contract as to Herman, Financial Resources Network, Inc. and Capliz. Finally, Count V alleges the tort of conversion against the same three crossclaim Defendants.

This motion, taken together with Herman's pending motion to amend the Execution presents the Court with the choice of siding with Meiselman by conforming the papers to what actually happened in this procedurally convoluted action (i.e., claims were asserted, went to judgment and survived appeal against Herman for pilfering Meiselman's profit sharing plan account), or letting Herman take advantage of a clerical error and continue her ongoing and tireless efforts to frustrate Meiselman's attempts to collect from her what he is owed.[1]

Moreover Herman again disregards the clear mandate of a rule.  Rule 9 of the Federal Rules of Civil Procedure  requires that "when a party desires to raise an issue as to…the capacity of any party to be sued…or the authority of any party to sue or be sued in a representative capacity, he shall do so by specific negative averment…". There is no such specific negative averment in Hermans' answer to the crossclaim, because Herman never in any capacity answered the crossclaim.  She should not now be heard to complain about capacity, particularly where she was clearly put on notice from the very beginning that she was being sued by Mesielman.

The remedy Meiselman seeks is simply the addition of the language printed below in bold to the text of the Judgment as follows:

> For Crossclaim plaintiff Rudy Meiselman against Crossclaim defendants Rosalind Herman, Trustee, Financial Resources Network, Inc., Profit Sharing Plan and Trust, Financial Resources Network, Inc., **Rosalind Herman** and Gregg D. Caplitz, jointly and severally, in the amount of Nine Hundred Thirty Eight Thousand Six Hundred Forty ($938,640.14) Dollars and Fourteen Cents) plus costs and pre-judgment interest at the

---

[1] Magistrate Judge Alexander has issued an Order (Doc. 80) citing Herman with contempt for "obfuscatory behavior" in failing to produce information with regard to her personal assets.  Despite that Herman was present in court and heard the warning of the Magistrate Judge to produce documents, Herman still has produced no personal financial records, and none for Financial Resources Network, Inc. Attached hereto is a copy of the renewed Notice of Deposition in Aid of Execution requiring Herman to produce the documents as ordered by the Magistrate Judge.

rate of 12% from February 10, 2005 to January 26, 2006, and post-judgment interest at the rate of 4.37% from January 27, 2006 until the date of collection.

For the forgoing reasons, the instant motion should be allowed, and Herman's motion to "correct" the execution should be denied.

Dated: December 20, 2006    RUDY K. MEISELMAN
By his attorney

/s/Charles P. Kazarian

_____
LAW OFFICE OF CHARLES P. KAZARIAN, P.C.
BBO: 262660
77 N. Washington Street
Boston, MA 02114
617 723-6676