## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12481WGY

| | |
|---|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY | ) ) |
| Plaintiff | ) |
| vs. | ) ) |
| ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST GREGG D. CAPLITZ, RUDY K. MEIESELMAN, M.D. AND HOPE E. MEISELMAN | ) ) ) ) ) ) ) |
| Defendants | ) |
| | ) |
| RUDY K. MEISELMAN, M.D. | ) |
| | ) |
| Cross-Claim Plaintiff | ) |
| vs. | ) ) |
| ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, and GREGG D. CAPLITZ | ) ) ) ) ) ) |
| Cross-Claim Defendants | ) |

**OPPOSITION OF CROSSCLAIM PLAINTIFF TO MOTION OF CROSSCLAIM DEFENDANTS TO STAY ENFORECEMENT OF JUDGMENT**

Crossclaim Plaintiff Meiselman hereby opposes the motion of crossclaim defendants to stay enforcement of the judgment rendered against them. As grounds therefore, Meiselman states as follows:

1. The instant motion is another in a long succession of obfuscatory tactics by crossclaim defendants.

2. The thrust of crossclaim defendants' argument is, once again, that the instant judgment should not have been entered because Meiselman allegedly violated a Settlement Agreement and Release in a different action. This Court on motions and the Appeals Court affirming this Court have rejected these arguments in light of the persistent failure of crossclaim defendants to do anything timely to address the issues, squarely raised in detail in the crossclaim, as to the *invalidity* of the Settlement Agreement and Release as alleged in Meiselman's Answer and Crossclaim (Doc. 11).

The invalidity of the settlement agreement has thus been established, and it is of no assistance to crossclaim defendants that such has been established through default. SMA Life Assur. Co. v. Sanchez-Pica, 960 F.2d 274 (1st Cir. 1992), cert. den., 121 L.Ed.2d 147, 113 S. Ct. 207 (1992) (judgment was a final one with res judicata effect, even though it was a default judgment); R.I. Hosp. Trust Nat'l Bank v. Ohio Cas. Ins. Co., 789 F.2d 74, 81 n.10 (1st Cir. 1986).

The new action filed by crossclaim defendants against Meiselman that is pending before this court is totally without merit, and will be the subject of a motion to dismiss filed in January 2007. It certainly presents no basis on which to stay enforcement in the instant action.

Crossclaim defendants conducted and lost their appeal of Meiselman's judgment without posting the supercedeas bond required by Rule 8 of the Federal Rules of Appellate Procedure. It would indeed be odd to allow them the relief they seek now without a concomitant requirement that they post a bond in the full amount of the execution with interest. Meiselman has expended a great deal of time and money simply trying to obtain basic financial information in aid of execution from crossclaim

defendants, who have been nothing but obfuscatory, and who deserve no leeway from this Court. They stand in stark, inexcusable contempt of Magistrate Judge Alexander's recent Order (Doc. 80) compelling them to produce basic financial information. Their request for stay of enforcement should be denied.

Dated: December 20, 2006    RUDY K. MEISELMAN
By his attorney

/s/Charles P. Kazarian

_____
LAW OFFICE OF CHARLES P. KAZARIAN, P.C.
BBO: 262660
77 N. Washington Street
Boston, MA 02114
617 723-6676