UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY<br>     Plaintiff<br><br>v.<br><br>ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST GREGG D. CAPLITZ, RUDY K. MEISELMAN, M.D. and HOPE E. MEISELMAN<br>     Defendants<br><br>RUDY K. MEISELMAN, M.D.<br>     Cross-Claim Plaintiff<br><br>v.<br><br>ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST and GREGG D. CAPLITZ<br>     Cross-Claim Defendants | CIVIL ACTION NO. 04-12481WGY |

CROSS-CLAIM DEFENDANT, ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST'S EMERGENCY MOTION FOR RULING THAT SHE HAS PURGED HERSELF OF THE CONTEMPT ORDER

  The cross-claim defendant, Rosalind Herman, Trustee, Financial Resources Network, Inc., Profit Sharing Plan and Trust ("Herman"), respectfully moves the Court for a ruling that she has purged herself of the contempt order issued by Magistrate Judge Joyce Alexander on November 22, 2006.

  As grounds therefore, Herman states as follows:

1. On November 22, 2006, Magistrate Judge Joyce Alexander entered her <u>Order on Emergency Motion for Contempt</u> ("<u>Order</u>", Docket no. 78) which states in pertinent part, as follows:

> [T]he parties informed the Court that they agreed to a production of the sought documents on or before November 27, 2006, … and conditionally agreed to hold Ms. Herman's deposition on December 20, 2006, if another deposition she is scheduled to attend in Nevada does not proceed … the Court warned counsel during the hearing, and reiterates now, that cross-claim defendants' failure to provide documents per the above-mentioned agreement will be met with sanctions, possibly an issuance of arrest warrants.
>
> Further, as previously ordered by this Court, counsel for cross-claim defendants acknowledged without argument that cross-claim defendants were responsible for paying the reasonable costs and attorneys' fees associated with the making of cross-claim plaintiff's emergency motion for contempt … .

2. On December 21, 2006, this Court (Young, J.) ruled from the bench upon the <u>Motion of Defendants Rosalind Herman, Trustee Financial Resources Network, Inc. Profit Sharing Plan and Trust, Financial Resources Network Inc. Profit Sharing Plan and Trust to Stay Enforcement of Judgment</u> (Docket no. 82) as follows;

> The Court Orders the Motion to Stay DENIED without prejudice to its being renewed should Ms. Herman by Jan. 5, 2007, purge herself of the contempt order issued by Mag. Alexander. The Court Orders the related case DISMISSED without prejudice should Ms. Herman purge herself of the contempt. Rosalind Herman as Trustee and individually is enjoined from filing any pleadings in any U.S. District Court in the country so long as she is under the contempt order.

<u>Electronic Clerk's Notes</u> (December 21, 2006).

3. Herman has produced all of the documents in her possession, custody or control set forth on the <u>Schedule A</u> appended to the <u>Second Renewed Notice of Deposition of in Aid of Execution (Rosalind Herman)</u> prior to January 5, 2007, as ordered by this Court.

4. Herman submitted to a deposition by the other parties to this action on January 5, 2007, the date designated by counsel for the cross-claim plaintiff, Rudy K. Meiselman ("Meiselman").

5.  Prior to January 5, 2006, Herman's prior counsel paid in full the bill submitted by Meiselman's counsel as required by the Order (Docket no. 78).

6.  Herman has thereby purged herself of the contempt Order (Docket no. 78) prior to January 5, 2007, as ordered by this Court, and she now seeks a ruling that she has purged herself of her contempt so that she will be released from this Court's injunction enjoining her from filing any pleadings in this and any other U.S. District Court.

7.  This motion has been filed on an emergency basis, because, while Herman was subject to this Court's injunction enjoining her from filing any pleadings, Meiselman sought and obtained a real estate attachment on Herman's residence by motion (Docket no. 89) in the amount of $1.04 million and Meiselman has also initiated proceedings in Nevada to collect the Judgment (Docket no. 61) from Herman individually.  Meiselman and Herman disagree as to whether the Judgment in favor of Meiselman stands against Herman individually, or solely against her as Trustee, and Herman wishes to file appropriate motions to have the Court resolve that disagreement before her personal assets are taken upon execution and levy.

>Respectfully submitted,
>ROSALIND HERMAN, TRUSTEE,
>FINANCIAL RESOURCES NETWORK,
>INC., PROFIT SHARING PLAN AND
>TRUST and FINANCIAL RESOURCES
>NETWORK, INC., PROFIT SHARING
>PLAN AND TRUST
>Defendants and Cross-Claim Defendants
>By Their Attorneys
>COHAN RASNICK MYERSON LLP
>
>\s\ Robert D. Cohan
>Robert D. Cohan, Esquire (BBO #088300)
>One State Street, Suite 1200
>Boston, MA  02109
>(617) 742-1820
>rcohan@crmllp.com

3

CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on January 8, 2007.

      \s\ Robert D. Cohan
      Robert D. Cohan, Esq.

C:\Myfiles\H\Herman, Rosalind\Motion for Ruling 1-8-07.doc

**COHAN RASNICK MYERSON LLP**
One State Street, Suite 1200
Boston, Massachusetts 02109
(617) 742-1820
Telecopier (617) 227-1780

**Robert D. Cohan**

January 8, 2007

Elizabeth F. Smith
Court Room Clerk
United States District Court
1 Courthouse Way
Boston, MA  02210

RE:   Indianapolis Life Insurance Company v. Rosalind Herman, Trustee, et al.;
      Rudy K. Meiselman, M.D. v. Rosalind Herman, Trustee, et al.; and
      Rosalind Herman, et al. v. Rudy K. Meiselman, et al.
      Civil Action No. 04-12481WGY

Dear Ms. Smith:

Enclosed for the Court's consideration please find Cross-Claim Defendant, Rosalind Herman, Trustee, Financial Resources Network, Inc.'s Profit Sharing Plan and Trust's Emergency Motion for Ruling that She has Purged Herself of the Contempt Order.  I was unable to file this motion last Friday because of the late hour when the deposition of the cross-claim defendant, Rosalind Herman, concluded.  I was also recuperating from surgery.

I am informed that the other parties to this action do not intend to oppose this motion.

Thank you for your courtesy and attention to this matter.

Sincerely,


Robert D. Cohan

RDC/ams
Enclosure
cc:   Charles P. Kazarian, Esq. (Via E-mail to kazchaz@aol.com)
      William T. Bogaert, Esq. (Via E-mail to bogaertw@wemed.com)

C:\Myfiles\H\Herman, Rosalind\Clerk Smith ltr 1-8-07.doc