UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY<br>　　　　　Plaintiff<br><br>v.<br><br>ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST GREGG D. CAPLITZ, RUDY K. MEISELMAN, M.D. and HOPE E. MEISELMAN<br>　　　　　Defendants<br><br>RUDY K. MEISELMAN, M.D.<br>　　　　　Cross-Claim Plaintiff<br><br>v.<br><br>ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST and GREGG D. CAPLITZ<br>　　　　　Cross-Claim Defendants | CIVIL ACTION NO. 04-12481WGY |

### MOTION OF CROSS-CLAIM DEFENDANT, ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST FOR LEAVE TO FILE AFFIDAVITS AND MEMORANDUM OF LAW

Pursuant to Local Rule 7.1(B)(3), the cross-claim defendant, Rosalind Herman, Trustee, Financial Resources Network, Inc., Profit Sharing Plan and Trust ("Herman"), respectfully moves the Court for leave to file her affidavit, the affidavit of her accountant, and a memorandum of law on or before January 18, 2007, in support of Cross-Claim Defendant,

<u>Rosalind Herman, Trustee, Financial Resources Network, Inc., Profit Sharing Plan and Trust's Emergency Motion for Ruling that She has Purged Herself of the Contempt Order</u> ("<u>Motion</u>").

As grounds therefore, Herman asserts as follows:

1. On January 8, 2007, Herman filed her <u>Motion</u> (Docket no. 90) with a cover letter advising that the other parties to this action did not intend to oppose that motion.

2. Herman sent that letter and filed the <u>Motion</u> (Docket no. 90) without supporting affidavits or a memorandum of law because, on January 5, 2007, at her deposition, Attorney Charles P. Kazarian ("Kazarian"), counsel for the cross-claim plaintiff, Rudy K. Meiselman ("Meiselman") stated on the record that he did not intend to oppose the <u>Motion</u> (Docket no. 90). He stated, at pages 4-5, as follows:

> Well, I don't think that it's going to be our role to file any motion with the Court. And while I would certainly never suggest that there hasn't been substantial compliance, because <u>there has been substantial compliance</u>, nevertheless, I don't think it's complete compliance. And I don't think that we have made any decision about what we would like to see happen about that. …
>
> I can tell you now that <u>I don't think we're going to make any big issue about contempt</u>. On the other hand, I don't think we are going to take any big effort to assist in whatever efforts you think are appropriate to communicate to the Court what's going on here.

(Emphasis supplied.)

3. After Herman filed her <u>Motion</u> (Docket no. 90), Kazarian changed his position and advised by letter dated January 8, 2007, in pertinent part as follows:

> Before addressing anything further that we require from your client, please note that your letter to Judge Young's courtroom clerk inadvertently mis-states my client's position regarding your motion to purge the contempt, which position is clearly stated on the record, and which you may not have had a chance to read since you have just returned from surgery. I called Matt Paine just now to let him know that by treating your motion as an ordinary one, with 14 days to respond, it would give both sides the opportunity to find out whether any response to your motion is necessary. This type of handling will effectuate the agreement I made with Janet Kenton-Walker on the record.

4. Herman's failure to support her <u>Motion</u> (Docket no. 90) with affidavits and a memorandum of law was therefore due to Kazarian's change of position. Despite the fact that, at

2

Herman's deposition, he agreed not to oppose the Motion, it now appears that he is considering doing so.

    5.    On January 9, 2007, the Court scheduled a hearing on the Motion (Docket no. 90) for January 19, 2007.

    6.    For the foregoing reasons, and due to the approaching three day weekend as well as the press of other business, Herman respectfully requests up to and including January 18, 2007, to support her Motion (Docket no. 90) with affidavits and a memorandum of law.

> Respectfully submitted,
> ROSALIND HERMAN, TRUSTEE,
> FINANCIAL RESOURCES NETWORK,
> INC., PROFIT SHARING PLAN AND
> TRUST and FINANCIAL RESOURCES
> NETWORK, INC., PROFIT SHARING
> PLAN AND TRUST
> Defendants and Cross-Claim Defendants
> By Their Attorneys
> COHAN RASNICK MYERSON LLP
>
> \s\ Robert D. Cohan
> Robert D. Cohan, Esquire (BBO #088300)
> One State Street, Suite 1200
> Boston, MA  02109
> (617) 742-1820
> rcohan@crmllp.com

## CERTIFICATE OF SERVICE

    I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on January 8, 2007.

> \s\ Robert D. Cohan
> Robert D. Cohan, Esq.

C:\Myfiles\H\Herman, Rosalind\Motion for Leave to File Memo 1-10-07.doc