UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

INDIANAPOLIS LIFE INSURANCE
COMPANY
                    Plaintiff

v.

ROSALIND HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC., PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC., PROFIT
SHARING PLAN AND TRUST GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and
HOPE E. MEISELMAN
                    Defendants
_____

RUDY K. MEISELMAN, M.D.
                    Cross-Claim Plaintiff

v.

ROSALIND HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC., PROFIT
SHARING PLAN AND TRUST, FINANCIAL
RESOURCES NETWORK, INC., PROFIT
SHARING PLAN AND TRUST and GREGG D.
CAPLITZ
                    Cross-Claim Defendants

CIVIL ACTION NO. 04-12481WGY

AFFIDAVIT OF ROSALIND HERMAN, TRUSTEE,
FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST
(Leave to File Granted on January 11, 2007)

Now comes Rosalind Herman and, under oath, deposes and says as follows:

1.      I am the trustee of the cross-claim defendant, Financial Resources Network, Inc.,

Profit Sharing Plan and Trust ("FRNI Plan") and also the President of Financial Resources

Network, Inc. ("FRNI") which is not a party to this action.

2.      After the show cause hearing held before Magistrate Judge Alexander on

November 20, 2006, I immediately undertook a search for a new attorney and on December 13, 2006, I first met with my current counsel, Robert D. Cohan ("Cohan") and hired him shortly thereafter. Since then I have made every effort to comply with Magistrate Alexander's Order on Emergency Motion for Contempt ("Contempt Order"; Docket no. 78).

3.      Prior to hiring Attorney Cohan, the Contempt Order required me to produce documents on or before November 27, 2006, and I produced such documents as directed by my then attorney of record, Wayne Murphy ("Murphy").

4.      Although I was required by the Contempt Order to appear for my deposition on December 20, 2006, on December 18, 2006, I was admitted to Beth Israel Hospital for tests in connection with symptoms suggestive of a stroke and I was physically unable to attend the deposition as scheduled because I was recuperating.

5.      On December 20, 2006, Attorney Cohan faxed Attorney Charles Kazarian ("Kazarian"), attorney for the cross-claim plaintiff, Rudy K. Meiselman ("Meiselman") a letter, Exhibit A appended, informing Kazarian that I would be unable to attend. Cohan subsequently sent a follow-up letter, Exhibit B appended, including a letter from my doctor confirming that I could not attend for medical reasons.

6.      With the advice of my new attorney, I have done everything I possibly could to produce the documents requested by Kazarian as more specifically set forth below.

7.      The request for documents were in some respects ambiguous but I did my best to make production broadly. Documents were produced on December 27, 2006, with a letter from my attorney, Exhibit C appended, indicating precisely what I was unable to produce, which was not very much. I subsequently found and produced an additional excise tax bill prior to the deposition.

8.    I have appended as <u>Exhibit D</u>, my formal responses to the request for documents and I have appended as <u>Exhibit E</u> each request followed by the identification of the documents which I have produced.

9.    With respect to request no. 1 for bank statements, "for any bank account in which you have an interest", this could only mean FRNI accounts because only the FRNI Plan was sued.  Nevertheless, I interpreted this broadly and also produced my personal statements.  See <u>Exhibit E</u>.

10.    By letter dated December 21, 2006, <u>Exhibit F</u> appended, Kazarian requested in addition bank statements of Financial Designing Consultants Inc. ("FDCI").  Although I believe this was beyond the scope of Kazarian's request, I produced those documents as well.  See e-mail string, <u>Exhibit G</u> appended.

11.    Cohan advised Kazarian in an e-mail of January 3, 2007, <u>Exhibit G</u>, to identify any documents which Kazarian claims were not produced but Kazarian did not do so prior to the deposition.

12.    I submitted to deposition on January 5, 2006, the last date set by Judge Young to purge my contempt, because Kazarian refused to take the deposition on an earlier date.

13.    At the deposition, I answered all of the questions put to me truthfully and to the best of my knowledge and ability.

14.    At my deposition, Kazarian stated on the record that I substantially complied with the <u>Contempt Order</u> and, further, that he would not "make any big issue about contempt."  See excerpt from my deposition, <u>Exhibit H</u> appended.

15.    After the deposition was concluded, by letter dated January 8, 2007, <u>Exhibit I</u> appended, Kazarian identified for the first time additional documents which he claims I improperly withheld.  He also claimed that I was still in contempt, but I believe he is wrong.

16.     I did not produce the documents which Kazarian now claims I should have produced either because they do not exist, or they were beyond the scope of his request, or by inadvertence.  Specifically:

    a.     I did not produce my personal tax return for 2005 because it has not yet been prepared.  It is on extension.

    b.     Although Kazarian claims my personal tax returns were unsigned by the preparer, all personal returns were signed by me and my husband.  I do not have returns signed by the preparer.  The copies of FRNI's tax returns are signed by the Controller, Daniel Goodness ("Goodness").  I do not have copies signed by him as the preparer.

    c.     No Schedule K-1s were attached to my personal returns because they were not required to be attached.

    d.     None of my Schedule 1099s were produced by mistake.  The cross-claim defendant, Gregg Caplitz's 1099's were produced inadvertently.

    e.     Kazarian claims I did not provide statements from "all banks" and now claims that this should include my "shell companies".  This is the first time that he indicated that he was looking for specific accounts from additional entities.  There is only one, the statements from Fargo Bank standing in the name of The Knew Finance Experts Inc.  No reasonable person could understand that this account was required to be produced and I certainly did not understand that I was required to produce it.

17.     In the spirit of cooperation my attorney sent Kazarian a letter on January 11, 2007, Exhibit J appended by which we provided the additional documents which he requested for the first time in his letter of January 8, 2007, Exhibit I, but which were not part of the original request and therefore not subject to the Contempt Order (Docket No. 78), and several 1099's for small sums inadvertently omitted. See also Cohan's January 16, 2007 letter, Exhibit K appended, which correctly lists the additional documents produced and produces additional documents I was able to locate.

18.     I am informed that Kazarian's bill for over $6,000, which was required by the Contempt Order (Docket no. 78) to be paid, has been paid in full.

4

19.     For these reasons, I believe I have done everything humanly possible to comply with the <u>Contempt Order</u> (Docket No. 78).

20.     It is particularly important to me to obtain a ruling that I have purged the contempt on or before January 5, 2007, because Judge Young appears to have ordered that I cannot re-file my claim against Meiselman for breach of contract unless my contempt is purged by that date.  He further ordered that unless and until I purge my contempt, I can not file anything in any U.S. District Court in the country and that prevents me from going back to Court to stop Meiselman from going after my personal assets to collect a judgment against me personally, although no such judgment was ever issued by this Court.  The only outstanding judgment is one against me as Trustee.  It is vitally important to me to get back into Court to bring this to the Court's attention and stop Meiselman from going after my personal assets.  He has already attached my home in Woburn and he is bringing proceedings in Nevada to attach my home there as well.


SIGNED THIS 16TH DAY OF JANUARY, 2007, UNDER THE PENALTIES OF PERJURY.

\s\Rosalind Herman
Rosalind Herman, Trustee


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on January 17, 2007.

\s\ Robert D. Cohan
Robert D. Cohan, Esq.

C:\Myfiles\H\Herman, Rosalind\Affidavit of Rosalind Herman 1-11-07.doc

# EXHIBIT A

**COHAN RASNICK MYERSON LLP**

One State Street, Suite 1200
Boston, Massachusetts 02109
(617) 742-1820
Telecopier (617) 227-1780

Robert D. Cohan

December 20, 2006

VIA FACSIMILE TO 617-723-8170

Charles P. Kazarian, Esq.
77 North Washington Street
Boston, MA 02114

RE:     Indianapolis Life Insurance Company v. Rosalind Herman, Trustee, et al.;
        Rudy K. Meiselman, M.D. v. Rosalind Herman, Trustee, et al.; and
        Rosalind Herman, et al. v. Rudy K. Meiselman, et al.

Dear Mr. Kazarian:

        Thank you for your letter of December 19, 2006. As you know, I am new to this case and
I was unaware that there was an outstanding Court order. I would appreciate it if you would fax
a copy to me. I have received no files as yet from Mr. Murphy's office. Ms. Herman informs
me that two weeks ago she forwarded to you certain trust documents which were requested.

        I will provide you with a letter from Ms. Herman's doctor indicating that she is
physically unable to attend today. Ms. Herman also informs me that she should be well enough
to take the deposition next week. I am available December 26, 27 and 28. Please let me know if
any of those date work for you.

                                        Sincerely,

                                        Robert D. Cohan

RDC/ams
cc:     Wayne R. Murphy, Esq. (Via Facsimile to 617-227-7757)

C:\Myfiles\H\Herman, Rosalind\Kazarian ltr 12-20-06.doc

# EXHIBIT B

**COHAN RASNICK MYERSON LLP**

One State Street, Suite 1200
Boston, Massachusetts 02109
(617) 742-1820
Telecopier (617) 227-1780

Robert D. Cohan

December 20, 2006

VIA FACSIMILE TO 617-723-8170

Charles P. Kazarian, Esq.
77 North Washington Street
Boston, MA 02114

RE:   Indianapolis Life Insurance Company v. Rosalind Herman, Trustee, et al.;
      Rudy K. Meiselman, M.D. v. Rosalind Herman, Trustee, et al.; and
      Rosalind Herman, et al. v. Rudy K. Meiselman, et al.

Dear Mr. Kazarian:

    Your will find attached a letter from Ms. Herman's doctor which I received just now.

Sincerely,

Robert D. Cohan

RDC/ams
cc:   Wayne R. Murphy, Esq. (Via Facsimile to 617-227-7757)

C:\Myfiles\H\Herman, Rosalind\Kazarian ltr 12-20-06.doc

**Beth Israel Deaconess HealthCare**™

An Affiliated Physicians Group Practice

**Lexington**

A community based
organization of healthcare
professionals associated
with Beth Israel Deaconess
Medical Center, a
teaching hospital of
Harvard Medical School

**Affiliated Physicians Group**

David V. Ives, MD
*Internal Medicine*
*Medical Director*

Lisa W. Gilbert, MD
*Internal Medicine*

Risa J. Korn. MD, MPH
*Internal Medicine*

Emily C. McPhillips, MD
*Internal Medicine*

Peter Zuromskis, MD.
M.P.H., F.A.C.P.
*Internal Medicine*

Bethany W. Thomas, R.N.,
C.S., A.N.P.
*Internal Medicine*

Kathleen Corley, R.N.,
C.S., F.N.P.
*Internal Medicine*

Tarryn Holman, R.N.,
M.S.N., A.N.P.
*Internal Medicine*

December 20, 2006

To Whom This May Concern

RE: Rosalind Herman

Dear Sir/Madam:

The above patient is under my care for medical illness. For
medical reasons, she is unable to attend the deposition today
12/20/06.

Sincerely,

Lisa W. Gilbert, MD

[SOURCE: OMR]

Lexington Internal Medicine
482 Bedford Street
Lexington, MA 02420

(781) 672-2250
fax (781) 672-2259

# EXHIBIT C

**COHAN RASNICK MYERSON LLP**
One State Street
Boston, Massachusetts 02109
(617) 742-1820
Telecopier (617) 227-1780

December 27, 2006

Robert D. Cohan

BY HAND

Charles P. Kazarian, P.C.
77 North Washington Street, Suite 200
Boston, MA 02114

      RE:    Rosalind Herman

Dear Mr. Kazarian:

      You will find enclosed documents responsive to the <u>Second Renewed Notice of Deposition of In Aid of Execution (Rosalind Herman)</u>. All requested documents have been produced with the following exceptions:

1.     There is no personal tax return for 2005 (Request No. 1). It has not yet been prepared. We will provide a copy when it is done. I am informed that Las Vegas residents do not pay state income tax so there are no state tax returns.

2.     Ms. Herman has been unable to locate her W-2 for 2001 (Request No. 2). If she is able to find it, it will be produced.

3.     Ms. Herman has been unable to locate her Form 1099 for 2001 (Request No. 3). If she is able to locate it, it will be produced.

4.     Ms. Herman could not locate the excise tax bill for her Pathfinder (Request No. 7). A copy of the Certificate of Title has been produced.

5.     Ms. Herman has no contracts pursuant to which she expects to receive payment for services rendered or to be rendered (Request No. 11).

6.     There are no trust documents pertinent to any beneficial interests (Request No. 14). Ms. Herman is not a beneficiary of any trusts to her knowledge.

7.     Credit card bills produced go back only one or two months (Request No. 17). Ms. Herman does not keep prior bills. As indicated in my e-mail to you, she will order them from the

credit card companies upon your request, at your cost. She informs me that the cost is about $50 per year per credit card.

8.      Ms. Herman has no statements of net worth generated at any time from 2002 to the present (Request No. 18).

9.      Ms. Herman has been unable to located any balance sheets or profit and loss statements for Financial Resources Network, Inc. If and when she is able to locate any, they will be produced.

Finally, I would appreciate it if we could schedule Ms. Herman's deposition prior to January 4, 2007 when I am scheduled to have surgery. If your schedule will not permit that, then I would suggest a date after January 5, 2007, but I believe that will require you to file a motion to extend the deadline for purging the contempt as my client is barred from filing anything in court. I do not think that bar prevents me from assenting to any such motion.

Please call me upon receipt of this letter to arrange a deposition date and discuss your fees associated with the contempt.

Sincerely,

Robert D. Cohan

RDC:scw

c:\word proc docs\sue\cohan, bob\12.27.06 ltr kazarian.doc

# EXHIBIT D

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY<br>            Plaintiff<br><br>v.<br><br>ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST GREGG D. CAPLITZ, RUDY K. MEIESELMAN, M.D. and HOPE E. MEISELMAN<br>            Defendants | |
| | CIVIL ACTION NO. 04-12481WGY |
| RUDY K. MEISELMAN, M.D.<br>            Cross-Claim Plaintiff<br><br>v.<br><br>ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST and GREGG D. CAPLITZ<br>            Cross-Claim Defendants | |

## RESPONSE OF DEFENDANT AND CROSS-CLAIM DEFENDANT, ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST TO REQUEST FOR DOCUMENTS OF CROSS-CLAIM PLAINTIFF, RUDY K. MEISELMAN IN SECOND RENEWED NOTICE OF DEPOSITION

The defendant and cross-claim defendant, Rosalind Herman, Trustee, Financial Resources

Network, Inc., Profit Sharing Plan and Trust ("Herman") responds to the numbered paragraphs of

Schedule A set forth in the Second Renewed Notice of Defendants of In Aid of Execution

(Rosalind Herman) as follows:

REQUEST NO. 1:

Signed copies of all state and federal tax returns filed by you in 2001, 2002, 2003,2004 and 2005.

RESPONSE: Herman will produce federal tax returns for herself and Financial

Resources Networking Inc. ("FRNI") for 2002 – 2005. There are no state tax returns.

She has not been able to locate tax returns for 2001 but she is willing to sign such

authorization as the cross-claim plaintiff, Rudy K. Meiselman ("Meiselman") may

provide so that they may be obtained from the IRS.

REQUEST NO. 2:

Copies of all Form W-2s issued to you in 2001,2002,2003,2004 and 2005.

RESPONSE: Herman will produce her W-2s for 2002 – 2005. She has been unable to

locate W-2s for 2001, but she is willing to sign such authorization as Meiselman may

provide so that they may be obtained from the IRS.

REQUEST NO. 3:

Copies of all Form 1099s issued to you in 2001, 2002, 2003, 2004 and 2005.

RESPONSE: Herman will produce all Form 1099s for 2002 – 2005. She has been

unable to located any Form 1099s from 2001, but she is willing to sign such authorization

as Meiselman may provide so that they may be obtained from the IRS.

REQUEST NO. 4:

Copies of all deeds to real estate in which you have any legal or equitable interest, in whole or in part.

RESPONSE: Herman will produce all such documents in her possession, custody, or

control.

REQUEST NO. 5:

Copies of all mortgages and liens recorded against any and all real estate referred to in paragraph 4 above.

RESPONSE: Herman will produce all such documents in her possession, custody, or

2

control.

REQUEST NO. 6:

Copies of the latest real estate tax bill issued in connection with any and all real estate referred to in paragraph 4 above.

RESPONSE:   Herman will produce all such documents in her possession, custody, or

control.

REQUEST NO. 7:

Copies of the excise tax bills on any motor vehicle owned or leased by you.

RESPONSE:   Herman will produce all such documents in her possession, custody, or

control.

REQUEST NO. 8:

Copies of the most recent bank statement for any bank account in which you have any interest.

RESPONSE:   Herman will produce all such documents in her possession, custody, or

control.

REQUEST NO. 9:

Copies of any and all statements from any brokerage, investment house or the like listing securities of any kind owned by you in the past three years.

RESPONSE:   Herman will produce all such documents in her possession, custody, or

control.

REQUEST NO. 10:

Copies of any and all current statements from any brokerage, investment house or the like listing securities of any kind owned by you now.

RESPONSE:   Herman will produce all such documents in her possession, custody, or

control.

REQUEST NO. 11:

Copies of any contracts of any kind pursuant to which you expect to receive payment for services rendered or to be rendered.

RESPONSE:    There are no such documents.

REQUEST NO. 12:

Copies of any and all agency agreements with all insurance companies for whom you have provided any services or with whom you have placed insurance for third parties in the past three years.

RESPONSE:    Herman will produce all such documents in her possession, custody, or

control.

REQUEST NO. 13:

Evidence of all commissions you have received for placement or renewal in the past three years in connection with any insurance policy.

RESPONSE:    Herman will produce all such documents in her possession, custody, or

control.

REQUEST NO. 14:

Copies of any and all trust documents pertinent to any beneficial interest you may have in any trust of any kind.

RESPONSE:    To the best of Herman's knowledge there are no such documents.

REQUEST NO. 15:

Copies of all documents generated in connection with any sale or re- finance of any real estate owned by you in whole or in part during 2002-2006.

RESPONSE:    Herman will produce all such documents in her possession, custody, or

control.

REQUEST NO. 16:

Copies of any and all homestead exemptions filed by you or on your behalf it connection with any real estate owned by you in whole or in part.

RESPONSE:    Herman will produce all such documents in her possession, custody, or

control.

## REQUEST NO. 17:

Copies of all credit card bills and statements for the past three years for each and every credit card active in your name during 2002 to the present.

RESPONSE:    Herman will produce all such documents in her possession, custody, or

control. These bills are only for the last month or two. Herman does not keep prior bills.

She will order such additional statements upon the request of Meiselman on the condition

that Meiselman pays all costs charged by the credit card companies for these statements.

## REQUEST NO. 18:

Any and all statements of your net worth generated by you or on your behalf from 2002 to the present.

RESPONSE:    There are no such documents.

## REQUEST NO. 19:

All corporate income tax returns for Financial Resources Network, Inc. for 2002,2003,2004 and 2005.

RESPONSE:    Herman will produce all such documents in her possession, custody, or

control.

## REQUEST NO. 20:

Any and all balance sheets for Financial Resources Network, Inc. for 2002, 2003,2004 and 2005.

RESPONSE:    There are no such documents apart from information contained in tax

returns, which have been produced

## REQUEST NO. 21:

Any and all profit and loss statements for Financial Resources Network, Inc. for 2002,2003,2004 and 2005.

RESPONSE:    See Response no. 20, above.

## REQUEST NO. 22:

Copies of all credit card bills and statements for the past three years for each and every credit card

active in the name of Financial Resources Network, Inc. during 2002 to the present.

RESPONSE:   See Response no. 17, above.

REQUEST NO. 23:

Any and all documents evidencing payment of money to Gregg Caplitz by Financial Resources Network, Inc. at all times from 2002 to the present.

RESPONSE:   See Response no. 13, above.

Respectfully submitted,
ROSALIND HERMAN, TRUSTEE,
FINANCIAL RESOURCES NETWORK,
INC., PROFIT SHARING PLAN AND
TRUST and FINANCIAL RESOURCES
NETWORK, INC., PROFIT SHARING
PLAN AND TRUST
Defendants and Cross-Claim Defendants
By Their Attorneys
COHAN RASNICK MYERSON LLP

Robert D. Cohan, Esquire (BBO #088300)
One State Street, Suite 1200
Boston, MA 02109
(617) 742-1820
rcohan@crmllp.com

C:\Myfiles\H\Herman, Rosalind\Response to Request for Documents in Deposition 1-3-07.doc

I hereby certify that a true copy of
the above document was served upon
the attorney of record for each other
party by hand/mail on 1/3/07

6

# EXHIBIT E

## DOCUMENTS PRODUCED

REQUEST NO. 1:

Signed copies of all state and federal tax returns filed by you in 2001, 2002, 2003,2004 and 2005.

> I produced my personal Federal tax returns 2001-2004, Financial Resources Network,
>
> Inc. ("FRNI") Federal tax returns 2001-2005, and Mass. Excise tax returns 2001-2005.

REQUEST NO. 2:

Copies of all Form W-2s issued to you in 2001,2002,2003,2004 and 2005.

> I produced my W-2s for 2002-2005.

REQUEST NO. 3:

Copies of all Form 1099s issued to you in 2001, 2002, 2003, 2004 and 2005.

> I produced Gregg Caplitz's 1099s for 2002-2005.

REQUEST NO. 4:

Copies of all deeds to real estate in which you have any legal or equitable interest, in whole or in part.

> I produced deeds to my Nevada home and Woburn home.

REQUEST NO. 5:

Copies of all mortgages and liens recorded against any and all real estate referred to in paragraph 4 above.

> I produced the following mortgage, lien, and sale/refinance documents:

> a.    Nevada home

>> 1.    Survey Affidavit

>> 2.    Letter from T.D. Service Company with attached Note

>> 3.    Letter from T.D. Service Company with attached Deed of Trust

>> 4.    First American Title Insurance Company – Estimated Statement

>> 5.    U.S. Bank N.A. papers

6.    First American Title Insurance Company – Borrower's Estimated Settlement Statement

7.    First Payment Advice

8.    Authorization for Quitclaim

9.    Mandatory Closing Instructions

10.    Federal Truth-in-Lending Disclosure Statement

11.    Planned Unit Development Rider

12.    Non-Uniform Covenants

13.    Deed of Trust

14.    Note

15.    Continuation Sheet/Residential Loan Application

16.    Uniform Residential Loan Application

17.    US Bank Home Mortgage

18.    US Bank Home Mortgage – Consumer Privacy Pledge

19.    Federal Truth-in-Lending Disclosure Statement

20.    Addendum to HUD-1

21.    Property Tax Status and Escrow Acknowledgement Notice

22.    U.S. Bank N.A. paper

23.    Request for Taxpayer – Identification Number and Certification

b.    Woburn home

1.    Assignment of Mortgage

2.    Mortgage Assignment

3.    Assignment of Mortgage

4.    Mortgage

5.    Washington Mutual Home Loans – Home Loan Statement – December 2005 through April 2006 and June 2006 through September 2006 and November 2006 through December 2006 (May and October missing)

REQUEST NO. 6:

Copies of the latest real estate tax bill issued in connection with any and all real estate referred to in paragraph 4 above.

I produced real estate tax bills for my Las Vegas home dated November 20, 2006 and March 5, 2007, and for my Woburn home dated August 1, 2006 and November 1, 2006.

REQUEST NO. 7:

Copies of the excise tax bills on any motor vehicle owned or leased by you.

I produced automobile excise tax bills for the two vehicles I have access to: Woburn, dated December 21, 2006 and February 4, 2005, also the Certificate of Title of the 1997 Pathfinder.

REQUEST NO. 8:

Copies of the most recent bank statement for any bank account in which you have any interest.

I produced the following personal bank statements, statements of FRNI and also statements of Financial Designing Consultants, Inc. ("FDCI"):

1.    Bank of America – Money Market Savings dated December 5, 2006

2.    US Bank – Checking dated October 31, 2006

3.    Bank of America – Keith and Rosalind Herman Combined Statements December 2005 – December 2006

4.    Bank of America – FRNI – statements dated January 31, 2006, February 28, 2006, March 31, 2006, June 30, 2006, July 31, 2006, November 30, 2006

5.    US Bank – FRNI – Statement dated November 1 through November 30, 2006

6.     Northern Bank and Trust Company – FRNI – statements dated January 1, 2003 through December 31, 2006 (September missing)

7.     Northern Bank and Trust Company – FRNI – statements dated January 1, 2004 through December 31, 2004

8.     Northern Bank and Trust Company – FRNI – statements dated January 1, 2005 through December 31, 2005 (October and November missing)

9.     Northern Bank and Trust Company – FRNI – statements dated January 1, 2006 through November 30, 2006 (December missing)

10.    US Bank – FDCI – Statement dated October, 2006 through November 30, 2006.

<u>REQUEST NO. 9:</u>

Copies of any and all statements from any brokerage, investment house or the like listing securities of any kind owned by you in the past three years.

I produced the following FRNI statements:

1.     401(K) Profit Sharing Plan

2.     Ameritrade FRNI no. 241005347 dated 12/31/05 through 11/24/06

3.     FRN 401(K) Rosalind Herman

4.     Ameritrade FRNI  no. 241005768 dated 12/31/05 through 11/24/06

5.     Ameritrade FRNI Master no. 241004076  dated 12/31/05 through 11/24/06

<u>REQUEST NO. 10:</u>

Copies of any and all current statements from any brokerage, investment house or the like listing securities of any kind owned by you now.

I have no such documents other than those produced in answer to no. 9, above.

<u>REQUEST NO. 11:</u>

Copies of any contracts of any kind pursuant to which you expect to receive payment for services rendered or to be rendered.

There are no such documents.

<u>REQUEST NO. 12:</u>

Copies of any and all agency agreements with all insurance companies for whom you have provided any services or with whom you have placed insurance for third parties in the past three years.

I produced the following documents related to Greg Caplitz:

1.     Acknowledgement

2.     Assumption

3.     Assignment with Exhibit A

4.     Secured Stock Certificate

5.     Financing Statement

6.     U.S. Bankruptcy Court – Trustee's Report of No Distribution

7.     Promissory Note, June 1, 1992

8.     Bankruptcy Petition

<u>REQUEST NO. 13:</u>

Evidence of all commissions you have received for placement or renewal in the past three years in connection with any insurance policy.

I produced records of payments to Caplitz from January 14, 2003 through December 12,

2006.

<u>REQUEST NO. 14:</u>

Copies of any and all trust documents pertinent to any beneficial interest you may have in any trust of any kind.

There are no such documents.

<u>REQUEST NO. 15:</u>

Copies of all documents generated in connection with any sale or re- finance of any real estate owned by you in whole or in part during 2002-2006.

These documents were produced as part of my response to no. 5, above.

REQUEST NO. 16:

Copies of any and all homestead exemptions filed by you or on your behalf it connection with any real estate owned by you in whole or in part.

I produced declarations of homestead for my homes in Woburn and Nevada.

REQUEST NO. 17:

Copies of all credit card bills and statements for the past three years for each and every credit card active in your name during 2002 to the present.

I produced what I have and offered to order from the credit card companies statements I do not keep, if Meiselman agreed to pay the costs.  I produced the following:

1.   Bank of America – FRNI – Small Business Platinum Statement January 1, 2005 through December 31, 2005

2.   Fleet – FRNI – Small Business Platinum Statement January 1, 2003 through December 31, 2003

3.   Fleet – FRNI – Small Business Platinum Statement January 1, 2004 through December 31, 2004

4.   American Express – Rosalind Herman – Small Business Network dated 3/31/04 through 10/06 (some are missing)

5.   American Express – Rosalind Herman, Brian Herman, Brad Herman and Gregg Caplitz – Small Business Network Expense Summaries, dated April, 2004 through October, 2006 (some are missing)

6.   Bank of America Payment Statements and Payment Coupons– FRNI – April 2005 through November 28, 2006

7.   America West Flight Fund Visa Platinum XXXX-XXXX-XXXX-6763– Rosalind Herman – Payment Coupons dated December 9, 2004 and December 9, 2005

8.   U.S. Airways Visa Classic Card XXXX-XXXX-XXXX-7798– Rosalind Herman – Payment Coupons dated December 20, 2004 and April 20, 2006

9.   Gasoline Card Center XXXX-XXXX-XXXX-7002– Rosalind Herman – Payment Coupon dated October 24, 2006

10.   American Express Blue XXXX-XXXXXX-X1008 – Rosalind Herman – Payment Coupon dated October 24, 2006

11.   American Express Optima Platinum XXXX-XXXXXX-X1004 – ROSALIND Herman – Payment Coupon dated October 21, 2006

12.    American Express Platinum Card XXXX-XXXXXX-X1008 – Rosalind Herman – Payment Coupon dated December 3, 2006

13.    Sear Gold MasterCard XXXX-XXXX-XXXX-2667 – Rosalind Herman – Payment Coupon dated November 29, 2006

14.    Power Rewards Visa Platinum Card XXXX-XXXX-XXXX-3991 – Rosalind Herman – Payment Coupon dated October 9, 2006

15.    Bank of America XXXX-XXXX-XXXX-0648 – Rosalind Herman – Payment Coupon dated November 15, 2006

16.    Bank of America World Points XXXX-XXXX-XXXX-6888 – Rosalind Herman – Payment Coupon dated November 18, 2006

17.    Chase MasterCard XXXX-XXXX-XXXX-6434 – Rosalind Herman – Payment Coupons dated October 10, 2006, October 20, 2006 and November 10, 2006

18.    Bank of America Savings Bond Platinum XXXX-XXXX-XXXX-9383 – Rosalind Herman – Payment Coupon dated November 25, 2005

REQUEST NO. 18:

Any and all statements of your net worth generated by you or on your behalf from 2002 to the present.

There are no such documents.

REQUEST NO. 19:

All corporate income tax returns for Financial Resources Network, Inc. for 2002,2003,2004 and 2005.

I produced these in response to no. 1, above.

REQUEST NO. 20:

Any and all balance sheets for Financial Resources Network, Inc. for 2002, 2003,2004 and 2005.

There are no such documents.

REQUEST NO. 21:

Any and all profit and loss statements for Financial Resources Network, Inc. for 2002,2003,2004 and 2005.

There are no such documents.

REQUEST NO. 22:

Copies of all credit card bills and statements for the past three years for each and every credit card active in the name of Financial Resources Network, Inc. during 2002 to the present.

      I produced these in response to no. 17, above.

REQUEST NO. 23:

Any and all documents evidencing payment of money to Gregg Caplitz by Financial Resources Network, Inc. at all times from 2002 to the present.

      I produced these in response to no. 3, above.

C:\Myfiles\H\Herman, Rosalind\Exhibit A to Affidavit 1-11-07.doc

# EXHIBIT F

LAW OFFICE OF
## CHARLES P. KAZARIAN, P.C.
77 NORTH WASHINGTON STREET
Suite 200
BOSTON, MASSACHUSETTS, 02114

CHARLES P. KAZARIAN, P.C.
INTERNET: kazchaz@aol.com

TELEPHONE (617) 723-6676
FACSIMILE (617) 723-8170

December 21, 2006

BY FACSIMILE (617) 227-1780
Robert D. Cohan, Esq.
Cohan Rasnick Myerson LLP
One State Street
Boston, MA 02109

     Re: Rosalind Herman

Dear Mr. Cohan:

Further to our meeting today and subsequent telephone conversation, I confirm the following:

1. I will arrange to have our Nevada counsel postpone the hearing scheduled there for January 4, 2007 until a later date in January. Obviously, Mrs. Herman will have to let her Nevada counsel know that he is to cooperate in that postponement;

2. Your client has agreed to provide me with full and complete documentation as requested in the Schedule A to her deposition notice, a copy of which she already had, and a copy of which I provided to you today, not later than the close of business on Tuesday, December 26, 2006. On this subject, I would like to draw your attention to your client's interest in Financial Designing Consultants, Inc. (FDCI). I consider FDCI bank statements, including but not limited to those FDCI accounts at US Bank, to be within the ambit of Schedule A, particularly because we now have evidence that Mrs. Herman endorsed as president/CEO of FDCI and deposited into US Bank the $643,345.95 commission check paid to Caplitz by Indianapolis Life. Copies of both sides of the check are attached for your convenience.

3. We have agreed that if Mrs. Herman makes full and timely full disclosure as described above, I will take Mrs. Herman's deposition on January 5, 2007 at 9:00 a.m. The deposition will be at Attorney Bogaert's office.

4. Mrs. Herman's contempt cannot be purged without payment of my bill as ordered by Magistrate Judge Alexander. Another copy of my bill is enclosed.

Received  12-21-06  13:21    From-617 367 8319    To-COHAN RASNICK MYERSO    Page 02

Robert D. Cohan, Esq.
December 21, 2006
Page 2

I hope your client understands that if things continue the way they have to date, my client will pursue the collection of every cent of his ever-growing judgment, regardless of the financial cost he incurs in so doing, and will foreclose as may be judicially permitted on every available asset. The only alternative way out of this case for your client is settlement.

In that regard, you may want to go over 29 USC § 1109(a) with your client. I reprint it here in pertinent part for your convenience:

**Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.**

This takes care of the defenses asserted here and in Nevada having to do with any alleged misnaming of Mrs. Herman vis a vis her trustee status.

I hope you are able to get up to speed quickly, so that we can have a detailed proposal from you in the near future about a resolution that makes sense for all concerned.

Very truly yours,

Charles P. Kazarian

encs.
cc: Rudy Meiselman

Received    12-21-06    13:21    From-617 367 9319    To-COHAN RASNICK MYERSO    Page 08

12/19/2006    8:54:56 AM

INDIANAPOLIS LIFE INSURANCE COMPANY    3033367
PO BOX 1230
INDIANAPOLIS, IN 46206

88-1544
441                                              12/01/03

PAY    $***********643,345 DOLLARS 95 CENTS                    $******643,345.95
PAY TO THE ORDER OF:

GREGG D CAPLITZ
424 WASHINGTON ST
WOBURN MA  01801

27X00 COMMISSIONS                                   AUTHORIZED SIGNATURE
BANK ONE, OHIO
THIS CHECK IS VOID UNLESS PRESENTED FOR PAYMENT IN 180 DAYS AFTER ITS DATE    TWO SIGNATURES REQUIRED ON AMOUNTS OVER $100,000.00
THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

⑈0003033367⑈  ⑆044115443⑆  63610102406  ⑈0064334595⑈

| Location | Acct # | Check # | Amount | Issue Date | Paid Date | Sequence |
|----------|--------|---------|--------|------------|-----------|----------|
| CD | 636101024 | 3033367 | $643,345.95 | 12/1/2003 | 12/12/2003 | 4310205437 |
| Customer Data | Bank # | GL Category | CD VoiID/CIMS Key | | | |
| | 1 | 000000000000 | 20031231212001 | | | |

Dec-21-2006 01:26pm    From-Charles P. Kazarian, P.C.    617-367-9319    T-150    P.006/006    F-793

Received    12-21-06    13:21        From-617 367 8319                To-COHAN RASNICK MYERSO    Page 04

LAW OFFICE OF
## CHARLES P. KAZARIAN, P.C.
77 NORTH WASHINGTON STREET
Suite 200
BOSTON, MASSACHUSETTS, 02114

CHARLES P. KAZARIAN, P.C.
INTERNET: kazchaz@aol.com

TELEPHONE (617) 723-6676
FACSIMILE  (617) 723-8170

November 24, 2006

Wayne R. Murphy, Esq.
Murphy & Asociates
600 Atlantic Avenue
Boston, MA 02114

Re: Meiselman

### BILL OF FEES AND COSTS IN CONNECTION WITH CONTEMPT

| | | |
|---|---|---|
| 7-5 | Contact Murphy's office to confirm Herman depo, learn Murphy claims no knowledge and is on trial tomorrow | 0.2 |
| | Prepare and send letter to Murphy and re-notice of Herman deposition; | 0.4 |
| | Prepare motion for contempt (Caplitz) and supporting affidavit; | 1.0 |
| | Telcon Murphy's office to demand documents (his associate responds) | 0.3 |
| 7-14 | Prep for and attend Herman depo | 1.5 |
| 9-15 | Draft and file motion to compel | 1.3 |
| 10-4 | Prep for argument; draft and file motion for contempt; tc Murphy's office | 1.7 |
| 10-18 | Prep for and attend contempt hearing | 1.3 |
| 10-19 | Telcon client re contempt; rev Judge Alexander order | 1.2 |
| 10-20 | Prep four depo notices and cover to Murphy; | 0.5 |
| 11-1 | Receive and investigate RTS on deposition notices; travel to P.O., discuss possible action w/ postal inspector, discuss stretgy w/Bogaert, report to client; attempt to contact Murphy x 3. prep for depositions; | 3.5 |
| 11-2 | Further attempts to contact Murphy x3; attend depos | 2.0 |
| 11-10 | Telcon Wayne Murphy | 0.4 |
| 11-14 | Rev Murphy letter; discuss w Bogaert | 0.2 |
| 11-20 | Prepare for hearing; research on contempt remedies | 3.5 |
| 11-20 | Travel to and attend contemp hearing | 1.0 |
| 11-24 | Respond to Murphy fax re Schedule A's; prep bill | 0.3 |

Dec-21-2006  01:27pm    From-Charles P. Kazarian, P.C.          617-367-8319          T-160    P.004/006    F-788

To-COHAN RASNICK MYERSO    From-617 367 8819    13:21    12-21-06    Received    Page 06

Wayne R. Murphy, Esq.
November 24, 2006
Page 2

| Total time: | | 20.3 |
|---|---|---|
| Rate : | | $300 |
| Expenses: Stenographer Show-Up Fees: | 7-14 | $214.40 |
| | 10-14 | $214.40 |
| | 11-2 | $214.40 |

**Total Due:**    $6,733.20

Dec-21-2006 01:27pm    From-Char1es P. Kazarian, P.C.    617-367-0319    T-150    P.006/006    F-798

# EXHIBIT G

## Main Identity

**From:**    "Bob Cohan" <rcohan@crmllp.com>
**To:**      <KazChaz@aol.com>
**Sent:**    Wednesday, January 03, 2007 10:30 AM
**Subject:** Fw: Fw: Nevada hearing

Chuck, it appears we may be arguing over nothing. Ms. Herman provided to you the November statement for Financial Design Consultants with the other bank statements in response to your request no. 8 for,"copies of the most recent bank statement for any bank account in which you have an interest." I will fax a copy to you now. This is full compliance with that request.
    I am again requesting that you identify the documents you claim she improperly withheld and confirm receipt of the check in payment of your bill. Bob
----- Original Message -----
**From:** Bob Cohan
**To:** KazChaz@aol.com
**Sent:** Tuesday, January 02, 2007 1:35 PM
**Subject:** Re: Fw: Nevada hearing

Chuck, perhaps we will have to go before Judge Young on this. Even viewing your request expansively, I do not see how you can read into it that  she must produce bank records for a company that is not a party to the action particularly where your judgment is against an entirely different corporation and not against Ms. Herman personally.
    My client is ready willing and able to go forward with the deposition on the 5th as scheduled by you and she will be at your office at 10AM on that date unless you confirm that the deposition is postponed as I requested, in which case we need to file a motion with the court to extend the deadline to purge the contempt.
    She has already produced all of the documents in her possession, custody and control in advance of the deposition although she was not required to produce them until the deposition, so she will have purged her contempt by this Friday as ordered by the court when she shows up at your office for her deposition. She does not remain in contempt for her failure to produce documents she doesn't have.
    Consider taking the deposition with the documents you have and reserve your rights to resume the deposition as to additional documents subsequently produced.
    Finally, I understand that the check in payment of you bill was delivered to your office at about 10:45 AM today and signed for by "Marson". Please let me know if you did not receive it.
    I will be in today and tomorrow until 3PM so whatever you decide needs to be  communicated to me before 3PM.Bob

----- Original Message -----
**From:** KazChaz@aol.com
**To:** rcohan@crmllp.com
**Sent:** Tuesday, January 02, 2007 11:00 AM
**Subject:** Re: Fw: Nevada hearing

Bob,

For your information, Caplitz' has around $1.8 million in commission checks earned in 2003-2004, all of which he said under oath that turned over to Herman's various companies, including FDC. All of herman's companies are owned by Herman. It most certainly is within the ambit of the Schedule A document request. I have the right to know where all that money is now, and I am shocked that your client does not understand her obligation to provbide this information. She will be before Judge Young again to explain her positiion.

Charles P. Kazarian
Law Office of Charles P. Kazarian, P.C.
77 North Washington Street
Boston, MA 02114
(617) 723-6676
Website: Kazarianlaw.com

1/3/2007

# EXHIBIT H

Page 1

VOLUME:   I
PAGES:    1 - 10

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - x
INDIANAPOLIS LIFE INSURANCE COMPANY,
                  Plaintiff,

vs.                                        Docket No.
                                           04-CV-12481-WGY

ROSALIND HERMAN, TRUSTEE, FINANCIAL
RESOURCES NETWORK, INC., PROFIT SHARING
PLAN AND TRUST, FINANCIAL RESOURCES
NETWORK, INC., PROFIT SHARING PLAN AND
TRUST, GREGG D. CAPLITZ, RUDY K.
MEISELMAN, M.D., AND HOPE E. MEISELMAN,
                  Defendants.
- - - - - - - - - - - - - - - - - - - -x

EXCERPT OF DEPOSITION          ORIGINAL

        DEPOSITION of ROSALIND HERMAN, a witness called

on behalf of the Defendants Rudy K. Meiselman, M.D., and

Hope E. Meiselman, taken pursuant to notice before

Deborah L. Maren, Registered Professional Reporter and

Notary Public in and for the Commonwealth of Massachusetts,

at the offices of Wilson, Elser, Moskowitz, Edelman &

Dicker, LLP, 155 Federal Street, Boston, Massachusetts, on

Friday, January 5, 2007, commencing at 10:10 a.m.

                  DUNN & GOUDREAU
            COURT REPORTING SERVICE, INC.
         ONE STATE STREET, BOSTON, MA 02109
         TEL:  617-742-6900 / FAX:  617-973-9500

DUNN & GOUDREAU

Page 2

1   APPEARANCES:

2

        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
3       By William T. Bogaert, Esq., and Carla C. Ward, Esq.
        155 Federal Street
4       Boston, Massachusetts 02110
        Counsel for Plaintiff
5

6       MURPHY & ASSOCIATES, P.C.
        By Wayne R. Murphy, Esq.
7       600 Atlantic Avenue, 12th Floor
        Boston, Massachusetts 02210
8       Counsel for Defendants FRN and Gregg D. Caplitz

9
        LAW OFFICES OF CHARLES P. KAZARIAN, P.C.
10      By Charles P. Kazarian, Esq.
        77 North Washington Street
11      Boston, Massachusetts 02114
        Counsel for Defendants Rudy K. Meiselman, M.D., and
12      Hope E. Meiselman

13      KLIEMAN, LYONS, SCHINDLER & GROSS
        By Janet Kenton-Walker, Esq.
14      21 Custom House Street
        Boston, Massachusetts 02110
15      Counsel for the Defendant Rosalind Herman

16      ALSO PRESENT:   Rudy K. Meiselman, M.D.
                        Brian Herman
17                      Gregg Caplitz

18

19

20

21

22

23

24

DUNN & GOUDREAU

Page 3

1                       P R O C E E D I N G S

2           MS. KENTON-WALKER:   Before you ask a question, I

3   just want to put something on the record before we get to

4   the end of the day and I forget, which I'm likely to do.

5           It's my understanding that one of the issues in

6   this case as a whole is the question of the contempt.   And

7   it's my understanding that Mrs. Herman was required to, one,

8   produce documents pursuant to your request; and show up and

9   be deposed.

10          And it's our contention that she has complied with

11  the order of -- the contempt or complied with the production

12  and that she's complied with appearing here today for the

13  depo; and that, obviously, I know you want to suspend, and

14  she's more than happy to come back at whatever next day that

15  you pick.

16          So it's our position that she has purged herself

17  of the contempt and that, therefore, whether we suspend or

18  we don't suspend, that the contempt should be purged at this

19  point.

20          If you believe that she has not done so or if

21  there's something specific, either in terms of the document

22  request that you believe is not -- that somehow keeps her

23  from having purged this contempt, then I would like to know

24  specifically on the record what it is -- what documents

DUNN & GOUDREAU

Page 4

1    specifically you both believe -- or you, particularly,

2    Mr. Kazarian, believe -- what she hasn't produced and

3    somehow not purged herself of this contempt.

4          MR. KAZARIAN:  Would you like a response?

5          MS. KENTON-WALKER:  The alternative, if you will,

6    before you respond, is:  If you believe that to be so --

7    again, we'll have it on the record.  But then what the

8    question will be is:  If you believe that she is in

9    compliance to most of it, whether you will file a motion or

10   make some order or suggestion to the Court that the time to

11   purge the contempt should be extended, assuming we were to

12   agree that she hasn't -- that there's something that she

13   hasn't produced that you think she should have.

14          I'm all set.  Thank you.

15          MR. KAZARIAN:  Well, I don't think that it's going

16   to be our role to file any motion with the Court.  And while

17   I would certainly never suggest that there hasn't been

18   substantial compliance, because there has been substantial

19   compliance, nevertheless, I don't think it's complete

20   compliance.  And I don't think that we have made any

21   decision about what we'd like to see happen with that.

22          Our original position was that we wanted complete

23   compliance.  It always has been that.  And the future or our

24   efforts has not been to have Mrs. Herman or Mr. Caplitz held

DUNN & GOUDREAU

Page 5

1  in contempt but simply to gain access to the documents and
2  information that we require.

3          So I can tell you that I don't think -- I can tell
4  you now that I don't think that we're going to make any big
5  issue about contempt.  On the other hand, I don't think we
6  are going to take any big effort to assist in whatever
7  efforts you think are appropriate to communicate to the
8  Court what's going on here.

9          And I also will say, for example, I was very
10 surprised not to find any Schedule K-1s in the tax returns.
11 I don't see how you can have a tax return with a Schedule B
12 and a Schedule E with no Schedule K on any of the tax
13 returns.  That's one particular document.

14         I don't think we have -- we certainly don't have
15 current bank accounts -- bank statements from U.S. Bank.  We
16 have an October statement --

17         MS. KENTON-WALKER:  Can I stop you there?

18         MR. KAZARIAN:  Yes.

19         MS. KENTON-WALKER:  When you say "bank statements
20 from U.S. Bank," are you speaking of her personal banking
21 records?

22         MR. KAZARIAN:  Yes, for one.  But there's also --
23 the request is for bank statements for any account in which
24 she has an interest.  And I think however Mrs. Herman or

DUNN & GOUDREAU

Page 6

1   counsel have decided to define "interest" may be

2   unnecessarily narrow. So I'm not particularly happy with

3   that.

4           MS. KENTON-WALKER: And so you're specifically

5   talking about Financial Designing Consulting, Inc., bank

6   statements? Is that what you're referring to?

7           MR. KAZARIAN: No. I'm actually referring to

8   every bank account in which Mrs. Herman has any interest.

9   I'm not sure I know what every bank account in which

10  Mrs. Herman has an interest in is. But I'm quite sure she

11  does. So, again, I really don't know if I have complete

12  compliance at this point. And I don't know how to

13  corroborate that right at the moment.

14          MR. BOGAERT: Can I say something? Let's go off

15  the record.

16          MR. KAZARIAN: And let me just add, before we go

17  off the record, tax returns that have preparers listed in

18  them but aren't signed by preparers, to me, are an

19  incomplete response. And acknowledging some of the timing

20  of this and acknowledging some of the issues that have

21  plagued this case, nevertheless, Judge Young's order is

22  clear.

23          And so I really can't make a statement to you on

24  the record of where I think this is going to go or what we

1   are going to do.  So that ball remains, so to speak, in your

2   court.

3          MR. BOGAERT:  Can we go off the record?

4          THE COURT REPORTER:  Does everybody agree?

5          MR. KAZARIAN:  Yes.

6          MS. KENTON-WALKER:  Yes.

7          MR. MURPHY:  Yes.

8          (Discussion off the record.)

9          (Recess.)

10         MS. KENTON-WALKER:  After further discussions with

11  counsel, it has been agreed that Attorney Robert Cohan,

12  C-O-H-A-N, will be calling Judge Young's session clerk or

13  courtroom clerk to report to him or her that he, on Monday,

14  will electronically file a motion to remove the contempt

15  against Mrs. Herman on the basis that she has complied with

16  the order of the Court.

17         And counsel here, meaning Mr. Bogaert and

18  Mr. Kazarian, have agreed that they will not file an

19  opposition to that motion at this time or on Monday on the

20  agreement of counsel that they will have further discussions

21  to schedule the second day of Mrs. Herman's deposition and

22  also further discussions about the production of additional

23  documents as can be agreed upon that she should produce.

24         If they are unable to reach agreement on what

DUNN & GOUDREAU

Page 8

1   other additional documents should be produced, counsel,

2   meaning Mr. Kazarian and Mr. Bogaert, are free to file

3   whatever opposition to remove the contempt as they see fit.

4        MR. KAZARIAN:  I'm sorry.  All I would add is that

5   what we seek to do is get the completion of the documents

6   and the discovery that we think we're entitled to.  And I'm

7   certainly willing to have the contempt remain open; in other

8   words, not have there be any sanctions for contempt for as

9   long as that is -- as long as we agree that that period be

10  either open or we get to the point of complete compliance.

11       And part of compliance is -- given the substance

12  of Mrs. Herman's testimony, part of compliance is -- clearly

13  the ball has been passed off, so the speak, to Dan Goodness.

14  Part of that is going to have to be the deposition of Dan

15  Goodness and the documents that he's going to provide

16  because he possesses the documents.  We can't make

17  Mrs. Herman produce documents that she doesn't have.

18       MS. KENTON-WALKER:  Correct.

19       MR. KAZARIAN:  So she has sort of passed the torch

20  to Mr. Goodness.  So I just want to make sure it's on the

21  record that Mr. Cohan knows -- and you can tell him -- that

22  documents that come from Goodness and Goodness's deposition

23  are going to have to be within this period where the

24  contempt is in abeyance.

DUNN & GOUDREAU

Page 9

1           MS. KENTON-WALKER:  I'll let him know, and we'll

2     do the best we can.

3               MR. KAZARIAN:  Okay.

4               MS. KENTON-WALKER:  Off the record?

5               MR. KAZARIAN:  Yes.

6               (Discussion off the record.)

7                         * * * * * *

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DUNN & GOUDREAU

COMMONWEALTH OF MASSACHUSETTS

I, Deborah L. Maren, Notary Public and Court Reporter in and for the Commonwealth of Massachusetts, do hereby certify that the foregoing deposition was taken before me on the day herein set forth;

That the witness named in the deposition, prior to being examined, was by me first duly sworn;

That said deposition was taken before me at the time and place herein set forth, and was taken down by me in shorthand and thereafter transcribed into typewriting under my direction and supervision;

That said deposition is a true record of the testimony given by the witness and of all objections made at the time of examination.

I further certify that I am neither counsel for nor related to any party to said action, nor in any way interested in the outcome thereof.

IN WITNESS WHEREOF I have subscribed my name and affixed my seal.

Deborah L. Maren
Notary Public, Massachusetts
My Commission Expires: August 27, 2010

DUNN & GOUDREAU

# EXHIBIT I

LAW OFFICE OF
## CHARLES P. KAZARIAN, P.C.
77 NORTH WASHINGTON STREET
Suite 200
BOSTON, MASSACHUSETTS, 02114

CHARLES P. KAZARIAN, P.C.
INTERNET: kazchaz@aol.com

TELEPHONE (617) 723-6676
FACSIMILE   (617) 723-8170

January 8, 2007

BY EMAIL
Rober Cohan, Esq.
**Cohan Rasnick & Myerson**
One State Street
Boston, MA 02109

> Re:    Indianapolis Life v. Herman, et al.
>          United States District Court
>          Civil Action No. 04-12481WGY

Dear Bob:

Before addressing anything further that we require from your client, please note that your letter to Judge Young's courtroom clerk inadvertently mis-states my client's position regarding your motion to purge the contemp, which position is clearly stated on the record, and which you may not have had the chance to read since you have just returned from surgery. I called Matt Paine just now to let him know that by treating your motion as an ordinary one, with 14 days to respond, it would give both sides the opportunity to find out whether any response to your motion is necessary. This type of handling will effectuate the agreement I made with Janet Kenton-Walker on the record.

Also, the colloquy between Janet and I sets forth in some detail what I find inadequate in your client's document disclosure. I assume the reporter has emailed the relevant excerpt to you and/or Janet. In summary, the inadequacy of the document response is as follows:

1. She has provided no personal tax return for 2005. That it has not yet been prepared or is on extension would have been best demonstrated by documentation, such as an extension request, which has not been produced, nor have any of the schedules or forms to be used in preparing the 2005 return been produced.

2. The copies of personal tax returns as well as the copies of FRN tax returns as provided to me are all unsigned by the purported preparer, Daniel Goodness, d/b/a "Bottom Line Specialists". Given that Mr. Goodness has testified under oath that he

Rober Cohan, Esq.
January 8, 2007
Page 2

never completed a tax return for Ms. Herman, I think you can see and explain to your client the problem we have with her response.

3. She has provided no Schedule K-1 forms attached to any of the personal returns, despite that fact that K-1 losses/gains appear on the returns.

4. She has provided no schedule, 1099 or the like reflecting or corresponding to an income spike of over **$716,344.00** on her 2004 personal return. Please note that under questioning she could not account for the source of this huge income, and again, even though the money is described on the return as K-1 income, no Schedule K-1 has been provided.

5. She has not provided statements from **all** banks in which she has an interest. She has failed to define "interest" as inclusive of her interest in her shell companies.

6. She has pointed the finger of knowledge at Daniel Goodness, who she described repeatedly as her "comptroller", and has described as having possession of many relevant documents, including some of those she failed to produce. I know you understand the import of this. Ms. Herman testified at her deposition that she did not make inquiry of Goodness relative to the document production.

Your client's attempt to purge was substantial but not complete. She remains in contempt. Inasmuch as she remained in contempt by the close of business on January 5, 2007, as per the order issued by Judge Young she is now permanently enjoined from filing any motions and the new case against my client is dismissed with prejudice. It is as to Ms. Herman's *continuing* contempt that we can in future agree that she has purged it, and so report to Judge Young, only when she has produced 100% of the missing documents in my office, and made her comptroller Mr. Goodness available with all financial information relevant to Ms. Herman and her shell companies. I trust we can gat that accomplished in the very near future.

I suggest that your client provide me with the above-listed missing documents by not later than this coming Friday, January 12, so that when I return from a brief vacation on January 15, I will be able to review same, and be in a position to set up depositions for later in that week.

Very truly yours,

Charles P. Kazarian

cc:    William Bogaert, Esq.
        Rudy Meiselman

# EXHIBIT J

**COHAN RASNICK MYERSON LLP**

One State Street, Suite 1200
Boston, Massachusetts 02109
(617) 742-1820
Telecopier (617) 227-1780

**Robert D. Cohan**

January 11, 2007

VIA FACSIMILE TO 617-723-8170

Charles P. Kazarian, Esq.
77 North Washington Street
Boston, MA 02114

RE:     Indianapolis Life Insurance Company v. Rosalind Herman, Trustee, et al.;

Dear Chuck:

I am responding to your letter of January 8, 2007. Mrs. Herman will make every effort to cooperate with your discovery requests but her cooperation has nothing to do with the status of the contempt. She has purged herself of the contempt and we expect to prove that at the scheduled hearing. Allow me to respond to the numbered paragraphs of your letter as follows:

1.      Mrs. Herman has provided no personal tax returns for 2005 because she is on extension. She was under no obligation to produce her 2005 extension request but a copy is enclosed because you have now asked for it. Schedules to the 2005 tax returns cannot be produced until the return is completed.

2.      You claim that the personal tax returns and the FRN tax returns provided are "unsigned by the purported preparer, Daniel Goodness, d/b/a 'Bottom Line Specialist'" and you also claim that, "Mr. Goodness testified under oath that he never completed a tax return for Mrs. Herman." Regardless of what may appear in Mr. Goodness' deposition, he informs me that he has prepared Mrs. Herman's personal tax returns and, in fact, his company, Bottom Line Specialists, is identified on the returns as the preparer. All of the personal returns are signed by Mrs. Herman and her husband. You requested signed returns and you got signed returns. There was no obligation for Mr. Goodness to sign the returns because they were signed by the taxpayers.

3.      With regard to the FRNI tax returns, these are all signed by Mr. Goodness as "controller". There is no requirement that he sign twice as preparer. If there is a discrepancy between Mr. Goodness' position now and his testimony at his deposition, that has no bearing on whether Mrs. Herman has purged her contempt. We produced signed copies of FRNI's tax returns as requested.

Charles P. Kazarian, Esq.
January 11, 2007
Page 2

You claim that Mrs. Herman had provided no Schedule K-1 forms although K-1 losses/gains appear on the returns. I am informed that the Schedule K-1 forms are not required to be attached to personal the tax returns and I note that your request for documents, no. 1, requests only the tax returns. FRNI is not an S-Corporation and does not have K-1's. You made no request for the separate K-1 form. Therefore, the failure to produce them by December 5, does not continue Mrs. Herman's contempt. Since you have asked for them, I have asked Mr. Goodness to locate them and you will find enclosed a 2004 Schedule K-1 for Financial Design Consultants.

4.      You claim that Mrs. Herman provided no schedule 1099's, "or the like reflecting or corresponding to an income spike of over $716,344.00 on her 2004 personal tax return" and no Schedule K-1 was provided. I have addressed the Schedule K-1 issue in par. 3, above. Mr. Caplitz worked with Mr. Goodness, not Mrs. Herman, to respond to your document request. Through oversight 1099's for 2004 and 2005 were inadvertently omitted. They are both enclosed. These are minor oversights.

5.      You claim that Mrs. Herman has not provided statements from all banks in which she has an interest. She produced her personal bank statements and the statement for FRNI and Financial Design Consultant, Inc. Your request no. 8 seeks bank statements for, "any bank account in which you have an interest." (Emphasis supplied). The only reasonable interpretation of "you" is Mrs. Herman in her capacity as Trustee, since that is the only capacity in which she has been sued. Nevertheless, she produced her personal statements and, because you requested them, the most recent statement of Financial Designing Consultants. That was the only additional statement which you requested. Now for the first time you claim that she should produce each and every bank statement in which she has an interest in any capacity whatsoever no matter how far afield it may be from this lawsuit. Mrs. Herman informs me that there is one other account in which she has signing powers, an account with the Wells Fargo Bank standing in the name of The Knew Finance Experts Inc. I will provide the most recent statement from that bank shortly. However, the failure to produce that statement by December 5 does not give rise to a continuing contempt because you never requested it.

6.      Based upon the foregoing, it is inconsequential as to what Mrs. Herman testified with regard to whether she asked Mr. Goodness for additional documents. Also, as I was not at the deposition, I cannot confirm that you are accurately reporting her testimony.

Please contact me at your earliest convenience to schedule a date for Mr. Goodness' deposition. I would suggest that we have it at his office, if it is available, so that he can have at his fingertips such additional documents as you may request.

Charles P. Kazarian, Esq.
January 11, 2007
Page 3


With regard to your suggestion that you may be opposing the pending motion to purge the contempt I would call your attention to your own testimony on pages 4-5 of Mrs. Herman's deposition in which you state:

> I would certainly never suggest that there hasn't been substantial compliance, because there has been substantial compliance, nevertheless, I don't think it is complete compliance ... I can tell you now that I don't think that we're going to make any big issues about contempt.

Therefore, by your own omission, the contempt has been purged and if you do oppose the motion, for the reasons set forth herein, and based upon your own testimony at the deposition, I will seek sanctions, including attorney's fees and costs under G.L. c. 231, §6F. It is quite obvious that any effort on your part to oppose this motion is motivated not by a genuine desire to obtain relevant and material documents which you were denied, but, rather, to ensure that Mrs. Herman cannot proceed against Dr. Meiselman in a case which was dismissed. Your e-mail to me of December 29, 2006, at 2:25 p.m. is testament to you intent to take every step you can to prevent Mrs. Herman from asserting her legitimate claims against Dr. Meiselman.

Regardless of the position that you take with regard to the pending motion, my client will continue to cooperate with your discovery requests as expeditiously as possible.

Finally, I would like to suggest that you hold in abeyance your proceedings in Nevada until we have resolved the issue of her personal liability. Based on my review of the law, you are pursuing a judgment against her individually which you do not have, and you have no basis on which to make that claim beyond an incorrect execution. This is also a clear violation of G.L. c. 231, §6F and we will seek sanctions against your client if you continue to run up a bill pursuing a judgment against her individually.

Please call me upon receipt of this letter so that we can schedule Mr. Goodness' deposition.

Sincerely,

Robert D. Cohan

RDC/ams
Enclosures
cc:      William T. Bogaert, Esq. (Via Facsimile to 617-423-6917)
C:\Myfiles\H\Herman, Rosalind\Kazarian ltr 1-10-07.doc

# EXHIBIT K

## COHAN RASNICK MYERSON LLP

One State Street, Suite 1200
Boston, Massachusetts 02109
(617) 742-1820
Telecopier (617) 227-1780

Robert D. Cohan

January 16, 2007

VIA FACSIMILE TO 617-723-8170

Charles P. Kazarian, Esq.
77 North Washington Street
Boston, MA 02114

RE:    Indianapolis Life Insurance Company v. Rosalind Herman, Trustee, et al.;

Dear Chuck:

With regard to the documents I faxed to you under cover letter of January 11, 2007, I inadvertently misspoke as to their identification. You received the following documents:

1.    Application for automatic extension of time to file U.S. individual income tax returns for Rosalind and Keith Herman for 2005.

2.    2005 Bank of America Form 1099 for interest income of $55.87.

3.    2005 U.S. Bank Form 1099 for interest income of $694.36.

4.    2005 NNN 2004 Notes Program LLC Form 1099 for interest income of $1,513.86.

5.    NNN 2004 Notes Program LLC Form 1099 for interest income of $136.14.

6.    2004 US Bank Form 1099 for interest income of $244.52.

7.    2004 NNN 2004 Notes Program LLC Form 1099 for interest income of $1,043.63.

8.    2004 NNN 2004 Notes Program LLC Form 1099 for interest income of $11,606.37.

Charles P. Kazarian, Esq.
January 16, 2007
Page 2

    9.    2004 Schedule K-1 from Financial Designing Consultants Inc. for ordinary income of $716,344 (reflecting a Section 179 deduction of $9,640)

Also we are producing with this letter the following additional documents:

    1.    Wells Fargo Bank statement 12/31/06.

    2.    2003 NNN 2004 Notes Program, LLC Form 1099 for interest income of $1,427.68.

    3.    2003 NNN 2004 Notes Program, LLC Form 1099 for interest income of $18,319.14.

    4.    2003 Fleet National Bank Form 1099 for interest income of $12.19.

    5.    2003 U.S. Bank Form 1099 for interest income of $199.94.

Again, I must reiterate that no Schedule K-1s were requested and they are not required to be attached to tax returns. The enclosed K-1 is being produced in the spirit of cooperation, not because it is the subject of the contempt order.

Except as set forth herein, I believe the contents of my letter of January 11, 2007, are correct.

If you require any additional information or documentation please do not hesitate to contact me.

                    Sincerely,

                    Robert D. Cohan

RDC/ams
cc:    William T. Bogaert, Esq. (Via Facsimile to 617-423-6917)

C:\Myfiles\H\Herman, Rosalind\Kazarian ltr 12-20-06.doc