UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12481-WGY

INDIANAPOLIS LIFE INSURANCE COMPANY,

Plaintiff

v.

ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK,
INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES
NETWORK, INC., PROFIT SHARING PLAN AND TRUST GREGG D.
CAPLITZ, RUDY K. MEISELMAN, M.D. and HOPE E. MEISELMAN

Defendants

---

RUDY K. MEISELMAN, M.D.,

Cross-Claim Plaintiff

v.

ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK,
INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES
NETWORK, INC., PROFIT SHARING PLAN AND TRUST, and GREGG D.
CAPLITZ,

Cross-Claim Defendants

**ORDER ON**

**HERMAN'S EMERGENCY MOTION FOR RULING THAT SHE HAS
PURGED HERSELF OF THE CONTEMPT ORDER**

**(Docket # 90)**

ALEXANDER, M.J.

At first blush, the issue before this Court appears simple: Did Ms. Herman purge herself of this Court's November 22, 2006 contempt order on or before January 5, 2007, in compliance with Judge Young's order of December 21, 2006? Of course, simplicity in adjudicating dragging and emotionally charged litigation disputes is not normally in the offing. Because the Court's instant decision has a significant effect upon substantial rights of both parties, but particularly Ms. Herman, it is necessary to thoroughly review the circumstances leading the parties to this juncture in order to render a decision.

This Court first began the instant sojourn on October 18, 2006, when it first held a hearing on cross-claim plaintiff Rudy K. Meiselman's Emergency Motion for Contempt. The crux of Mr. Meiselman's motion stemmed from the failure of cross-claim defendants Rosalyn Herman and Gregg D. Caplitz ("cross-claim defendants") to comply with various orders of this Court to produce documents and submit to depositions. Neither Ms. Herman nor her counsel appeared for this hearing. Accordingly, this Court allowed Mr. Meiselman's motion for contempt.

On November 20, 2006, this Court then held a show cause hearing related to Meiselman's Motion for Contempt. Both Ms. Herman and her then attorney, Wayne R. Murphy, appeared. During the hearing, the parties informed the Court that they

agreed to a production of the sought documents on or before November 27, 2006, to holding Mr. Caplitz's deposition on December 8, 2006 at 9:00 a.m., and conditionally agreed to hold Ms. Herman's deposition on December 20, 2006 if another deposition she is scheduled to attend in Nevada did not proceed.  In light of the cross-claim defendants' obfuscatory behavior, the Court warned counsel during the hearing, a warning reiterated in this Court's order of November 22, 2006, that cross-claim defendants' failure to provide documents or submit to depositions per the above-mentioned agreement would be met with sanctions, possibly including the issuance of arrest warrants.[1]

This Court, having disposed of all the matters which had been referred, returned the case to Judge Young. The parties' conduct of the litigation before Judge Young need not be addressed here, with one major exception.  On December 21, 2006,[2] Judge Young issued the following order:

---

[1] Also during the hearing, Attorney Murphy acknowledged without argument that cross-claim defendants were responsible, in accordance with this Court's order of October 18, 2006, for paying the reasonable costs and attorneys fees associated with the making of cross-claim plaintiff's Emergency Motion for Contempt, including preparation for and attendance at both the October 18, 2006 and November 20, 2006 hearings.

[2] It is significant to note that at this time Ms. Herman had changed counsel. Attorney Robert D. Cohan had now begun to represent Ms. Herman and was present at the December 21, 2006 hearing before Judge Young.

3

>The Court Orders the Motion to Stay DENIED without prejudice to its being renewed should Ms. Herman by Jan. 5, 2007 purge herself of the contempt order issued by Mag. Alexander. The Court Orders the related case DISMISSED without prejudice should Ms Herman purge herself of the contempt. Rosalyn Herman as Trustee and individually is enjoined from filing any pleadings in any US District Court in the country so long as she is under the contempt order.

Briefly, Ms. Herman contends that the judgment entered in this action is erroneously being applied to her as an individual as opposed to her in her capacity as a trustee. The effect of Judge Young's order, should it become permanent, would be to prevent Ms. Herman from contesting the outstanding judgment. This is, of course, an extremely severe sanction, although in this case it certainly merits strong consideration.

After Judge Young's December 21, 2006 order, Ms. Herman and her counsel began in earnest to comply with both this Court's and Judge Young's prior orders. While it is undisputed that Ms. Herman *substantially* complied with Judge Young's cut-off date of January 5, 2007, it is clear to this Court that at least some, albeit arguably minor, requested documents in Ms. Herman's possession, custody, or control were not produced until after the January 5, 2007 date.

Herman admits that certain Schedule K-1 forms along with a bank statement from Knew Financial Experts, Inc. were not produced until after January 5, 2007. It

is perspicuous that these are documents contemplated by Mr. Meisleman's requests and, thus, subject to the orders of both this Court and Judge Young. This alone places Ms. Herman outside of the literal scope of Judge Young's order. While other arguments have been proffered regarding Ms. Herman tax returns and related documents (2005 in particular), the Court sees no need to delve further into whether Ms. Herman was required to produce those documents and in what form, as there are at least two previously described instances of non-compliance with the January 5, 2007 deadline, as described above.[3]

After consideration of all parties' positions, this Court finds as follows:

1. As of February 8, 2006, Ms. Herman effectively purged herself of this Court's November 22, 2006 contempt order, and

2. Ms. Herman did *substantially* comply with Judge Young's order of December 21, 2006, but did not completely meet the January 5, 2007 deadline.

However, while this Court does not recommend a continuing injunction, Ms. Herman's conduct is the cause of the instant proliferation of the proceedings, thus she

---

[3] Attorney Cohan repeatedly entreated this Court not to further punish Ms. Herman. Much of his pleas related to the alleged serious deficiencies in Attorney Murphy's prior representation of Ms. Herman as the cause of her current travails. While this Court certainly takes no position with regard to Attorney Murphy's conduct, this Court is cognizant of the efforts made of late by Attorney Cohan to ensure his client's compliance with the orders of this Court.

will be sanctioned by paying all costs and reasonable attorneys' fees for the preparation for and attendance of the various hearings stemming from the instant motion. Counsel for Mr. Meiselman and Indianapolis Life Insurance Company are directed to provide Ms. Herman with an accounting on or before February 16, 2007. Unless there is a dispute, Ms. Herman is directed to make payment on or before March 16, 2007. Once proof of payment has been provided to this Court, presumably in the form of a **brief** joint statement to that effect, Judge Young's order of December 21, 2007 will be deemed satisfied and the relief contemplated there-in will take effect.

SO ORDERED.

2/9/07
Date

United States Magistrate Judge