UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY<br>    Plaintiff<br><br>v.<br><br>ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST GREGG D. CAPLITZ, RUDY K. MEISELMAN, M.D. and HOPE E. MEISELMAN<br>    Defendants<br><br>RUDY K. MEISELMAN, M.D.<br>    Cross-Claim Plaintiff<br><br>v.<br><br>ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST and GREGG D. CAPLITZ<br>    Cross-Claim Defendants | CIVIL ACTION NO. 04-12481WGY |

MEMORANDUM IN SUPPORT OF EMERGENCY MOTION OF
CROSS-CLAIM DEFENDANTS, ROSALIND HERMAN, TRUSTEE,
FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING
PLAN AND TRUST AND FINANCIAL RESOURCES NETWORK, INC.,
PROFIT SHARING PLAN AND TRUST TO SET ASIDE AND
AMEND EXECUTION, VACATE ATTACHMENT AND FOR OTHER RELIEF

I.  INTRODUCTION

    On November 23, 2004, the plaintiff, Indianapolis Life Insurance Company

("Indianapolis Life") initiated this action against the defendant, Rosalind Herman ("Herman") in

her capacity as Trustee of Financial Resources Network, Inc. Profit Sharing Plan and Trust, Financial Resources Network, Inc., Profit Sharing Plan and Trust (the "FRNI Plan") and Gregg D. Caplitz ("Caplitz") (hereafter sometimes referred to collectively as the "FRNI Defendants") and Rudy K. Meiselman, M.D. ("Meiselman") and Hope E. Meiselman (hereinafter sometimes collectively referred to as the "Meiselmans") seeking, among other things, a declaratory judgment that Indianapolis Life properly rescinded a "Second to Die" policy that it had issued on the lives of the Meiselmans.  The Meiselmans brought a cross-claim against the FRNI Defendants stemming from a soured employment relationship between Meiselman and Financial Resources Network, Inc. ("FRNI").  On January 27, 2006, this Court entered a default judgment against the FRNI Defendants on the cross-claim, which was never answered.  On November 9, 2006 the First Circuit affirmed that default judgment.

On March 3, 2006, Meiselman's counsel submitted to the Court a proposed <u>First Execution</u> (Docket no. 63) which was entered by the Clerk as proposed and which did not include the words, "as Trustee", thereby creating the incorrect impression that judgment had entered against Herman personally, although that was not true.  Thereafter, Meiselman initiated in the District Court for Clark County, Nevada, an action to enforce this Court's judgment against Herman personally and on January 3, 2007, obtained from this Court a writ of attachment on Herman's Massachusetts residence.

For the reasons set forth below, this Court should set aside the execution issued against Herman personally and amend the execution to conform to this Court's judgment against Herman in her representative capacity as Trustee and not against Herman individually.  Further, this Court should vacate the attachment on Herman's residence because there is no judgment

against her to support an attachment, and enjoin Meiselman from proceeding against Herman's personal assets to collect the judgment.

II.   FACTS

In affirming this Court's judgment, the First Circuit stated;

> Indianapolis Life Insurance Co. brought a diversity action against Rosalind Herman <u>in her</u> <u>capacity as Trustee</u> of Financial Resources Network, Inc. Profit Sharing Plan and Trust.

<u>Indianapolis Life Insurance Company v. Herman</u>, 2006 WL 3233837 *1 (1st Cir. November 9, 2006) (emphasis supplied). This finding was amply supported by the record in this case. Meiselman never sought, nor did this Court ever issue, a judgment against Herman personally. Meiselman got exactly what he asked for by means of a default judgment, without ever having to litigate a single substantive issue.

On May 17, 2005, Meiselman filed his <u>Motion for Entry of Default Against Cross-Claim Defendants</u> (Docket No. 24) in which he expressly requested default to enter against "Rosalind Herman, Trustee," and he followed that up on August 4, 2005 with his <u>Motion for Judgment of Default Against Cross-Claim Defendants Pursuant to Rule 55(b)(1)</u> (Docket No. 30) in which he requested a default judgment, again against "Rosalind Herman, Trustee." In proceedings held before this Court on January 26, 2006, the Court ordered the parties to prepare a form of judgment for submittal to the court. <u>Electronic Clerk's Note</u> (January 26, 2006). The next day, the Court entered its <u>Judgment</u> (Docket No. 61) which read in pertinent part as follows;

> For cross-claim plaintiff Rudy Meiselman against cross-claim defendant <u>Rosalind Herman, Trustee</u>, Financial Resources Network, Inc. Profit Sharing Plan and Trust.

(Emphasis supplied.)

Despite the plain language of the <u>Judgment</u> (Docket no. 61), on March 3, 2006, the Clerk issued a <u>First</u> <u>Execution</u> (Docket no. 63), as proposed by Meiselman's counsel, which omits the

3

word "trustee" and Meiselman has used that omission to attempt to enforce the Judgment (Docket no. 61) against Herman personally in proceedings here and in Nevada, despite the fact that no judgment ever entered against Herman individually. On January 3, 2007 this Court authorized an attachment (Docket no. 89) against Herman's residence standing in the name of Herman personally and jointly with her husband.

It is not without significance that the initial Complaint (Docket No. 1) filed by Indianapolis Life makes no claims against Herman personally. She is identified in the caption as Trustee and the only claims raised against her identify her in her capacity as Trustee. In the body of the Complaint, Herman is identified repeatedly "as Trustee". Complaint, par. 11, 18, 39. Furthermore, Counts I and II, the only counts involving Herman, identify her in the headings as Trustee.

Finally, there is nothing in the record to indicate that Meiselman filed any motion or otherwise asked the Court for leave to add Herman individually as a party to his cross-claims.

III.  ARGUMENT

    A.  HERMAN INDIVIDUALLY HAS NEVER BEEN JOINED AS A PARTY IN THIS ACTION AND THEREFORE THE EXECUTION AGAINST HER INDIVIDUALLY WAS ISSUED IN ERROR AND THE COURT SHOULD SET ASIDE AND AMEND THE EXECUTION TO CONFORM TO THE JUDGMENT AGAINST HERMAN AS TRUSTEE.

It is beyond question that Herman has never been joined as a party to this action individually, only as Trustee, and therefore the execution indicating that judgment entered against her individually was issued in error, an error which this Court should now correct to prevent Meiselman from taking Herman's personal assets to satisfy the judgment entered against her as Trustee. The decision of the Appeals Court, the judgment of this Court, motions filed by Meiselman to obtain a default judgment, as well as the Complaint filed in this action all indicate

4

that Herman was never a party to this action in an individual capacity. Neither Indianapolis Life nor Meiselman ever sought a judgment against Herman in an individual capacity. Facts at 3-4, above. The law is clear that Meiselman is not entitled to have an execution against Herman personally, or a judgment against her personally. She was named in this action solely as trustee in accordance with the requirements of ERISA.[1]

It is well settled that, "the court cannot issue execution against one not party to the proceedings." West Boylston Mfg. Co. v. Board of Assessors of Easthampton, 277 Mass. 180, 190, 178 N.E.2d 531 (1931). Accord, Treadwell v. Herndon, 41 Miss. 38, 1866 WL 1917 *6 (Miss. Err. & App. 1866) ("As a general rule, no execution can ever issue … against a party who is not a party to the original judgment"); Maloney v. Bourne, 3 Greene 330, 1851 WL 153 (Iowa 1851) (it was error to issue execution against party, "not before the court [and] not joined in the writ … the court had no jurisdiction over him in the proceedings then before them."); The Superintendents of the Poor of Tompkins County v. Smith, 11 Wend. 181 (N.Y. Sup. 1834) (it was error to issue "execution against the plaintiffs individually who sued as superintendents of the poor") (emphasis in original); Harris v. Carter's Administrators, 3 Stew. 233, 1830 WL 569 *2 (Ala. 1830) (award of execution against person against whom judgment was not rendered held "certainly erroneous"); Bridges v. Caldwell's Executors, 2 A.K. Marsh. 195, 9 Ky. 195, 1820, WL 984 (Ky 1820) ("an execution must pursue the judgment on which it issues … How a person not named in the original judgment should be included in the present one, seems measurable unaccountable … As to him the execution is without authority and void … An execution issuing against a person who is no party to the judgment on which it issues, is fatally

---

[1] The obligation to sue Herman as Trustee of the FRNI Plan was mandated by ERISA. Indianapolis Life was required to serve Herman in her capacity as Trustee in order to sue the FRNI Plan. ERISA requires that, "[s]ervice of the summons … upon the trustee or an administrator of an employee benefit plan in his capacity as such constitutes service upon the employee benefit plan." 29 U.S.C. § 1132(d)(1); Bernstein v. Ideal Handbag Frame Msg. Corp., 849 F. Supp. 862, 863 (ED NY 1994).

5

defective and must be quashed.")

It is equally well settled that a court cannot enter a judgment against a person or entity not a party to the action. As stated by the Fifth Circuit, "no court can make a direct adjudication on rights of parties not before it." Keegan v. Humble Oil & Refining Co., 155 F.2d 971, 973 (5th Cir. 1946) citing Gregory v. Stetson, 133 U.S. 579 (1890). Accord, Harris County Texas v. CarMax Auto Superstores, Inc., 177 F.2d 306, 314 (5th Cir. 1999) (where parties were not named as defendants, the court could not confer party status upon them by including them in final judgment. Party status, "cannot be created at entry of judgment where none existed before by the mere inclusion of a person or entity in a judgment.") quoting Subsequent Injury Fund v. Services Lloyds Ins. Co., 961 S.W. 2d 673, 677 (Tex. App. – Houston [1st Dist.] 1998, writ denied); Gammon v. Ramsey, 13 F.2d 743, 744 (3rd Cir. 1926) (court could not sell assets of subsidiary corporation, not a party to suit against parent, as a means of enforcing payment of debt of parent).

At least two state court decisions are directly on point. The District Court of Appeals for Florida, Fifth District, has ruled that a judgment against an individual in his capacity as trustee does not constitute a judgment against that person individually. Harris v. Martin, 17 Fla. L. Weekly D2266, 606 So. 2d 1212 (Fla. App. 5th Dist. 1992). Therein, the Court of Appeals rejected the argument that the "trustee" designation in that judgment, and in the pleading upon which it was predicated, was mere surplusage and ruled as follows:

> [I]f Martin had wanted a judgment against Harris individually, he should have sought one at some stage of the proceedings below. Apparently he never did. While it may or may not be possible to obtain such a judgment, none is now extant which can support a levy against Harris individually.

Id. at 1212-13. Similarly, in Norville v. BellSouth Advertising and Publishing Corp., 20 Fla. L. Weekly D2489, 664 So. 2d 16 (Fla. App. 3 Dist. 1995), the District Court of Appeals for Florida,

6

Third District, set aside an execution issued against an individual where a default judgment had entered against the corporation through which he did business. The Court of Appeals ruled as follows:

> Entering a judgment against a nonparty is fundamental error [citations omitted] … "the rights of an individual cannot be adjudicated in a judicial proceeding to which he has not been made a party and from which he has literally been excluded by the failure of the moving party to bring him properly into court" Alger [v. Peters, 88 So. 2d 903, 906 (Fla. 1956) (en banc)].

Accord, In re Marriage of Pospisil, 299 Mont. 527, 542-43, 1 P.3d 364, 299 (2000) ('it is only against a party to the action that a judgment can be taken and … the judgment is not binding against a stranger to the action"); Howard Jarvis Taxpayers Assoc. v. City of Los Angeles, 79 Cal. App. 4th 242, 249, 93 Cal. Rptr. 2d 742, 747 (2000) ("a judgment may not be entered … against one who is not a party to an action or proceeding") quoting Bronco Wine Co. v. Frank A. Logoluso Farms, 214 Cal. App. 3d 699, 717, 262 Cal Rptr. 899 (1989); A.C. Warnack v. Coneen Family Trust, 266 Mont. 203, 207, 879 P.2d 715, 718 (1994) ("Because he is not a party to the action, Dawson cannot be a party to the judgment"); Houston Oil Field Material Co. v. Pioneer Oil & Gas Co., 211 So. 2d 681, 685 (La. App. 1968) ("for a judgment … to be the basis of execution against a particular defendant, the defendant must be clearly identifiable on the face of the judgment itself"); Cornelius v. Albertson, 244 N.C. 265, 267, 93 SE 2d 147, 149 (1956) (plaintiff could not reach by execution property held in trust for defendant by executor of estate where the executor was not a party to the action against the defendant; the Court ruled that, "an execution must conform to the judgment, it follows that it can be issued only against the judgment debtor, and may not be issued against a stranger to the judgment").

Because Herman was never sued individually and no judgment ever entered against her individually, this Court should set aside the execution previously issued and amend it to conform

to the judgment entered against Herman as Trustee and not against Herman individually. This Court is empowered to amend executions issued by the Clerk, "so as to make them conform to the truth." City of Boston v. Santosuosso, 308 Mass. 202, 206, 31 N.E. 2d 572, 676 (1941) quoting Dewey v. Peeler, 161 Mass. 135, 136, 36 N.E. 800, 801 (1894). As stated in City of Boston;

> This power may be exercised, upon motion to amend an execution so that it will conform to the judgment or decree upon which it is issued or to set aside an execution that is not warranted by such judgment or decree [citations omitted].

Id. at 206-07; 31 N.E. 2d at 576. This Court should follow Massachusetts law in this regard pursuant to Fed. R. Civ. P. 69(a) which states, in pertinent part:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the District Court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

For the foregoing reasons, this Court should set aside the execution issued and amend it to conform it to the judgment which was issued against Herman as Trustee and not against her individually.

    B.    MEISELMAN NEVER MADE CLAIMS AGAINST HERMAN INDIVIDUALLY AND, IN ANY EVENT, SUCH CLAIMS DO NOT PERMIT JUDGMENT TO ENTER AGAINST HERMAN PERSONALLY.

The Answer of Rudy K. Meiselman, M.D. and Hope E. Meiselman and Cross-Claim of Rudy K. Meiselman, M.D., Cross-Claim (hereafter "Cross-Claim") (Docket No. 12) directs itself entirely towards "the FRN Plan Trustees conversion of funds." Id., Introduction.[2] Further, all of the factual background provided is directed at alleged misdeeds by Herman in her capacity as Trustee relative to violations of her obligations as Trustee of a qualified 401(K) pension plan. Id.

---

[2] One might wonder how an initial cross-claim for $70,000. Cross-Claim (Docket no. 12) Introduction, blossomed into a judgment for $938,640.14. Judgment (Docket No. 61) par. 4.

8

par. 6-19. In fact, all of the counts against Herman are against her in her capacity as Trustee. Count I seeks declaratory relief and is irrelevant to this motion because no declaratory relief was asked for or granted. Count II is a claim for a breach of an employee contract which Herman executed as Trustee and not individually. Count III is a claim for a breach of fiduciary duty which Herman owed to Meiselman in her capacity a Trustee. Count IV is a breach of contract claim involving a contract which Herman executed as Trustee; and Count V is a conversion claim alleging that Herman and others rolled over funds for their own use. But none of the allegations of misappropriation involved Herman individually.[3] Even if the Cross-Claim can be construed as bringing claims against Herman personally, this does not give the court jurisdiction over Herman personally as she was never properly brought into the case individually. Meiselman never sought a judgment against her individually. Facts at 3-4, above.

Furthermore, Meiselman gains nothing from the provisions of 29 U.S.C., §1109(a) which makes fiduciaries personally liable for losses resulting from a breach of fiduciary duty. Meiselman's claim is brought under ERISA. Cross-Claim (Docket no. 12) par. 5. ERISA is crystal clear that a money judgment entered against the FRNI Plan is not enforceable against Herman individually. 29 U.S.C. §1132(d)(2) states:

> Any money judgment under this subchapter against an employee benefits plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this chapter.

No liability has been established against Herman individually. Indeed, individual liability running to Meiselman cannot be established in any event. Herman's personal liability, if any is

---

[3] Funds alleged to be paid over to FRNI's counsel, Cross-Claim, (Docket no. 12) par. 15, were clearly not taken by Herman individually. The contribution of $15,000 to the PSP, id. par. 16, was also not money paid to Herman individually. Additional salary allegedly due to Meiselman, id. par. 17, was not owed by Herman individually. Meiselman does not explain how or in what way the $6,000 dividend he is allegedly due, id. par. 18, was diverted to Herman's own use. Finally, the management fee of under $3,000 was taken by Herman as Trustee, id. par. 19, and not individually.

9

to be imposed, is to the FRNI Plan only and not to Meiselman, a beneficiary thereof.  It is well settled that;

> [A] fiduciary who breaches his fiduciary duty is liable to the plan – not to the beneficiaries individually.

Walter v. International Association of Machinists Pension Fund, 949 F.2d 310, 317 (10 Cir. 1991) citing Massachusetts Mutual Life Insurance Co. v. Russell, 473 U.S. 134, 141-42 (1984) and Bryant v. International Fruit Product Co., 886 F.2d 132, 135 (6th Cir. 1989) (per curiam); 29 U.S.C. §1109(a) (any person who is a fiduciary shall be personally liable to make good to such plan any losses …) (emphasis supplied).

      C.      THIS COURT SHOULD VACATE THE ATTACHMENT ON HERMAN'S RESIDENCE AND ENJOIN MEISELMAN FROM PROCEEDING AGAINST HERMAN'S PERSONAL ASSETS TO COLLECT THE JUDGMENT.

Because the Judgment (Docket no. 61) is against Herman as Trustee and not against Herman individually, Meiselman is not entitled to an attachment on Herman's personal residence and he is not entitled to proceed against Herman's personal assets to collect a judgment against her in her capacity as Trustee.  Argument A at 4-8, above.  His only right is to proceed against the FRNI Plan assets.  Argument B, at 9-10, above.

This Court is empowered to vacate a writ of attachment issued in error.  The Court should follow state law in determining the appropriateness of attachment.  Fed. R. Civ. P. 64.  An ex parte attachment requires proof of a "reasonable likelihood that the plaintiff will recover judgment."  Mass. R. Civ. P. 4.1(f); Aetna Cas. and Sur. Co. v. Rodco Autobody, 138 FRD 328, 340 (D. Mass. 1991).  Herman may move to dissolve an ex party attachment on two days notice.  Mass. R. Civ. P. 4.1(g).  The burden is on Meiselman to justify the attachment.  Id.  This Meiselman cannot do because he has no judgment against Herman individually and is entitled to none.

CONCLUSION

     For the reasons set forth above, this court should set aside the execution issued by the Court and amend it to clearly indicate that judgment has entered against Herman in her capacity as Trustee and not individually. Further, the Court should vacate the attachment on Herman's residence and enjoin Meiselman from proceeding against Herman's personal assets to collect the judgment against her as Trustee.

                                   Respectfully submitted,
ROSALIND HERMAN, TRUSTEE,
FINANCIAL RESOURCES NETWORK,
INC., PROFIT SHARING PLAN AND
TRUST and FINANCIAL RESOURCES
NETWORK, INC., PROFIT SHARING
PLAN AND TRUST
Defendants and Cross-Claim Defendants
By Their Attorneys
COHAN RASNICK MYERSON LLP


\s\ Robert D. Cohan
Robert D. Cohan, Esquire (BBO #088300)
One State Street, Suite 1200
Boston, MA 02109
(617) 742-1820
rcohan@crmllp.com

11

## CERTIFICATE OF SERVICE

    I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on March 6, 2007.

                              \s\ Robert D. Cohan
                              Robert D. Cohan, Esq.

C:\Myfiles\H\Herman, Rosalind\Memorandum of Support to Set Aside Execution 1-30-07.doc