DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12481WGY

| | |
|---|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY | )<br>)<br>) |
| Plaintiff | ) |
| vs. | )<br>) |
| ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST GREGG D. CAPLITZ, RUDY K. MEIESELMAN, M.D. AND HOPE E. MEISELMAN | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants | ) |
| _____ | ) |
| | ) |
| RUDY K. MEISELMAN, M.D. | )<br>) |
| Cross-Claim Plaintiff | ) |
| vs. | )<br>)<br>) |
| ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, and GREGG D. CAPLITZ | )<br>)<br>)<br>)<br>)<br>) |
| Cross-Claim Defendants | ) |

OPPOSITION OF CROSS-CLAIM PLAINTIFF TO EMERGENCY MOTION OF
CROSS-CLAIM DEFENDANTS TO SET ASIDE AND AMEND EXECUTION,
VACATE ATTACHMENT AND FOR OTHER RELIEF

Cross-claim plaintiff Rudy K. Meiselman hereby opposes the motion of cross-claim defendants Rosalind Herman and the two cross-claim defendant entities controlled by her, whereby Herman in effect seeks to insulate her personal assets against recovery by Meiselman upon the judgment and execution issued in his favor in this action against her.

1

Herman's motion is nothing more than another stalling tactic deployed in an effort to evade her obligation to pay Meiselman, and for the reasons set forth below, it should be denied.

Herman is liable to Meiselman. Under Massachusetts law, she *has* been joined as a party despite her contrary assertion. All of the cross-claim allegations were made against Rosalind Herman (not Rosalind Herman in a trustee capacity). In the text of his cross-claim (Doc. 12), at paragraph 3, Meiselman asserted:

> Defendant in Cross-Claim Rosalind Herman, (Herman) is a natural person with a last known address of 27 Davis Street, Woburn, Massachusetts. Herman is President, Treasurer, Secretary and a Director of FRNI, as well as, upon information and belief, sole shareholder. Herman is also Trustee of the FRNI PSP. Herman in her business capacity acts as the PSP Administrator and sole trustee of the 401(k) profit sharing plan on behalf of FRNI.

An examination of the cross-claim reveals that all counts naming Herman are directed at her, individually. Count II, which alleges breach of contract, addresses conduct on the part of Herman as well as Financial Resources Network, Inc. Count III clearly alleges a breach of fiduciary duty on the part of Herman. Count IV again alleges breach of contract as to Herman, Financial Resources Network, Inc. and Caplitz. Finally, Count V alleges the tort of conversion against the same three cross-claim Defendants. This was sufficient to place Herman on notice of Meiselman claims against her.

Moreover, ERISA law under which the cross-claim was brought against Herman states as follows, at 29 USC § 1109(a):

> **Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to**

> **restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.**

Herman tries to evade to evade the plain meaning of 29 USC § 1109(a) with the fanciful assertion that it is "crystal clear that a money judgment entered against the FRNI Plan is not enforceable against Herman individually". <u>Herman Memorandum</u>, p.9. She supports this conclusion by citing to 29 USC § 1132(d), but in so doing adds new meaning absent from the text of §1132(d), which in its natural state establishes only that a money judgment against an employee benefits plan is enforceable only against the plan as an entity. It does not govern a suit brought against the trustee of a plan, or a money judgment against the trustee of a plan. Moreover, Herman glosses over the fact that §1132(d) does permit even a judgment that is only against a plan to be *enforced* against "any other person" whose liability is established in his individual capacity. Herman's personal liability has been so established, albeit by an astonishing sequence of defaults.

Even if Herman has timely and adequately in her motion raised a question of whether her liability has been established in this action, she has managed both to ignore and to misread the governing Massachusetts law on this question. Herman seems not to have discovered that it is established in Massachusetts that there is no meaningful difference from the liability point of view between the trustee capacity or individual capacity of a party. As stated half a century ago by the Supreme Judicial Court:

> When the legal title to property is in the name of a trustee, he is individually liable for its defective condition; and an execution in an action at law should run against the trustee as an individual, whether he had a right to indemnity from the trust fund or not. The description of John Ramsdell as "trustee," in the writs in the tort actions, was surplusage and should be disregarded. The judgments and executions should have been issued against him personally.

Gardiner v. Rogers, 166 N.E. 763 (Mass. 1929) (internal citation omitted).

It would be ridiculous to suppose under the factual assertions in the cross-claim and the legal principles involved that the grave breach of trustee duties asserted against Herman, reduced to judgment and execution and surviving her appeal could now somehow be limited in collection to plan property, as Herman seems to assert.

Herman's entire argument turns on an unprecedented extension of the axiom that an execution cannot be issued against a non-party. Gardener v. Rogers, supra, settles the question of whether an individual sued as a trustee is a non-party for purposes of the axiom. Not only has Herman ignored the force of Gardener, but she also misleads the Court as to the holding of West Boylston Mfg. Co. v. Board of Assessors of Easthampton, 178 N.E. 2d. 531 (1931), and oddly invites the Court to consider Florida law.  Herman quotes from West Boylston only a portion of one sentence, (the first sentence quoted below, that sets forth the axiom) and boldly suggests that fragment to be the holding of the case. Herman's suggestion is false. In West Boylston, the defendant sued was a municipal board of assessors, not the municipality itself. In holding that the "absent" municipality could nonetheless be held liable to pay damages, the Supreme Judicial Court stated:

> It is elementary that in the ordinary case the court cannot issue execution against one not a party to the proceedings. Manifestly the Board of Tax Appeals is not a court and cannot enforce its orders by issuing an execution. That can be done only by a court. Opinion of the Justices, 209 Mass. 607, 611, 612, 96 N.E. 308. Johnson's Case, 242 Mass. 489, 493, 494, 136 N.E. 563. Under earlier statutes there was no requirement for service of a complaint for the abatement of taxes on the town because it was "assumed, apparently, that the knowledge of the assessors as officers of the town will sufficiently protect the interests of the inhabitants." Cheney v. Dover, 205 Mass. 501, 503, 91 N.E. 1005. Towns are public instrumentalities established for the public welfare and subject to

large control by the Legislature. The duties of the officers of towns and the distribution of municipal powers between different boards are under the legislative direction. The method of levying taxes and providing in proper cases for abatements is a sovereign power. It is vested in the General Court. It is within legislative competency to provide that the board of assessors shall in proceedings for the abatement of taxes represent the municipality and that judgment rendered for repayment of taxes collected but not justly due shall be paid by the municipality even though the municipality is not by name a party to the proceeding. The board of assessors may be designated by statute to act in behalf and in place of the municipality in proceedings like the present. Higginson v. Treasurer & School House Commissioners of Boston, 212 Mass. 583, 585, 99 N.E. 523. Duffy v. Treasurer & Receiver General, 234 Mass. 42, 125 N.E. 135. ***We are, therefore, of opinion that the court has jurisdiction to order execution to issue against the town even though it is not by name a party to this proceeding***.

West Boylston Mfg. Co. v. Board of Assessors, 178 N.E. 531, 535-36, (Mass. 1931) (emphasis added).

The reasoning in both Gardener and West Boylston sums up to the proposition that when the party is not really absent, but is fully present albeit in different name, he/she can be held liable. Herman merely attempts to bootstrap the obvious, axiomatic point that an execution should not be issued against a party totally absent from all stages of the litigation, into an argument that insulates her from liability despite her complete awareness at all times relevant hereto that Meiselman faulted her for pilfering and condoning the pilfering of his money. This simply is not a case of an absent party, as Herman should well know.

In keeping with her behavior throughout this action, Herman again disregards the clear mandate of a rule. Rule 9 of the Federal Rules of Civil Procedure requires that "when a party desires to raise an issue as to…the capacity of any party to be sued…or the authority of any party to sue or be sued in a representative capacity, he shall do so by specific negative averment…" There is no such specific negative averment in Herman's

answer to the cross-claim, because Herman *never answered* the cross-claim. She should not now be heard to complain about capacity, particularly where she was clearly put on notice from the very beginning that Meiselman was cross-claiming against her.

Any confusion between the wording of the Judgment and that of the Execution could as easily be addressed, and addressed much more in consonance with reason and justice, by amending the Judgment, rather than the Execution. A motion to that effect has previously been filed by Meiselman (Doc. 86), and is hereby renewed should the Court see fit to entertain it. If the Judgment is so amended, the instant motion of cross-claim defendants to amend the execution will be moot.

For the forgoing reasons, Herman's instant motion should be denied.


Dated: March 14, 2007                RUDY K. MEISELMAN
                                     By his attorney

                                     /s/Charles P. Kazarian
                                     _____
                                     LAW OFFICE OF CHARLES P. KAZARIAN,
                                     P.C.
                                     BBO: 262660
                                     77 N. Washington Street
                                     Boston, MA 02114
                                     (617) 723-6676