UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INDIANAPOLIS LIFE INSURANCE COMPANY<br>        Plaintiff<br><br>v.<br><br>ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST GREGG D. CAPLITZ, RUDY K. MEISELMAN, M.D. and HOPE E. MEISELMAN<br>        Defendants<br><br>RUDY K. MEISELMAN, M.D.<br>        Cross-Claim Plaintiff<br><br>v.<br><br>ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST and GREGG D. CAPLITZ<br>        Cross-Claim Defendants | CIVIL ACTION NO. 04-12481WGY |

REPLY MEMORANDUM OF CROSS-CLAIM DEFENDANTS, ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST AND FINANCIAL RESOURCES NETWORK, INC., PROFIT SHARING PLAN AND TRUST TO OPPOSITION OF CROSS-CLAIM PLAINTIFF TO EMERGENCY MOTION OF CROSS-CLAIM DEFENDANTS, TO SET ASIDE AND AMEND EXECUTION, VACATE ATTACHMENT AND FOR OTHER RELIEF
(Leave to File Granted on March 20, 2007)

I. INTRODUCTION

The cross-claim defendants, Rosalind Herman ("Herman") in her capacity as Trustee of

Financial Resources Network, Inc. ("FRNI") Profit Sharing Plan and Trust, and Financial Resources Network, Inc. Profit Sharing Plan and Trust (the "FRNI Plan"), file this memorandum in reply to the Opposition of Cross-Claim Plaintiff to Emergency Motion of Cross-Claim Defendants to Set Aside and Amend Execution, Vacate Attachment and for Other Relief ("Opposition") [Doc. 105].  This reply supplements the Memorandum in Support of Emergency Motion of Cross-Claim Defendants, Rosalind Herman, Trustee, Financial Resources Network, Inc. Profit Sharing Plan and Trust, and Financial Resources Network, Inc., Profit Sharing Plan and Trust to Set Aside and Amend Execution, Vacate Attachment and for Other Relief ("Memorandum in Support") [Doc. 104].

II.     ARGUMENT

BECAUSE THE CROSS-CLAIMS AGAINST HERMAN ARE PREEMPTED BY ERISA, NO JUDGMENT MAY BE ENTERED AGAINST HER PERSONALLY.

The cross-claim plaintiff, Rudy K. Meiselman ("Meiselman") cannot succeed on his argument that judgment may enter against Herman personally because all of Meiselman's claims against her are preempted by ERISA.  Meiselman's claims are preempted because (1) all of the claims relate to the FRNI Plan and (2) the Gardiner rule, purportedly making Herman personally liable to Meiselman, provides an alternative enforcement mechanism for enforcing rights governed by ERISA.  Meiselman's Crossclaim [Doc. 12] could hardly be clearer in alleging that Herman engaged in wrongdoing while acting as an ERISA fiduciary.  Meiselman claims conversion of funds from the FRNI Plan.  Id., Introduction.  Jurisdiction is asserted under ERISA.  Id. par. 5.  All of the facts relate to the management of the FRNI Plan, referred to therein as "PSP" (Profit Sharing Plan).  Id. par. 6-19.  Further, all of the counts relate to

2

Herman's activities in connection with the management of the FRNI Plan funds.  Count II[1] is a claim for breach of contract against both Herman and FRNI in connection with the application of FRNI Plan funds, id. par. 25-26; Count III is a claim for breach of fiduciary duty against Herman and FRNI in connection with Herman's fiduciary duty to the FRNI Plan, id. par. 27-31; Count IV is a second breach of contract claim against Herman and FRNI for failure, "to abide by the plan agreement," id. par. 33-35, again relating to Herman's management of FRNI Plan funds; and Count V is a claim for conversion against Herman and FRNI, also relating to the management of FRNI Plan funds.  Id. par. 37-39.

       1.    ERISA Preempts Meiselman's Common Law Claims Because Those Claims Relate To And Are Connected With The ERISA Plan.

ERISA preempts Meiselman's common law claims because those claims, "relate to" the ERISA Plan, as provided in 29 U.S.C. sec. 1144(a).  That statute states in pertinent part:

> Except as provided in subsection(b) [the savings clause] of this section, the provisions of [ERISA] … shall supercede any and all state laws insofar as they may now or hereafter relate to an employee benefit plan described in sec. 1003(a) [sec. 4(a)] of this title and not exempt under sec. 1003(b) [sec. 4(b)] of this title.

ERISA broadly defines state law as inclusive of, "all laws, decisions, rules, regulations or other State actions having the effect of law."  Boston Children's Heart Foundation, Inc. v. Nadal-Ginard, 73 F.3d 429, 439 (1st Cir. 1996) quoting 29 U.S.C. sec. 1144(c)(1); Kodes v. Warren Corp., 24 F. Supp. 2d 93, 98 (D. Mass. 1998).  A state law or decision "relates to" an ERISA plan, "if it [1] has a connection with or [2] a reference to such a plan."  Pharmaceutical Care Management Assoc. v. Rowe, 429 F.3d 294, 301-02 (1st Cir. 2005) quoting California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc., 519 U.S. 316, 324 (1997); Kodes, 24 F. Supp. at 98 quoting Shaw v. Delta Airlines, Inc., 463 U.S. 85, 97 (1983).  The

---

[1] There is no need to address Count I for declaratory relief because the Court never entered judgment as to that count.  It is a claim for declaratory relief relating to whether a release executed by Meiselman is void because it conflicts with the provisions of ERISA.

3

connection and relationship in the instant action is beyond doubt.  All of Meiselman's claims are against both Herman and the FRNI Plan jointly.

It is well settled that common law claims against an individual or entity which arise while that individual or entity is, "acting as an ERISA fiduciary" are "preempted completely" and such claims have to be asserted, if at all, under ERISA.  Dudley Supermarket Inc. v. Transamerica Life Insurance and Annuity Co., 302 F.3d 1, 3 (1st Cir. 2002).  Therein, as here, the defendant was charged with claims under Massachusetts common law for negligence, breach of contract and unfair practices in violation of G.L. c. 93A, among other things.  Id. at 1.  Just like the case now before the Court, the gravamen of the complaint was that, "Transamerica breached its fiduciary duty under ERISA to provide competent investment advice and services".  Id. at 4.  The First Circuit upheld the District Court's dismissal of those claims ruling as follows:

> [A]ppellants' state law claims in reality assert that Transamerica as an ERISA fiduciary gave an ERISA plan inadequate investment advice and thus the claims fall squarely within the exclusive scope of the Federal civil enforcement provisions of ERISA, § 502(a)(2), 29 U.S.C. § 1132(a)(2) [footnote omitted].  ERISA therefore completely preempts the claims.  See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 66-67, 107 S. Ct. 1542, 1546-48, 95 L. Ed. 2d 55 (1987); Danca [v. Private Health Care Sys., Inc., 185 F.3d 1 (1st Cir. 1999)] at 7 (complete preemption where the state law claims properly are characterized as "alternative enforcement mechanism[s]" of ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2)).

Id. at 4.  State causes of action are preempted, "even if the elements of the state cause of action [do] not precisely duplicate the elements of an ERISA claim." Aetna Health, Inc. v. DaVila, 542 U.S. 200, 216 (2000).

The Supreme Court has specifically held that, "state common law, breach of contract and tort claims that relate to an ERISA-covered plan are preempted." Kodes 24 F. Supp. at 100 citing Ingersoll-Rand Co. v. McClendon, 498 U.S. 133 (1990) and Metropolitan Life Ins. Co. v.

4

Massachusetts, 471 U.S. 724 (1985); Carlo v. Reed Rolled Thread Dye Co., 49 F.3d 790, 794-95 (1st Cir. 1995); Toomey v. Jones, 855 F. Supp. 19, 26-27 (D. Mass. 1994).

Case law around the country is in accord. Rud v. Liberty Life Assur. Co. of Boston, 438 F.3d 772 (7th Cir. 2006) (insured employee's breach of contract claim was within ERISA preemption provision); Peralta v. Hispanic Business, Inc., 419 F.3d 1064 (9th Cir. 2005) (ERISA plan participant's claim against plan administrator, alleging breach of fiduciary duty, was preempted by ERISA); Penny/ Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp., 399 F.3d 692 (6th Cir. 2005) (ERISA's preemption clause precluded employer's state law breach of contract claim against bank, which acted as trustee of employee savings plan); Smith v. Provident Bank, 170 F.3d 609 (6th Cir. 1999) (plan participant's Ohio common law claims against ERISA fiduciaries and nonfiduciaries for conversion, negligence, trover, replevin, destruction of evidence, misrepresentation, and bad faith, arising from alleged wrongful removal of shares from participant's account, were preempted by ERISA); Kramer v. Smith Barney, 80 F.3d 1080 (5th Cir. 1996) (state law claims, that administrators of defined benefit pension plan had violated their fiduciary duties to plan and beneficiaries, were preempted by ERISA); Cannon v. Group Health Service of Oklahoma, Inc., 77 F.3d 1270 (10th Cir. 1996) (ERISA preempted claims for breach of contract and breach of fiduciary duty, even though no remedy was available under ERISA); Concha v. London, 62 F.3d 1493 (9th Cir. 1995) (fiduciaries' state law claims against co-fiduciaries were preempted by ERISA); Elmore v. Cone Mills Corp., 23 F.3d 855 (4th Cir. 1994) (employees' state law claims for breach of contract, fraud, unjust enrichment, breach of fiduciary duty, negligence, accounting, and conspiracy were preempted by ERISA); Harms v. Cavenham Forest Industries, Inc., 984 F.2d 686 (5th Cir. 1993) (employees' pendent state law claims for breach of fiduciary duty, breach of duty of good faith and fair

dealing, and negligent and intentional misrepresentation were preempted by ERISA); Davidian v. Southern California Meat Cutters Union and Food Employees Ben. Fund, 859 F.2d 134 (9th Cir. 1988) (claims for bad faith, fraud, deceit and breach of fiduciary duty, relating to administration of employee benefit plan, were preempted by ERISA); Reilly v. Blue Cross and Blue Shield United of Wisconsin, 846 F.2d 416 (7th Cir. 1988) (employee's state law claims for ERISA plan administrator's alleged breach of fiduciary duties, conspiracy, fraud, and bad faith in failing to pay benefits allegedly owing under plan were preempted by ERISA); Eckelkamp v. Beste, 315 F.3d 863 (8th Cir. 2002) (ERISA preempted Missouri law claim based on Employee Stock Ownership Plan (ESOP) by participants in ESOP against officers for breach of corporate fiduciary duty; claim involved exactly the same parties, relied on exactly the same facts and sought the same relief as ERISA breach of fiduciary duty claim); Trustees of Carpenters' Pension Trust Fund v. AAA Mortg. Corp, 269 F. Supp. 2d 931 (E.D. Mich. S. Div. 2003) (Pension plan trustees' state law claims for breach of fiduciary duty against mortgage company were preempted by ERISA claim of breach of fiduciary duty, where all of the state law claims were based upon obligations arising from mortgage company's alleged fiduciary relationship to the trustees or were the same claim seeking the same relief as requested in the ERISA claim); Neidich v. Estate of Neidich, 222 F. Supp. 2d 357 (S.D. N.Y. 2002) (Surviving spouse's state law claims of fraud and undue influence against husband were preempted by ERISA, as such claims mirrored spouse's claim that husband, as sole trustee and administrator of plan, breached his fiduciary duties under ERISA); Meyer v. Berkshire Life Ins. Co., 128 F. Supp. 2d 831 (D. MD 2001) (ERISA preempted state common law claims that administrator of covered employee pension plan engaged in professional negligence, negligent misrepresentation or omission, deceit and breach of fiduciary duty; all claims related to plan); Aleton v. Atlantic Elec. Co., 962 F.

Supp. 616 (D. N.J. 1997) (Retirees' state law breach of fiduciary duty claim related to employer's administration of its benefits plan and thus was preempted); Cox v. Eichler, 765 F. Supp. 601 (N.D. Cal. 1990) (ERISA preempted state law claims against firm and its account executive for breach of fiduciary duty, fraud, deceit, negligent misrepresentation, negligence negligent supervision, and breach of contract, all arising from their alleged misconduct in managing and investing funds of ERISA plans).

    2.    ERISA Preempts Meiselman's Purported Claims Against Herman Personally Because The Imposition of Personal Liability On Herman Constitutes An Alternative Enforcement Mechanism.

Even if Meiselman's claims are viewed arguendo as claims against Herman personally, such claims constitute alternative enforcement mechanisms which are preempted by ERISA. A state law or rule is preempted by ERISA where, as here, it, "provides alternative enforcement mechanisms for enforcing rights governed under ERISA". Kodes, 24 F. Supp. at 98-99 citing New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 658 (1995). Dudley Supermarket, Inc., 302 F.3d at 3 citing Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 7 (1st Cir. 1999). Although ERISA, 29 U.S. C. sec. 1109(a), makes fiduciaries personally liable for losses resulting from a breach of fiduciary duty, Herman's liability would only be to the FRNI Plan, not to Meiselman personally. Memorandum In Support, [Doc. 104] at 10 and cases cited therein. The common law rule enunciated in Gardiner v. Rogers, 267 Mass. 274, 166 N.E. 763 (1929), which Meiselman offers as supporting the personal liability of Herman directly to Meiselman, constitutes an alternative enforcement mechanism, because it would permit Meiselman to enforce his rights directly against Herman and collect damages from her, circumventing ERISA's civil enforcement mechanisms. The Supreme Court has, "adamantly ruled that ERISA's express remedies are a signal to courts not to

7

create addition remedies of their own." Turner v. Fallon Community Health Plan, Inc., 127 F.3d 196, 199 (1st Cir. 1997). See also Darcangelo v. Verizon Communications, Inc., 292 F.3d 181 (4th Cir. 2002) (if employee's state law claims sought to enforce the fiduciary duties of employer and plan administrator under the ERISA plan, her claims would constitute alternative enforcement mechanisms and would therefore relate to the ERISA plan, so as to be preempted).

Even Massachusetts common law recognizes that the rule in Gardiner may be superceded by statute. The cases following Gardiner make clear that this common law rule does not apply to trusts created by statute but only to an, "ordinary trustee." Woods v. Comins, 303 Mass. 368-69, 21 N.E. 2d 977, 978 (1939). This Massachusetts common law rule does not apply to trustees created by statute. Alfano v. Donnelly, 285 Mass. 554, 555, 189 N.E. 610, 611 (1934) ("Apart from statute, common law practice knows no such thing as an action against a trustee in his trust capacity.").

For the foregoing reasons, the cross-claims against Herman are preempted because all of the claims relate to the FRNI Plan and the Massachusetts common law rule in Gardiner, purporting to make Herman personally liable to Meiselman, provides an alternative enforcement mechanism for enforcing rights under ERISA. Therefore, no judgment may enter against Herman personally.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D) the cross-claim defendants respectfully request oral argument in order to assist the Court with a presentation of the arguments set forth herein and in the Memorandum in Support.

## CONCLUSION

For the reasons set forth above and in the Memorandum in Support, this Court should set

aside the execution issued by the Court and amend it to clearly indicate that judgment has entered against Herman in her capacity as Trustee and not individually. Further, the Court should vacate the attachment on Herman's residence and enjoin Meiselman from proceeding against Herman's personal assets to collect the judgment against her as Trustee.

        Respectfully submitted,
        ROSALIND HERMAN, TRUSTEE,
        FINANCIAL RESOURCES NETWORK,
        INC., PROFIT SHARING PLAN AND
        TRUST and FINANCIAL RESOURCES
        NETWORK, INC., PROFIT SHARING
        PLAN AND TRUST
        Defendants and Cross-Claim Defendants
        By Their Attorneys
        COHAN RASNICK MYERSON LLP

        \s\ Robert D. Cohan
        Robert D. Cohan, Esquire (BBO #088300)
        One State Street, Suite 1200
        Boston, MA 02109
        (617) 742-1820
        rcohan@crmllp.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on March 26, 2007.

        \s\ Robert D. Cohan
        Robert D. Cohan, Esq.

C:\Myfiles\H\Herman, Rosalind\Reply Memorandum 3-19-07.doc